# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILTON LINHARES, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, AXEL P. LEHMANN, THOMAS GOTTSTEIN, ULRICH KORNER, DAVID R. MATHERS, and DIXIT JOSHI<br><br>          Defendants. | No. 1:23-CV-02246-KMW-SAK<br><br>Hon. Karen M. Williams, U.S.D.J.<br><br>Hon. Sharon A. King, Mag.<br><br>MOTION DATE: June 5, 2023 |
| BRADEN TURNER, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, AXEL P. LEHMANN, ULRICH KORNER, DIXIT JOSHI, THOMAS GOTTSTEIN, and DAVID R. MATHERS<br><br>          Defendants. | No. 1:23-cv-01476-KMW-SAK<br><br>Hon. Karen M. Williams, U.S.D.J.<br><br>Hon. Sharon A. King, Mag.<br><br>MOTION DATE: June 5, 2023 |

*(Additional Case Caption Continued on Following Page)*

| | |
|---|---|
| PATRICK CALHOUN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, AXEL P. LEHMANN, ULRICH KORNER, and DIXIT JOSHI<br><br>Defendants. | No. 1:23-cv-01297-KMW-SAK<br><br>Hon. Karen M. Williams, U.S.D.J.<br><br>Hon. Sharon A. King, Mag.<br><br>MOTION DATE: June 5, 2023 |

**RESPONSE OF ALI DIABAT TO UNAUTHORIZED SUR-REPLY IN FURTHER SUPPORT OF MEHMET RESIT AS' <u>LEAD PLAINTIFF MOTION</u>**

**KAHN SWICK & FOTI, LLC**

Kim E. Miller (*PHV* forthcoming)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Email: kim.miller@ksfcounsel.com

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Email: lewis.kahn@ksfcounsel.com

*Counsel for Lead Plaintiff Movant Ali Diabat and Proposed Lead Counsel for the Class*

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**

Vincent M. Giblin
Richard F.X. Regan
61 South Paramus Road, Suite 250
Paramus, NJ 07652
Telephone: (201) 347-2136
Telephone: (201) 907-5276
Email: vgiblin@decotiislaw.com
Email: rregan@decotiislaw.com

*Local Counsel for Lead Plaintiff Movant Ali Diabat and Proposed Liaison Counsel for the Class*

Professor Ali Diabat respectfully submits this response to the unauthorized sur-reply submitted by Mr. Resit As (ECF No. 32). While Mr. Resit As styles his submission a "Notice of Supplemental Authority," the Local Civil Rules do not permit such submissions without leave of Court – which Mr. Resit As has neither sought nor received. *See* Local Civil Rule 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned.").[1]

Nevertheless, even assuming Mr. Resit As had sought such leave, his submission is simply not a proper notice of supplemental authority. "Generally, if pertinent and significant authorities come to a party's attention after the party's brief has been filed, the party may advise the court of the relevant authority through a Notice of Supplemental Authority; however, a Notice of Supplemental Authority should not advance new arguments that were absent from the movant's complaint." *Atkins v. Capri Training Ctr., Inc.*, No. 13-cv-6820, 2014 U.S. Dist. LEXIS 139989, at *28 (D.N.J. Oct. 1, 2014). Here, Mr. Resit As's submission cites a case from outside this Circuit that is not significant and advances a new argument regarding

---

[1] *See Gonzalez v. Lyft, Inc.*, No. 19-cv-20569, 2020 U.S. Dist. LEXIS 231790, at *1 n.1 (D.N.J. Oct. 13, 2020) ("The upshot of Local Civil Rule 7.1(d)(6) is that there is no post-reply briefing absent leave of court."); *J.L. v. Harrison Twp. Bd. of Educ. & Clearview Bd. of Educ.*, No. 14-cv-2666, 2016 U.S. Dist. LEXIS 110478, at *49-50 (D.N.J. Aug. 19, 2016) (holding courts within the District of New Jersey only "permit the filing of a notice of supplemental authority…with leave of the court either via the filing of a formal motion or an informal request for leave to file such a notice").

the adequacy of his boilerplate PSLRA form.

First, *Arias v. Bird Glob., Inc.*, No. 22-cv-8406, 2023 U.S. Dist. LEXIS 97242 (C.D. Cal. June 2, 2023), is an unsurprising decision from a district court within the Ninth Circuit; it has no precedential value here and is not "significant" authority. Moreover, the holding in *Bird Global* is wholly inapposite here. In *Bird Global*, the competing movants submitted no evidence to rebut the presumptive lead plaintiff's adequacy or typicality. In sharp contrast, Professor Diabat *has* rebutted any presumption in favor of Mr. Resit As. *See* Diabat Opp. Br. (ECF No. 27) at 21-40 (rebutting any presumption in favor of Mr. Resit As by submitting evidence that, *inter alia*, Mr. Resit As is subject to a unique defense on reliance because he purchased all ADSs after the first (and largest) partial disclosure; his transactions in Credit Suisse ADSs were not clearly *bona fide*; and his close association with Mr. Halil As, who was recently suspended from trading on the Turkish stock exchange, impugned his adequacy).[2]

---

[2] In response to rebuttal evidence calling into question the *bona fides* of his trades, Mr. Resit As submitted putative trade confirmations *that did not bear any identifying information at all*, let alone his name. *See* ECF No. 29-4. In the face of evidence submitted by Professor Diabat that rebutted Mr. Resit As' adequacy and typicality (the result of Professor Diabat's investigation in Turkey necessitated by the dearth of information provided by Mr. Resit As in his lead plaintiff motion), Mr. Resit As also submitted a Declaration (ECF No. 29-2) with his Reply that only raises further questions of transparency wherein he failed to identify the name of his supposed current grain trading business, which Professor Diabat has been unable to locate ("I am currently a grain trader through a different venture [than Rus Agro Trade.]"); conceded his opening brief misleadingly represented himself as an "owner" of Rus

For the foregoing reasons, Professor Diabat respectfully requests that the Court disregard Mr. Resit As's unauthorized sur-reply.

DATED: June 9, 2023                    Respectfully submitted,

**DeCotiis, FitzPatrick, Cole & Giblin, LLP**

*/s/ Vincent M. Giblin*

Vincent M. Giblin
Richard F.X. Regan
61 South Paramus Road, Suite 250
Paramus, NJ 07652
Telephone: (201) 347-2136
Telephone: (201) 907-5276
Fax: (201) 928-0588
Email: vgiblin@decotiislaw.com
Email: rregan@decotiislaw.com

*Local Counsel for Lead Plaintiff Movant Ali Diabat and Proposed Liaison Counsel for the Class*

**Kahn Swick & Foti, LLC**

Kim E. Miller (*PHV* forthcoming)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Fax: (504) 455-1498
Email: kim.miller@ksfcounsel.com

---

Agro Trade ("I am not currently an owner of Rus Agro Trade"); and did not deny that Mr. Halil, owner of Rus Agro – the grain trading business Mr. Resit claimed ownership in – is subject to multiple securities sanctions and ("Mr. Halil As is my cousin.").

-and-

Lewis S. Kahn
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com

*Counsel for Lead Plaintiff Movant*
*Ali Diabat and Proposed Lead Counsel*
*for the Class*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 9, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to the e-mail addresses on the Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to non-CM/ECF participants.

*/s/ Vincent M. Giblin*
Vincent M. Giblin

4