UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRADEN TURNER, individually and on  :
behalf of all others similarly      :
situated,                           :
                         Plaintiff, :        23cv5874 (DLC)
            -v-                      :        23cv6023 (DLC)
                                    :        23cv6039 (DLC)
CREDIT SUISSE GROUP A.G., et al.,   :
                                    :            ORDER
                        Defendants. :
                                    :
------------------------------------X
------------------------------------X
PATRICK CALHOUN, individually and on :
behalf of all others similarly      :
situated,                           :
                         Plaintiff, :
            -v-                      :
                                    :
CREDIT SUISSE GROUP A.G., et al.,   :
                                    :
                        Defendants. :
                                    :
------------------------------------X
------------------------------------X
MILTON LINHARES, individually and on :
behalf of all others similarly      :
situated,                           :
                         Plaintiff, :
                                    :
            -v-                      :
                                    :
CREDIT SUISSE GROUP A.G., et al.,   :
                                    :
                        Defendants. :
                                    :
------------------------------------X

DENISE COTE, District Judge:

     Patrick Calhoun filed his action in this private securities

litigation in the District of New Jersey on March 8, 2023.

Braden Turner and Milton Linhares filed their actions in that

same District on March 16 and April 21, respectively.  Each of

the complaints asserts causes of action under §§ 10(b) and 20(a)

of the Securities Exchange Act of 1934 (the "Exchange Act").

Section 78u-4(a)(3)(A) of the Private Securities Litigation

Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that:

> Not later than 20 days after the date on which the
> complaint is filed, the plaintiff or plaintiffs shall
> cause to be published, in a widely circulated national
> business-oriented publication or wire service, a
> notice advising members of the purported plaintiff
> class--
>
>> (I) of the pendency of the action, the claims
>> asserted therein, and the purported class period;
>> and
>>
>> (II) that, not later than 60 days after the date
>> on which the notice is published, any member of
>> the purported class may move the court to serve
>> as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

The PSLRA also requires that not later than 90 days after

the date on which notice is published, the Court shall consider

any motion made by a purported class member in response to the

notice, and shall appoint as lead plaintiff the member or

members of the purported plaintiff class that the Court

determines to be most capable of adequately representing the

interests of class members.  See id. § 78u-4(a)(3)(B)(i).  In

the event that more than one action on behalf of a class

asserting substantially the same claim or claims has been filed,

and any party has sought to consolidate those actions for

pretrial purposes or for trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate is rendered.   See id. § 78u-4(a)(3)(B)(ii).

On May 8, several litigants -- Michael J. Ross and Cleveland Capital Company Ltd. ("Ross/Cleveland Capital"); Chung Lai Ken Ng; Paul Yang; Jun Wang; Ali Diabat; Xiyi Wang; Mehmet Resit As; and Core Capital Partners, Ltd. ("Core Capital") -- moved to consolidate at least some of the above-captioned cases,[1] to serve as lead plaintiff in the consolidated action, and to appoint lead counsel of their choosing.   On May 22, Ross/Cleveland Capital and Jun Wang withdrew their motions, and Ng, Yang, and Xiyi Wang filed notices of non-opposition to the other pending motions.   That same day, Diabat, As, and Core Capital submitted responsive briefs to the pending motions. Core Capital submitted a reply on May 26, and Diabat and As submitted replies on May 30.   On June 8, As submitted a notice of supplemental authority, and, on June 9, Diabat filed a response asking the Court to disregard this notice.

Also on June 9, the defendants moved to transfer these three cases to the Southern District of New York.   The motion was granted on July 6.   Turner's action was transferred and assigned to this Court on July 10.   Calhoun's and Linhares's

---

[1] Certain movants disagree over whether all three or only two of the actions should be consolidated.

actions were transferred on July 31 and reassigned to this Court on August 1.  As of now, there is no decision on the remaining motions for consolidation, appointment of lead plaintiff, and appointment of lead counsel by Diabat, As, and Core Capital. Accordingly, it is hereby

ORDERED that a conference shall be held at 2:30 p.m. on August 25, 2023 in Courtroom 18B, United States Courthouse, 500 Pearl Street, New York, New York to consider the outstanding motions for appointment of lead plaintiff and lead counsel and for consolidation.

IT IS FURTHER ORDERED that, for each outstanding motion, the movant shall provide the Court by August 9, 2023 with one (1) courtesy copy of all papers relevant to that motion by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York 10007.


Dated:     New York, New York
           August 2, 2023

                                    _____
                                    DENISE COTE
                                    United States District Judge