**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant Mehmet Resit As*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALI DIABAT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, et al.,<br><br>Defendants. | 23 Civ. 5874 (CM)<br>23 Civ. 6023 (CM)<br>23 Civ. 6039 (CM)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MEHMET RESIT AS' MOTION: (A) TO VACATE ORDER APPOINTING ALI DIABAT LEAD PLAINTIFF; AND (B) FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUSNEL** |

Mehmet Resit As ("Mr. As") respectfully submits this memorandum of law in support in support of his Motion: (A) to Vacate Order Appointing Ali Diabat ("Professor Diabat") as Lead Plaintiff; and (B) for Appointment as Lead Plaintiff and Approval of his Selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

**PRELIMINARY STATEMENT**

The Court denied Mr. As' bid for Lead Plaintiff because he purchased *all* of his shares after the then February 9, 2023 partial corrective disclosure.  As such, the Court believed that Mr. As may be subject to unique reliance defenses. Instead, the Court appointed Professor Diabat because

1

he purchased shares before and after the February 9, 2023 partial disclosure, and thus was not subject to potential unique reliance defenses.

On September 19, 2024, the Court issued its Decision and Order granting and denying in part Defendants' motions to dismiss. *Ali Diabat v. Credit Suisse Group AG*, 2024 WL 4252502, (S.D.N.Y. Sept. 19, 2024). The Court significantly narrowed this case. The Court shortened the class period from April 6, 2021 through March 20, 2023 to October 27, 2022 through March 14, 2023 (the "Operative Class Period"). The Court rejected all the partial corrective disclosures, including the February 9, 2023 one—finding only one corrective disclosure on March 14, 2023.

Consequently, Professor Diabat lacks standing to continue as Lead Plaintiff or named plaintiff. Professor Diabat has no purchases of Credit Suisse Group AG ("Credit Suisse") American Depository Shares ("ADSs") during the Operative Class Period. Likewise, Professor Diabat has no losses in the Operative Class Period.

Mr. As has over $5.5 million in losses during the Operative Class Period. *See Calhoun*, Dkt. No. 18-5 (Mr. As' PSLRA certification listing dates of his purchases of Credit Suisse ADSs). Since the Court rejected February 9, 2023 as a partial corrective disclosure---the lone reason the Court appointed Professor Diabat over Mr. As has been mooted.

As such, the Court should vacate the Order appointing Professor Diabat as Lead Plaintiff. Instead, the Court should appoint Mr. As Lead Plaintiff and approve his selection of Rosen Law as Lead Counsel.

### A. Relevant Background

On September 7, 2023, the Court issued a ruling on the bench appointing Professor Diabat Lead Plaintiff and his attorneys, Kahn Swick and Foti LLP ("Kahn Swick"), as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.

*See,* Lead Plaintiff Hearing Transcript, at 16:16-17:2, attached hereto as Ex. 1 ("LP Hearing Transcript").

The Court found that the lead plaintiff presumption in favor of Mr. As was rebutted because he did not start purchasing Credit Suisse ADSs until after the then February 9, 2023 partial corrective disclosure. LP Hearing Transcript at 14:23-15:16.[1] In the Court's view this created a potential unique reliance defense. *Id.* In contrast, the Court explained that Professor Diabat purchased before and after the February 9, 2023 partial corrective disclosure. LP Hearing Transcript at 16:16-17. As such, the Court appointed Mr. Diabat as Lead Plaintiff and approved his selection of Kahn Swick as Lead Counsel. *Id.*, at 16:25-17:2.[2]

On September 19, 2024, the Court issued the Decision and Order granting and denying in part Defendants' motions to dismiss. *Diabat*, 2024 WL 4252502. The Court painstakingly analyzed each and every alleged misstatement and omission. The Court trimmed the class period from April 6, 2021 through March 20, 2023 to October 27, 2022 through March 14, 2023 finding that Lead Plaintiff failed to allege any actionable misstatements or omissions prior to October 27, 2022. *Id.*, at * 93, 149-150, 153. The Court rejected Lead Plaintiff's numerous partial corrective disclosures, including the February 9, 2023 partial corrective disclosure. *Id.,* at 149-150, 153. The Court held that there was only one corrective disclosure issued on March 14, 2023. *Id.* This holding eliminated the sole reason that caused the Court to deny Mr. As' appointment as Lead Plaintiff.

### B. Professor Diabat Lacks Standing and Cannot Continue to Be Lead Plaintiff

---

[1] The Court found that Professor Diabat's other arguments against Mr. As "something of an aspersion" and lacked merit. *Id.*, at 16:15.

[2] AT1 bond purchaser Core Capital Partners Ltd. ("Core Capital") initially sought lead plaintiff status for both Credit Suisse Bonds and ADSs. During the Lead Plaintiff briefing, Core Capital conceded that it would only seek Lead Plaintiff status for Credit Suisse Bonds. *Calhoun* Dkt. Nos. 25 at 2; 26 at 4-6. Nonetheless, the Court found that AT1 bond purchasers like Core Capital were subject to unique defenses specific to the AT1 bonds that "makes Core Capital a singularly poor lead plaintiff for any U.S.—based securities class action." LP Hearing Transcript at 14:7-8.

The Court has a "continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 (S.D.N.Y. 2009) (quoting *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 136 (S.D.N.Y. 2007)). As such, Courts have the inherent authority and "ability to consider motions to disqualify, remove, withdraw, substitute, and add lead plaintiffs throughout the litigation of a securities class action." *SLM Corp.*, 258 F.R.D at 114.

The Operative Class Period in this case is October 27, 2022 through March 14, 2023. Professor Diabat has *no purchases* of Credit Suisse ADSs during the Operative Class Period. Therefore, Professor Diabat is not a class member and lacks standing to be a plaintiff—let alone the Lead Plaintiff. A listing of his trades is set forth below:

| Date | Transaction | Quantity | Price |
|---|---|---|---|
| 5/5/2021 | Purchase | 100,000 | $ 10.3689 |
| 5/26/2021 | Sale | 100,000 | $ 10.67 |
| 5/28/2021 | Purchase | 150,000 | $ 10.94 |
| 12/13/2021 | Purchase | 116,666 | $ 9.36 |
| 3/1/2022 | Purchase | 33,334 | $ 7.88 |
| 3/16/2023 | Purchase | 150,000 | $ 2.24 |
| 3/17/2023 | Purchase | 14,000 | $ 1.96 |

*Turner v. Credit Suisse Group AG, et al.,* 23-cv-5874, Dkt. No. 65-2 at 2.

Given that Professor Diabat no longer has standing, he can no longer be the Lead Plaintiff or a named plaintiff. *See In re Veon Ltd. Sec. Litig.*, 2021 WL 930478, at * 5- * 6 (S.D.N.Y. Mar. 11, 2021) (holding that a lead plaintiff no longer had standing to be lead plaintiff or a named plaintiff because the court dismissed misstatements/omissions when the lead plaintiff purchased shares); *McCall v. Chesapeake Energy Corp.*, 509 F. App'x 62, 64 (2d Cir. 2013) ("even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and

which they purport to represent.") (quotes and citation omitted); *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011) ("Of course, a class action cannot be sustained without a named plaintiff who has standing.")

In situations where an existing lead plaintiff loses standing or can no longer serve as lead plaintiff, courts do not require a reboot of the lead plaintiff process with another notice and 60-day period. Rather courts consider prior lead plaintiff movants and named plaintiffs.

Judge Carter's decision in *In re Veon Sec. Litig.*, 2021 WL 930478, at *6, is on point. On a motion to dismiss, Judge Carter held that certain omissions were not actionable. *Id.* As a result, the lead plaintiff no longer had standing. *Id.* Judge Carter then sought to replace the lead plaintiff as it could no longer be a party to the case from the pool of prior lead plaintiff movants and named plaintiffs. *Id.* Judge Carter explained that "'[i]n the absence of any guidance in the PSLRA, the Court shall deem any movant timely who either (a) filed a complaint in these consolidated actions, as explicitly contemplated by the PSLRA,15 U.S.C. §78-4(a)(3)(B)(iii)(I)(aa) or (b) moved to be appointed Lead Plaintiff in response to the initial notice of pendency.'" *Id.* (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002)).

Similarly, in *In re SLM Corp. Sec. Litig.*, 258 F.R.D. at 116, a subsequent Second Circuit ruling meant the lead plaintiff no longer had standing to pursue claims. Citing the same PSLRA requirements that a lead plaintiff candidate must have moved to be appointed within the 60-day notice period, Judge Pauley considered as substitute lead plaintiffs only the two class members that had previously moved for appointment as lead plaintiff within the required 60-day notice period. *Id.*

As such, the Court should vacate the Order appointing Professor Diabat Lead Plaintiff and appoint a new Lead Plaintiff from the existing pool of former Lead Plaintiff movants and named plaintiffs.

### C. The Court Should Appoint Mr. As Lead Plaintiff

Mr. As clearly has the largest financial interest. The table below sets forth the losses of the prior lead plaintiff movants[3] that claimed losses of $1 million or more.

| Movant | Old Class Period April 6, 2021 – March 20, 2023 | New Class Period October 27, 2022 – March 14, 2023 |
|---|---|---|
| Mehmet Resit As | $5,972,811 | $5,549,634 |
| Ali Diabat | $2,946,192 | $0 |
| Xiyi Wang | $1,592.682 | $1,166,457 |
| Paul Yang | $1,006,351 | $1,006,351 |

Mr. As has also made the preliminary showing of adequacy and typicality. As explained in the prior briefing, Mr. As is the owner of a grain trading business, holds a Masters degree, and has been investing for several years. *E.g., Calhoun* Dkt. No. 18-2 at 13. Mr. As is willing and committed to prosecute and oversee this action, including sitting for deposition and testifying at trial. *Id.* Because Mr. As has the largest financial interest and made a preliminary showing of adequacy and typicality he is the presumptive lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp.3d 523, 536 (S.D.N.Y. 2015).

The lead plaintiff presumption may be rebutted only upon "proof" by a class member that the presumptively most adequate plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Speculation and conclusory assertions

---

[3] Core Capital is excluded from this table since the Court's ruling that Core Capital is inadequate and atypical is not impacted by the change in class period. *See* LP Hearing Transcript at 14:1-13.

are insufficient to rebut the PSLRA lead plaintiff presumption. *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …"); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

The presumption in favor of Mr. As has not been rebutted. In the Court's prior ruling, the Court found that Mr. As' lead plaintiff presumption was rebutted because he purchased after the then February 9, 2023 partial corrective disclosure. LP Hearing Transcript at 14:23-15:16. This issue has been mooted by the Court's ruling on the motion to dismiss as the Court only found one corrective disclosure in this case on March 14, 2023. *Ali Diabat*, 2024 WL 4252502, at * 150-151. The Court rejected the speculative attacks Professor Diabat raised about Mr. As' cousin as "an aspersion" and lacked merit. LP Hearing Transcript at 15:17-16:15.

Because Mr. As has the largest financial interest and no movant has submitted any proof to rebut the presumption in his favor the Court should appoint Mr. As as Lead Plaintiff in place of Professor Diabat.

### D.      The Court Should Approve Mr. As' Selection of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.,* 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc*., 589 F.Supp.2d 388, 398 (S.D.N.Y.2008).

Here, Mr. As has selected Rosen Law as Lead Counsel for the class. As its resume reflects, and as courts in this District have previously concluded, Rosen Law is highly experienced in the area of securities litigation and class actions. Rosen Law has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See Calhoun* Dkt. No. 18-7 (firm resume).

Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country and has recovered hundreds of millions of dollars for investors. *Id*. In fact, this Court has acknowledged Rosen Law's expertise and efforts in similar litigations recognizing that "[t]he quality of representation by … Plaintiffs' … counsel was high in this case…" *Christine Asia Co. v. Yun Ma*, No. 2019 WL 5257534, at *19 (S.D.N.Y. Oct. 16, 2019). Thus, the Court may be assured that by approving Mr. As' selection of counsel, the members of the class will receive excellent legal representation.

## CONCLUSION

For the foregoing reasons, the Court should vacate the Order appointing Professor Diabat Lead Plaintiff and appoint Mr. As Lead Plaintiff and approve his selection of Rosen Law as Lead Counsel.

Dated: October 2, 2024                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060

8

Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant Mehmet Resit As*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim