**KAHN SWICK & FOTI, LLC**
Kim E. Miller (KM-6996)
J. Ryan Lopatka (admitted *pro hac vice*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Lewis S. Kahn
Craig J. Geraci, Jr. (admitted *pro hac vice*)
Matthew P. Woodard (admitted *pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
Email: craig.geraci@ksfcounsel.com
Email: matthew.woodard@ksfcounsel.com

*Counsel for Lead Plaintiff Ali Diabat
and Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALI DIABAT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CREDIT SUISSE GROUP AG, AXEL P. LEHMANN, ULRICH KÖRNER, DIXIT JOSHI, THOMAS GOTTSTEIN, DAVID R. MATHERS, ANTÓNIO HORTA-OSÓRIO, and PRICEWATERHOUSECOOPERS AG <br><br> Defendants. | No. 1:23-cv-5874-CM-SLC <br><br> **MEMORANDUM OF LAW IN OPPOSITION TO MEHMET RESIT AS' MOTION TO VACATE ORDER APPOINTING LEAD PLAINTIFF AND FOR APPOINTMENT OF MEHMET RESIT AS AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL** |

Lead Plaintiff Professor Ali Diabat respectfully submits this memorandum of law in opposition to the motion of Mehmet Resit As ("Mr. As") for an Order vacating Professor Diabat's appointment as Lead Plaintiff and appointing Mr. As Lead Plaintiff and his counsel, The Rosen Law Firm, P.A. as Lead Counsel.

## PRELIMINARY STATEMENT

Mr. As' attempt to supplant Professor Diabat as Lead Plaintiff is contrary to the best interests of the putative Class and relies on an overly restrictive view of this Court's September 19, 2024 Order ("Order") dismissing in part and sustaining in part Lead Plaintiff's Amended Consolidated Class Action Complaint (the "Order"). The thrust of Mr. As' motion is that the Order "trimmed the class period…to October 27, 2022 through March 14, 2023, finding that Lead Plaintiff failed to allege any actionable misstatements or omissions prior to October 27, 2022," and "held that there was only one corrective disclosure issued on March 14, 2023." As Br. (ECF No. 113) at 3. Because Professor Diabat did not purchase any Credit Suisse securities within this period, Mr. As reasons, the Court must vacate its order appointing him Lead Plaintiff.

But the Order does not support Mr. As' chief premise: that the Class Period ends on March 14, 2023, when Credit Suisse published its 2022 Annual Report admitting material weaknesses in its internal controls over financial reporting ("ICFRs"). Rather, as discussed in detail below, the Order embraces a Class Period that extends through March 20, 2023. To that end, the vast majority of damages for the ADSs stem from misrepresentations linked to the disclosure on March 19-20, 2023. Thus, in advancing a Class Period ended March 14, 2023, Mr. As' approach would dramatically reduce the size of any potential recovery the Class might ultimately achieve in this Action.

Nevertheless, even if the Order embraced a Class Period ending March 14, 2023, an additional Class representative who made purchases of ADS prior to March 14, 2023, has retained

1

Lead Counsel, with the support of Lead Plaintiff, to preempt any potential adequacy concerns stemming from the Order. Moreover, since the Court issued its Order two weeks ago, Lead Plaintiff and Lead Counsel have worked diligently with an eye towards the rapidly approaching deadline to file Lead Plaintiff's motion for class certification on December 13, 2024. Among other things, Lead Counsel has: worked with an economics consultant and has retained and commenced work with a testifying expert to address market efficiency; prepared a subpoena to FINRA for documents relating to CS bonds damaged during the Class Period and sent it out for service; begun to work with Lead Plaintiff regarding initial disclosures; begun drafting Lead Plaintiff's first request for production of documents for Defendants; and scheduled a Rule 26(f) conference with Defendants.

The Court should deny Mr. As' motion and the Parties should swiftly proceed to discovery and class certification, as the Court previously ordered.

## **ARGUMENT**

The basis of Mr. As' motion—that Professor Diabat has no standing because the Court trimmed the end of the Class Period to March 14, 2023—is wrong. The Court trimmed the *front* of the Class Period, holding that all alleged misrepresentations through August 22, 2022, were not actionable. Order at 162-63; 302. The Class Period closes on March 20, 2023, with the revelation that Credit Suisse had entered into a merger agreement with UBS at the behest of the Swiss government. *Id*. at 1, 10. Because Professor Diabat purchased CS stock on March 16-17, 2023, prior to the end of the Class Period, he has standing to pursue his claims.

Cutting against Mr. As' position is the fact that on March 14, 2023, the same day he argues the Class Period ends, the Court held that Plaintiff adequately alleged a lengthy misstatement from Credit Suisse's 2022 Annual Report, holding the "entire statement is actionable because it paints too rosy a picture of Credit Suisse's financial condition just days before it would enter into a

merger designed to stave off its collapse." Order at 226.[1] Contrary to Mr. As' argument that the Court held there was no causal link between any alleged misrepresentation and the merger announcement on March 19-20, the Court plainly found that "the disclosure of any merger discussions that were then underway was necessary to render statements that were made about the Company's financial posture not misleading." *Id*. at 227. In other words, the very thing that Credit Suisse concealed in their statements, which rendered them misleading, was not revealed to the market until March 20, 2023. Although the loss causation section of the Court's Opinion discussed how the March 19-20 merger announcement did not correct "that the Company's risk management and/or control governance policies and/or procedures were severely lacking and Defendants failed to implement meaning changes to them throughout the Class Period," it did not hold that the merger announcement could not correct the Company's then-recent misrepresentations regarding financial health. Order at 275-76. Nor did the Court hold that the March 19-20 merger announcement could not reveal the underlying truth under a materialization of the risk theory. *Id*. at 276-80.

Further supporting Professor Diabat's reading of the Order is that the Court held that amendment for the end of the Class Period was unnecessary. *See* Order at 302. If the causal link to the March 19-20 merger announcement, as described by the Court, was not adequately alleged in the Complaint, he could easily amend his Complaint to allege it (and he stands ready to quickly

---

[1] Indeed, the Court held other statements made on March 13-15, 2023, were actionable for similar reasons. *See, e.g.*, *id.* at 224 ("He characterized the Company's current and future business health in extremely positive terms at a time when he allegedly knew or should have known that the contrary was true. The Bank was literally about to fail."); 232 ("Considering the context – i.e., the preceding disclosures that addressed the Company's capital strength, funding, and liquidity – as well as the fact that the Bank would collapse in just a few more days, it was misleading for Körner to state that the Company did not have "material risk."); 233 (holding actionable "statements [that] 'were directed at [Credit Suisse's] then-existing financial condition and made at a time when defendants were aware or should have been aware of contrary information.'") (citation omitted).

3

do so if necessary). And yet, the Court specifically held that because "much (though not all) of the pleading for the last six months of the proposed Class Period has not been dismissed, there is no need to grant leave to amend." *Id*. While the Court will surely correct Plaintiff if he is wrong, there would seemingly be a glaring need to amend if the March 19-20 revelations, which dropped the price of Credit Suisse ADSs over 50% on unusually high volume, are not in this case due only to a failure to adequately allege as such. That Mr. As is so quick to interpret the Court's Order in a way that guts the recoverable damages for the Class is surprising, and only serves to undermine his motion by raising serious questions about whose interests he is really seeking to protect.

Finally, in consideration of the facts that Professor Diabat maintains standing and has already secured at least one additional representative to further protect the interests of the putative Class, the cases cited by Mr. As suggesting he must be replaced as Lead Plaintiff are all inapposite. *See, e.g.*, *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) ("[T]he PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class."); *Manual for Complex Litigation*, Second, § 21.26, at 277 ("Later replacement of a class representative may become necessary if, for example, the representative's individual claim has been mooted or otherwise significantly altered….In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements. The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification.").

## CONCLUSION

For the foregoing reasons, Mr. As' motion should be denied, allowing Lead Plaintiff and Defendants to move forward expeditiously with discovery, including class discovery in anticipation of Lead Plaintiff's rapidly approaching deadline for filing his motion for class certification in less than five weeks.

DATED: October 3, 2024                     Respectfully Submitted,

                                           **KAHN SWICK & FOTI, LLC**

                                           */s/ Kim E. Miller*
                                           Kim E. Miller (KM-6996)
                                           J. Ryan Lopatka (admitted *pro hac vice*)
                                           250 Park Avenue, 7th Floor
                                           New York, NY 10177
                                           Telephone: (212) 696-3730
                                           Facsimile: (504) 455-1498
                                           E-Mail: kim.miller@ksfcounsel.com
                                           E-Mail: j.lopatka@ksfcounsel.com

                                           -and-

                                           Lewis S. Kahn
                                           Craig Geraci (admitted *pro hac vice*)
                                           Matthew P. Woodard (admitted *pro hac vice*)
                                           1100 Poydras Street, Suite 960
                                           New Orleans, LA 70163
                                           Telephone: (504) 455-1400
                                           Facsimile: (504) 455-1498
                                           E-Mail: lewis.kahn@ksfcounsel.com
                                           Email: craig.geraci@ksfcounsel.com
                                           Email: matthew.woodard@ksfcounsel.com

                                           *Counsel for Lead Plaintiff Ali Diabat and*
                                           *Lead Counsel for the Class*

5