**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALI DIABAT, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

- against -

CREDIT SUISSE GROUP AG, *et al.*,

Defendants.

Case No. 1:23-cv-5874-CM

[rel. 1:23-cv-04458-CM]

---

### ANSWER OF DEFENDANTS CREDIT SUISSE GROUP AG, AXEL P. LEHMANN, ULRICH KÖRNER, AND DIXIT JOSHI TO PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants Credit Suisse Group AG ("CS"), Axel P. Lehmann, Ulrich Körner, and Dixit Joshi (collectively, "Answering Defendants"), by their respective attorneys, hereby answer the Consolidated Amended Class Action Complaint dated October 5, 2023 (the "Complaint") filed by Ali Diabat ("Plaintiff") in the above-captioned action (the "Action").  Any and all allegations not specifically admitted herein are denied.  No statement herein constitutes a comment on the legal theories upon which Plaintiff purports to proceed; to the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer.  Answering Defendants respectfully submit that the headings, sub-headings, and unnumbered paragraphs used in the Complaint do not require a response but, for the avoidance of doubt, to the extent they contain allegations against Answering Defendants, such allegations are denied.

By answering the Complaint's allegations collectively, Answering Defendants do not admit that each Answering Defendant individually possesses knowledge or information sufficient to form a belief as to the truth or falsity of each of the allegations to which Answering Defendants herein provide responses.  In particular, Answering Defendants expressly deny that Mr. Lehmann,

1

Mr. Körner, or Mr. Joshi (collectively, the "Answering Individual Defendants") possesses knowledge or information sufficient to form a belief as to the truth or falsity of any allegations concerning alleged events occurring during time periods when they were not employed by CS.

On September 19, 2024, the Honorable Colleen McMahon issued a Decision and Order granting in part and denying in part Defendants' motion to dismiss (Docket No. 109; the "Order"). Following a "painstaking analysis," the Court dismissed the vast majority of Plaintiff's claims, ruling that Plaintiff had failed to state a claim for relief as to its claims predicated on 63 of the 81 alleged misstatements asserted in the Complaint. Order at 243-44. First, the Court "fully and finally" disposed of claims predicated on each of the 53 alleged misstatements asserted in the Complaint from the period of April 6, 2021 through August 22, 2022, on the basis that such statements were either "demonstrably true and/or not alleged to be false and/or misleading," or otherwise not actionable under the federal securities laws. Order at 162-63. As a result, the Court also dismissed Mr. Horta-Osório, Mr. Gottstein and Mr. Mathers (together, the "Dismissed Individuals") from the Action, as each of these three individuals had ceased to be affiliated with CS by October 2022, and none were alleged to have made or participated in making any false or misleading statements after their respective departures from CS. Order at 163. The Court then fully dismissed all claims based on 10 additional alleged misstatements made during the period between October 14, 2022 and March 14, 2023 for similar reasons, and found certain portions of the remaining 18 alleged misstatements to be non-actionable. Order at 170, 172-74, 178-79, 181-82, 184-85, 186-87, 188-89, 190-91, 195-96, 198-99, 201-02, 203-04, 204-05, 209-10, 210-11, 212-14, 216-17, 221-22, 222-23, 243.

This Answer responds only to the allegations in the Complaint against Answering Defendants. No statement herein constitutes a comment as to the truth of allegations in the

2

Complaint against any Defendant not joining this Answer, any dismissed Defendant, or any non-party, including Credit Suisse Group AG's subsidiaries or affiliates. Answering Defendants respond to each paragraph of the Complaint below without prejudice to their position that the allegations and claims described above are no longer properly included in the Complaint and that Plaintiff is not entitled to proceed as to claims that have been dismissed by the Court. Answering Defendants are under no obligation to respond to these allegations and claims for relief, which were properly dismissed by the Court.

For its specific responses to the Complaint, Answering Defendants respond or state as follows:

1. To the extent Paragraph 1 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 1 purports to describe the content of an article published by the New York Times, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants admit that CS entered into a merger agreement with UBS, and Answering Defendants otherwise deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 contains Plaintiff's characterization of this Action as to which no response is required. To the extent a response is otherwise required, Answering Defendants admit that Plaintiff purports to represent a putative class, but deny that such Plaintiff's claims have any merit whatsoever, and aver that in accordance with the Court's Order, any purported Class Period cannot extend from April 6, 2021 through and including March 20, 2023, and that Mr. Horta-

Osório, Mr. Gottstein, Mr. Mathers, and PricewaterhouseCoopers AG ("PwC") are no longer Answering Defendants to this Action. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Answering Defendants admit that prior to CS's merger with UBS, it was a global financial services company based in Zurich, Switzerland. Answering Defendants further admit that CS's American Depository Shares ("ADSs") were listed and traded on the New York Stock Exchange ("NYSE") under the ticker symbol "CS," but pursuant to the Court's Order, Answering Defendants aver that the purported Class Period no longer runs from April 6, 2021 through and including March 20, 2023. Answering Defendants otherwise deny the allegations in Paragraph 3 of the Complaint.

4. Pursuant to the Court's Order, Answering Defendants aver that the purported Class Period no longer runs from April 6, 2021 through and including March 20, 2023. Answering Defendants further state that to the extent Paragraph 4 of the Complaint purports to describe the contents of a settlement agreement between a CS subsidiary and the U.S. Department of Justice, the settlement agreement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said settlement agreement for its full content and context. Answering Defendants otherwise deny the allegations in Paragraph 4 of the Complaint.

5. To the extent Paragraph 5 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the allegations in Paragraph 5 of the Complaint.

6. To the extent Paragraph 6 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the allegations in Paragraph 6 of the Complaint, expect that Answering Defendants admit that a Special Committee of the Credit Suisse Board of Directors appointed the law firm Paul, Weiss Rifkind, Wharton & Garrison LLP ("Paul, Weiss") to review the bank's relationship with Archegos, and that Paul, Weiss prepared a report in connection with their appointment. To the extent Paragraph 6 of the Complaint purports to describe the contents of that report, the report speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said report for its full content and context.

7. To the extent Paragraph 7 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent Paragraph 8 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 8 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of PwC.

9.      Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 9 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 9 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 9 of the Complaint.

10.      Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 10 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 10 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 10 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants further state that, to the extent Paragraph 10 purports to describe the content of a letter sent by the U.S. House Oversight Committee, the letter speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letter for its full content and context. Answering Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint, except admit that the US, EU, UK, Switzerland and other countries imposed sanctions against Russia's financial system and on Russian government officials and Russian business leaders after Russia launched a military attack on Ukraine.

11.     To the extent Paragraph 11 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     To the extent Paragraph 12 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 12 purports to describe the content of a research note published by analysts at RBC Capital Markets, the research note speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said research note for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 12 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of market participants.

13.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 13 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that, to the extent Paragraph 13 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.

14.     To the extent Paragraph 14 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants

deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.    To the extent Paragraph 15 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.    To the extent Paragraph 16 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 16 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of analysts.

17.    To the extent Paragraph 17 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 17 purports to describe the content of an article by Reuters, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent Paragraph 18 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 18 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of the "officials" referenced in Paragraph 18 of the Complaint.

19. Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 19 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants otherwise deny the remaining allegations contained in Paragraph 19 of the Complaint, except admit that at the Annual General Meeting of Shareholders on April 30, 2020, CS shareholders voted to approve the Board of Directors' proposal that PwC should succeed the Company's prior auditor KPMG AG, and that PwC's appointment became effective for the fiscal year ended December 31, 2020.

20. Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 20 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants further state that Paragraph 20 purports to assert conclusions of law as to which no responsive pleading is required. Answering Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20 of the Complaint.

21. Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 21 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants further state that

Paragraph 21 of the Complaint purports to assert conclusions of law as to which no responsive pleading is required. Answering Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 of the Complaint.

22. Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 22 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

23. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations against PwC in Paragraph 23 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants state that to the extent Paragraph 23 purports to describe statements or filings of the Co-Director of the SEC's Enforcement Decision Division or the U.S. Attorney's Office for the Southern District of New York, such statements or filings speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statements and filings for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 23 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of KPMG or PwC.

24. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 24 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants state that to the extent Paragraph 24 of the Complaint purports to describe the contents of any PwC letter attached to one

of CS's public filings, the letter speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letter for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 24 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations to the extent they concern the state of mind of PwC.

25.    To the extent Paragraph 25 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.    Paragraph 26 contains Plaintiff's characterization of this Action as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    Paragraph 27 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants admit that Plaintiff purports to bring this action pursuant to the Exchange Act and to assert jurisdiction under 28 U.S.C. §§ 1331 and 15 U.S.C. § 78aa.

28.    Paragraph 28 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 28, except Answering Defendants admit that Plaintiff purports to assert venue under 28 U.S.C. § 1391(b) and 15 U.S.C. § 78aa and that CS ADRs were traded on the New York Stock Exchange.

29.     Paragraph 29 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 29.

30.     Answering Defendants deny that Plaintiff "was damaged when the truth was revealed and the artificial inflation was removed from the price of the securities," and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 of the Complaint.

31.     Answering Defendants admit that CS merged with UBS on or about June 12, 2023, and otherwise deny the allegations in Paragraph 31 of the Complaint.

32.     Answering Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.     Answering Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34.     Answering Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.     Answering Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.     Pursuant to the Court's Order, Mr. Horta-Osório is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants admit the allegations contained in Paragraph 36.

37.     Pursuant to the Court's Order, Mr. Gottstein is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants admit the allegations contained in Paragraph 37.

38.     Pursuant to the Court's Order, Mr. Mathers is dismissed from this Action, and no responsive pleading to this allegation is required.  Without prejudice to this position, Answering Defendants admit that Mr. Mathers served as the Company's CFO beginning in October 2010, and that his resignation was announced in August 2022, and otherwise deny any remaining allegations contained in Paragraph 38.

39.     As the Court's Order dismissed each of the Dismissed Individuals from this Action, Answering Defendants aver that the Dismissed Individuals are no longer Defendants in this Action, and therefore no responsive pleading is required from them with respect to any allegation in the Complaint, including those that refer to the "Individual Defendants" or the "Credit Suisse Defendants."  Without prejudice to this position, Answering Defendants admit that Plaintiff purports to define the "Individual Defendants" in the first sentence of Paragraph 39 and to define the "Credit Suisse Defendants" in the second sentence of Paragraph 39, but deny any implication that CS or any of the Answering Individual Defendants or the Dismissed Individuals engaged in any wrongdoing whatsoever.

40.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 40, and admit to the allegations in the second sentence of Paragraph 40.

41.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 41 have been dismissed as none of the allegations related to CW1 "connect[] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential

witnesses, and otherwise deny any remaining allegations contained in Paragraph 41 of the Complaint.

42. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 42 have been dismissed as none of the allegations related to CW1 "connect[] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants admit that CS's headquarters was in Zurich, Switzerland, deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 42 of the Complaint.

43. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 43 have been dismissed as none of the allegations related to CW1 "connect[] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 43 of the Complaint.

44. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 44 have been dismissed as none of the allegations related to CW1 "connect[] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 45 have been dismissed as none of the allegations related to CW2 "connect[] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 45 of the Complaint.

46. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 46 have been dismissed as none of the allegations related to CW2 "connect[] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 46 of the Complaint.

47. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 47 have been dismissed as none of the allegations related to CW2 "connect[] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential

witnesses, and otherwise deny any remaining allegations contained in Paragraph 47 of the Complaint.

48.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 48 have been dismissed as the allegations related to CW3 "add nothing" other than "[f]ully disclosed information" which ""is not evidence of intent to defraud," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 48 of the Complaint.

49.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 49 have been dismissed as the allegations related to CW3 "add nothing" other than "[f]ully disclosed information" which ""is not evidence of intent to defraud," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 49 of the Complaint.

50.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 50 have been dismissed as the allegations related to CW3 "add nothing" other than "[f]ully disclosed information" which ""is not evidence of intent to defraud," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants refer to CS's public disclosures for their full content and context with respect to CS's

16

disclosures concerning customer and asset outflows, and otherwise deny the allegations in Paragraph 50.

51.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 51 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 51 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny any remaining allegations contained in Paragraph 51 of the Complaint.

52.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 52 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 52 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 53 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 53 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 53 of the Complaint.

54. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 54 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 54 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 54 of the Complaint.

55. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 55 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 55 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 55 of the Complaint.

56. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 56 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny any remaining allegations contained in Paragraph 56 of the Complaint.

57. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 57 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 57 purports to describe the content of analyst reports, the reports speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said

reports for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 57 of the Complaint.

58. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 58 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 58 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 58 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 58 of the Complaint.

59. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 59 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 59 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 59 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Defendants otherwise deny the remaining allegations contained in Paragraph 59 of the Complaint.

60.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 60 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 60 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Defendants otherwise deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 61 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 61 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 62 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 62 of the Complaint.

63.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 63 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 63 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and

20

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 63 of the Complaint.

64.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 64 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 64 of the Complaint.

65.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 65 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 65 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Defendants further state that, to the extent Paragraph 65 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 65 of the Complaint.

66.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 66 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 66 of the Complaint.

67.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 67 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 67 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 67 of the Complaint.

68. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 68 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 68 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 68 of the Complaint.

69. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 69 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 69 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 69 of the Complaint.

70. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 70 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 70 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 70 of the Complaint.

71.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 71 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 71 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 71 of the Complaint.

72.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 72 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 72 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 72 of the Complaint.

73.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 73 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 73 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 74 have been dismissed, and Answering Defendants need not respond to such allegations.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 74 of the Complaint.

75.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 75 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 75 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 75 of the Complaint.

76.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 76 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 76 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 76 of the Complaint.

77.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 77 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 77 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and

24

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 77 of the Complaint.

78. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 78 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 78 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 78 of the Complaint.

79. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 79 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 79 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 79 of the Complaint.

80. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 80 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 80 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 80 of the Complaint.

81.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 81 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 81 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 82 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 83 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 83 purports to describe the contents of analyst reports, the reports speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said reports for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 84 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 84 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and

26

respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 84 of the Complaint.

85.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 85 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 85 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 85 of the Complaint.

86.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 86 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 86 of the Complaint.

87.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 87 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 87 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 87 of the Complaint.

88.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 88 have been dismissed, and Answering Defendants need not respond to such

27

allegations.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 88 of the Complaint.

89.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 89 have been dismissed, and Answering Defendants need not respond to such allegations.   Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 89 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.   Answering Defendants further state that, to the extent Paragraph 89 purports to describe the content of press articles, the articles speaks for themselves.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 89 of the Complaint.

90.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 90 have been dismissed, and Answering Defendants need not respond to such allegations.   Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 90 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.   Answering Defendants further state that, to the extent Paragraph 90 purports to describe the content of press articles, the articles speaks for themselves.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.

Answering Defendants otherwise deny the remaining allegations contained in Paragraph 90 of the Complaint.

91. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 91 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 91 of the Complaint.

92. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 92 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 92 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 92 of the Complaint.

93. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 93 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 93 of the Complaint.

94. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 94 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 94 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

29

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 94 of the Complaint.

95.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 95 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 95 of the Complaint.

96.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 96 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 96 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 96 of the Complaint.

97.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 97 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 97 of the Complaint.

98.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 98 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 98 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 98 of the Complaint.

99. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 99 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 99 of the Complaint.

100. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 100 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 100 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 100 of the Complaint.

101. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 101 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 101 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 101 of the Complaint.

102. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 102 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 102 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 102 of the Complaint.

103. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 103 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 103 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 103 of the Complaint.

104. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 104 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 104 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 104 of the Complaint.

105. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 105 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 105 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 105 of the Complaint.

106. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 106 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 106 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 106 of the Complaint.

107. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 107 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 107 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 107 of the Complaint.

108. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 108 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 108 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 108 of the Complaint.

109.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 109 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 109 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 109 of the Complaint.

110.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 110 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 110 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 110 of the Complaint.

111.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 111 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 111 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 111 of the Complaint.

112.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 112 have been dismissed, and Answering Defendants need not respond to such

allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 112 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 112 of the Complaint.

113. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 113 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 113 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 113 of the Complaint.

114. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 114 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 114 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 114 of the Complaint.

115. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 115 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 115 of the Complaint.

116.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 116 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 116 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 116 of the Complaint.

117.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 117 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 117 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 117 of the Complaint.

118.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 118 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 118 of the Complaint.

119.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 119 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 119 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context.  Answering

Defendants otherwise deny the remaining allegations contained in Paragraph 119 of the Complaint.

120.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 120 have been dismissed, and Answering Defendants need not respond to such allegations.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 120 of the Complaint.

121.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 121 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 121 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 121 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 121 of the Complaint.

122.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 122 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 122 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering

Defendants further state that, to the extent Paragraph 122 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 122 of the Complaint.

123. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 123 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 123 of the Complaint.

124. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 124 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 124 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 124 of the Complaint.

125. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 125 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 125 of the Complaint.

126. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 126 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 126 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 126 of the Complaint.

127. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 127 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 127 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 127 of the Complaint.

128. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 128 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 128 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 128 of the Complaint.

129. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 129 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 129 of the Complaint.

130.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 130 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 130 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 130 of the Complaint.

131.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 131 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 131 of the Complaint.

132.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 132 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 132 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 132 of the Complaint.

133.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 133 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 133 of the Complaint.

134. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 134 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 134 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 134 of the Complaint.

135. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 135 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 135 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 135 of the Complaint.

136. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 136 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 136 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 136 of the Complaint.

137. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 137 have been dismissed, and Answering Defendants need not respond to such

allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 137 of the Complaint.

138. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 138 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 138 purports to describe the contents of any purports to describe the contents of analyst reports, the reports speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said reports for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 138 of the Complaint.

139. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 139 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 139 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 139 of the Complaint.

140. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 140 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 140 of the Complaint.

141. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 141 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 141 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 141 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 141 of the Complaint.

142. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 142 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 142 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 142 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 142 of the Complaint.

143. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 143 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 143 of the Complaint.

144.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 144 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 144 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 144 of the Complaint.

145.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 145 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 145 of the Complaint.

146.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 146 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 146 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 146 of the Complaint.

147.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 147 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 147 of the Complaint.

148.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 148 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 148 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 148 of the Complaint.

149.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 149 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 149 of the Complaint.

150.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 150 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 150 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 150 of the Complaint.

151.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 151 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 151 of the Complaint.

152.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 152 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 152 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 152 of the Complaint.

153.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 153 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 153 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 153 of the Complaint.

154.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 154 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 154 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 154 of the Complaint.

155.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 155 have been dismissed, and Answering Defendants need not respond to such

allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 155 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 155 of the Complaint.

156.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 156 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 156 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 156 of the Complaint.

157.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 157 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 157 of the Complaint.

158.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 158 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 158 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 158 purports to describe the content of press

47

articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 158 of the Complaint.

159. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 159 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 159 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 159 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 159 of the Complaint.

160. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 160 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 160 of the Complaint.

161. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 161 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 161 purports to describe the contents of any CS public filing or statement, the filing or

48

statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 161 of the Complaint.

162. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 162 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 162 of the Complaint.

163. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 163 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 163 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 163 of the Complaint.

164. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 164 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 164 of the Complaint.

165. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 165 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 165 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

49

respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 165 of the Complaint.

166.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 166 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 166 of the Complaint.

167.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 167 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 167 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 167 of the Complaint.

168.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 168 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 168 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 168 of the Complaint.

169.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 169 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 169 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 169 of the Complaint.

170. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 170 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 170 of the Complaint.

171. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 171 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 171 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 171 of the Complaint.

172. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 172 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 172 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 172 of the Complaint.

173.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 173 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 173 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 173 of the Complaint.

174.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 174 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 174 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 174 of the Complaint.

175.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 175 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 175 of the Complaint.

176.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 176 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 176 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 176 of the Complaint.

177. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 177 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 177 of the Complaint.

178. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 178 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 178 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 178 of the Complaint.

179. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 179 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 179 of the Complaint.

180. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 180 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 180 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering

Defendants otherwise deny the remaining allegations contained in Paragraph 180 of the Complaint.

181. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 181 have been dismissed, and Answering Defendants need not respond to such

allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 181 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering

Defendants otherwise deny the remaining allegations contained in Paragraph 181 of the Complaint.

182. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 182 have been dismissed, and Answering Defendants need not respond to such

allegations. Answering Defendants otherwise deny the remaining allegations contained in

Paragraph 182 of the Complaint.

183. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 183 have been dismissed, and Answering Defendants need not respond to such

allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 183 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering

Defendants otherwise deny the remaining allegations contained in Paragraph 183 of the Complaint.

184. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 184 have been dismissed, and Answering Defendants need not respond to such

allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 184 of the Complaint.

185.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 185 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 185 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 185 of the Complaint.

186.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 186 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 186 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 186 of the Complaint.

187.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 187 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 187 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 187 of the Complaint.

188.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 188 have been dismissed, and Answering Defendants need not respond to such allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 188 of the Complaint.

189.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 189 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 189 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 189 of the Complaint.

190.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 190 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 190 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 190 of the Complaint.

191.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 191 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 191 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and

56

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 191 of the Complaint.

192.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 192 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 192 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 192 of the Complaint.

193.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 193 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 193 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 193 of the Complaint.

194.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 194 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 194 of the Complaint.

195.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 195 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 195 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 195 of the Complaint.

196. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 196 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 196 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 196 of the Complaint.

197. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 197 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 197 of the Complaint.

198. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 198 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 198 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 198 of the Complaint.

199.  Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 199 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 199 of the Complaint.

200.  Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 200 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 200 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 200 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 200 of the Complaint.

201.  Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 201 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 201 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 201 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations

59

thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 201 of the Complaint.

202. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 202 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 202 of the Complaint.

203. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 203 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 203 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 203 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 203 of the Complaint.

204. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 204 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 204 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 204 of the Complaint.

205.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 205 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 205 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 205 of the Complaint.

206.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 206 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 206 of the Complaint.

207.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 207 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 207 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 207 of the Complaint.

208.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 208 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 208 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 208 of the Complaint.

209.  Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 209 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 209 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 209 of the Complaint.

210.  Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 210 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 210 of the Complaint.

211.  Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 211 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 211 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 211 of the Complaint.

212.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 212 have been dismissed, and Answering Defendants need not respond to such allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 212 of the Complaint.

213.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 213 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 213 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 213 of the Complaint.

214.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 214 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 214 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 214 of the Complaint.

215.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 215 have been dismissed, and Answering Defendants need not respond to such allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 215 of the Complaint.

216.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 216 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 216 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 216 of the Complaint.

217.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 217 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 217 of the Complaint.

218.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 218 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 218 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 218 of the Complaint.

219.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 219 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 219 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering

Defendants otherwise deny the remaining allegations contained in Paragraph 219 of the Complaint.

220.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 220 have been dismissed, and Answering Defendants need not respond to such

allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 220 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering

Defendants otherwise deny the remaining allegations contained in Paragraph 220 of the Complaint.

221.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 221 have been dismissed, and Answering Defendants need not respond to such

allegations. Answering Defendants otherwise deny the remaining allegations contained in

Paragraph 221 of the Complaint.

222.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 222 have been dismissed, and Answering Defendants need not respond to such

allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 222 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering

Defendants otherwise deny the remaining allegations contained in Paragraph 222 of the Complaint.

223.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in

Paragraph 223 have been dismissed, and Answering Defendants need not respond to such

allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 223 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 223 of the Complaint.

224. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 224 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 224 of the Complaint.

225. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 225 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 225 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 225 of the Complaint.

226. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 226 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 226 of the Complaint.

227. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 227 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 227 purports to describe the contents of any CS public filing or statement, the filing or

statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 227 of the Complaint.

228.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 228 have been dismissed, and Answering Defendants need not respond to such allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 228 of the Complaint.

229.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 229 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 229 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 229 of the Complaint.

230.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 230 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 230 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 230 of the Complaint.

231.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 231 have been dismissed, and Answering Defendants need not respond to such

allegations.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 231 of the Complaint.

232.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 232 have been dismissed, and Answering Defendants need not respond to such allegations.   Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 232 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.   Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 232 of the Complaint.

233.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 233 have been dismissed, and Answering Defendants need not respond to such allegations.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 233 of the Complaint.

234.   Answering Defendants aver that to the extent Paragraph 234 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 234 of the Complaint.

235.   Answering Defendants aver that to the extent Paragraph 235 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.   Answering Defendants otherwise deny the remaining allegations contained in Paragraph 235 of the Complaint.

236. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i), (ii), and (iii) in Paragraph 236 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 236 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 236 of the Complaint.

237. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 237 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 237 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 237 of the Complaint.

238. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 238 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 238 of the Complaint.

239. Answering Defendants aver that to the extent Paragraph 239 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said

filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 239 of the Complaint.

240.    Answering Defendants aver that to the extent Paragraph 240 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 240 of the Complaint.

241.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i)-(iv) in Paragraph 241 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 241 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 241 of the Complaint.

242.    Answering Defendants aver that to the extent Paragraph 242 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 242 of the Complaint.

243.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i)-(iii) in Paragraph 243 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants admit that the SEC sent CS

a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 243 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 243 of the Complaint.

244.    Answering Defendants aver that to the extent Paragraph 244 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 244 of the Complaint.

245.    Answering Defendants aver that to the extent Paragraph 245 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 245 of the Complaint.

246.    Answering Defendants aver that to the extent Paragraph 246 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 246 of the Complaint.

247.    Answering Defendants aver that to the extent Paragraph 247 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said

filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 247 of the Complaint.

248. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i) and (ii) in Paragraph 248 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 248 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 248 of the Complaint.

249. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 249 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 249 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 249 of the Complaint.

250. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 250 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 250 of the Complaint.

251. Answering Defendants aver that to the extent Paragraph 251 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.

Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 251 of the Complaint.

252. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i) and (ii) in Paragraph 252 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to these positions, Answering Defendants deny the allegations contained in Paragraph 252 of the Complaint.

253. Answering Defendants aver that to the extent Paragraph 253 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 253 of the Complaint.

254. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i)-(v) in Paragraph 254 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 254 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 254 of the Complaint.

255. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 255 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent

Paragraph 255 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 255 of the Complaint.

256.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 256 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 256 of the Complaint.

257.    Answering Defendants aver that to the extent Paragraph 257 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 257 of the Complaint.

258.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i)-(iv) in Paragraph 258 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 258 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 258 of the Complaint.

259.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 259 have been dismissed, and Answering Defendants need not respond to such

allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 259 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 259 of the Complaint.

260. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 260 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 260 of the Complaint.

261. Answering Defendants aver that to the extent Paragraph 261 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 261 of the Complaint.

262. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i) and (ii) in Paragraph 262 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 262 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 262 of the Complaint.

263.    Answering Defendants aver that to the extent Paragraph 263 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 263 of the Complaint.

264.    Answering Defendants aver that to the extent Paragraph 264 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 264 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 264 of the Complaint.

265.    Paragraph 265 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 265, except Answering Defendants admit that CS ADRs traded on the New York Stock Exchange and that the closing price of CS ADS traded on the New York Stock Exchange was $3.38 on December 2, 2022.

266.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (ii) in Paragraph 266 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 266 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for

themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 266 of the Complaint.

267.    Answering Defendants aver that to the extent Paragraph 267 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 267 of the Complaint.

268.    Answering Defendants aver that to the extent Paragraph 268 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 268 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 268 of the Complaint.

269.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i) and (ii) in Paragraph 269 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 269 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the

Court to said letters for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 269 of the Complaint.

270. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 270 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 270 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 270 of the Complaint.

271. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 271 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 271 of the Complaint.

272. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 272 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 272 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 272 of the Complaint.

273. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 273 have been dismissed, and Answering Defendants need not respond to such

allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 273 of the Complaint.

274. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 274 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 274 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 274 of the Complaint.

275. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 275 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 275 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 275 of the Complaint.

276. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 276 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 276 of the Complaint.

277. Answering Defendants aver that to the extent Paragraph 277 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said

filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 277 of the Complaint.

278. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (i)-(iii) in Paragraph 278 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 278 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 278 of the Complaint.

279. Answering Defendants aver that to the extent Paragraph 279 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 279 of the Complaint.

280. Answering Defendants aver that to the extent Paragraph 280 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 280 of the Complaint.

281. Answering Defendants aver that to the extent Paragraph 281 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said

filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 281 of the Complaint.

282. Answering Defendants aver that to the extent Paragraph 282 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 282 of the Complaint.

283. Answering Defendants aver that to the extent Paragraph 283 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 283 of the Complaint.

284. Answering Defendants aver that to the extent Paragraph 284 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 284 of the Complaint.

285. Answering Defendants admit that the SEC sent CS a Comment Letter dated July 15, 2022, and state that to the extent Paragraph 285 purports to describe the contents of Comment Letters from the SEC dated July 15, 2022, the letters speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letters for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 285 of the Complaint.

286. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 286 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 286 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 286 of the Complaint.

287. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 287 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 287 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 287 of the Complaint.

288. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 288 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 288 of the Complaint.

289. Answering Defendants aver that to the extent Paragraph 289 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 289 of the Complaint.

290.    Answering Defendants aver that to the extent Paragraph 290 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 290 of the Complaint.

291.    Answering Defendants aver that to the extent Paragraph 291 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 291 of the Complaint.

292.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in (ii) in Paragraph 292 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to these positions, Answering Defendants deny the allegations contained in Paragraph 292 of the Complaint.

293.    Answering Defendants aver that to the extent Paragraph 293 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 293 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 293 of the Complaint.

294.    Answering Defendants aver that to the extent Paragraph 294 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 294 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 294 of the Complaint.

295.    Answering Defendants deny the allegations contained in Paragraph 295 of the Complaint.

296.    Answering Defendants aver that to the extent Paragraph 296 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 296 of the Complaint.

297.    Answering Defendants aver that to the extent Paragraph 297 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 297 of the Complaint.

298.    Answering Defendants deny the allegations contained in Paragraph 298 of the Complaint.

299.    Answering Defendants aver that to the extent Paragraph 299 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 299 of the Complaint.

300.    Answering Defendants deny the allegations contained in Paragraph 300 of the Complaint.

301.    Answering Defendants aver that to the extent Paragraph 301 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 301 of the Complaint.

302.    Answering Defendants aver that to the extent Paragraph 302 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 302 of the Complaint.

303.    Answering Defendants aver that to the extent Paragraph 303 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 303 of the Complaint.

304. Answering Defendants deny the allegations contained in Paragraph 304 of the Complaint.

305. Answering Defendants aver that to the extent Paragraph 305 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 305 of the Complaint.

306. Answering Defendants aver that to the extent Paragraph 306 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 306 of the Complaint.

307. Answering Defendants deny the allegations contained in Paragraph 307 of the Complaint.

308. To the extent Paragraph 308 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 308 of the Complaint.

309. To the extent Paragraph 309 purports to describe the content of the FASB Statement of Concepts, the FASB Statement of Concepts speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said FASB Statement of Concepts for

its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 309 of the Complaint.

310.    To the extent Paragraph 310 purports to describe the content of SEC Regulation S-X, the regulation speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said regulation for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 310 of the Complaint.

311.    To the extent Paragraph 311 purports to describe the content of SEC Regulation S-X, the regulation speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said regulation for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 311 of the Complaint.

312.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 312 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 312 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 312 of the Complaint.

313.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 313 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 313 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 313 of the Complaint.

314. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 314 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 314 of the Complaint.

315. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 315 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 315 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 315 of the Complaint.

316. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 316 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 316 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 316 of the Complaint.

317. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 317 have been dismissed, and Answering Defendants need not respond to such

allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 317 of the Complaint.

318.    Answering Defendants aver that to the extent Paragraph 318 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 318 of the Complaint.

319.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 319 concerning Mr. Gottstein and Mr. Mathers have been dismissed, as have Plaintiff's claims relating to the allegations in Paragraph 319 concerning CS's 2021 Annual Report filed on Form 20-F with the SEC, and Answering Defendants need not respond to such allegations. Without prejudice to these positions, Answering Defendants aver that to the extent Paragraph 319 purports to describe the contents of portions of CS's 2022 Annual Report filed on Form 20-F with the SEC that relate to CS's internal controls over financial reporting, the filing speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 319 of the Complaint.

320.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 320 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 320 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and

89

respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 320 of the Complaint.

321.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 321 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 321 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 321 of the Complaint.

322.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 322 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that, to the extent Paragraph 322 purports to describe the content of the PCAOB Audit Standard, the PCAOB Audit Standard speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said PCAOB Audit Standard for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 322 of the Complaint.

323.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 323 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that, to the extent Paragraph 323 purports to describe the content of the PCAOB Audit Standard, the PCAOB Audit Standard speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said PCAOB Audit Standard for its full content and context.

Answering Defendants otherwise deny the remaining allegations contained in Paragraph 323 of the Complaint.

324. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 324 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 324 of the Complaint.

325. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 325 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 325 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 325 of the Complaint.

326. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 326 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 326 of the Complaint.

327. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 327 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 327 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 327 of the Complaint.

328. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 328 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 328 of the Complaint.

329. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 329 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 329 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 329 of the Complaint.

330. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 330 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 330 of the Complaint.

331. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 331 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 331 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and

respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 331 of the Complaint.

332.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 332 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 332 of the Complaint.

333.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 333 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 333 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 333 of the Complaint.

334.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 334 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 334 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 334 of the Complaint.

335.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 335 have been dismissed, and Answering Defendants need not respond to such

allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 335 of the Complaint.

336.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 336 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 336 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 336 of the Complaint.

337.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 337 have been dismissed, and Answering Defendants need not respond to such allegations.    Without prejudice to this position, Answering Defendants otherwise deny the remaining allegations contained in Paragraph 337 of the Complaint.

338.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 338 have been dismissed, and Answering Defendants need not respond to such allegations.    Answering Defendants aver that to the extent Paragraph 338 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.    Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 338 of the Complaint.

339.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 339 have been dismissed, and Answering Defendants need not respond to such

allegations.    Answering Defendants otherwise deny the remaining allegations contained in Paragraph 339 of the Complaint.

340.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 340 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 340 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 340 of the Complaint.

341.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 341 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 341 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 341 of the Complaint.

342.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 342 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 342 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 342 of the Complaint.

343.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 343 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 343 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 343 of the Complaint.

344.    Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind or trading activities of Plaintiff or the other members of the putative class.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 344 of the Complaint.

345.    Answering Defendants deny the allegations contained in Paragraph 345 of the Complaint.

346.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 346 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 346 purports to describe the content of analyst reports, the reports speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said reports for their full content and context.  In addition, Paragraph 346 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 346, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $10.01 on February 9, 2022 and $9.08

on February 10, 2022. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 346 of the Complaint.

347.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 347 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants aver that to the extent Paragraph 347 purports to describe the content of research notes, the notes speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said notes for their full content and context. In addition, Paragraph 347 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 347, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $8.93 on February 18, 2022 and $8.58 on February 22, 2022. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 347 of the Complaint.

348.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 348 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants aver that to the extent Paragraph 348 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. In addition, Paragraph 348 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 348, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $7.05 on May 31, 2022. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 348 of the Complaint.

349. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 349 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants aver that to the extent Paragraph 349 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. In addition, Paragraph 349 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 349, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $4.71 on September 22, 2022 and $4.14 on September 23, 2022. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 349 of the Complaint.

350. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 350 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants aver that to the extent Paragraph 350 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 350 of the Complaint.

351. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 351 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants aver that to the extent Paragraph 351 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and

context.  In addition, Paragraph 351 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 351, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $4.79 on October 26, 2022 and $3.83 on October 27, 2022.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 351 of the Complaint.

352.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 352 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 352 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 352 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  In addition, Paragraph 352 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 352, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $4.09 on November 22, 2022 and $3.83 on November 23, 2022.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 352 of the Complaint.

353.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 353 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 353 purports to describe the

contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 353 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  In addition, Paragraph 353 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 353, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $3.83 on November 23, 2022 and $3.59 on November 25, 2022.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 353 of the Complaint.

354.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 354 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 354 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 354 of the Complaint.

355.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 355 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 355 purports to describe the contents of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and

100

context.  Answering Defendants further state that, to the extent Paragraph 355 purports to describe the content of analyst reports, the reports speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said reports for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 355 of the Complaint.

356.    Paragraph 356 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 356, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $3.58 on February 8, 2023 and $3.02 on February 9, 2022.

357.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 357 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 357 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 357 of the Complaint.

358.    Answering Defendants aver that to the extent Paragraph 358 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 358 of the Complaint.

359.   Answering Defendants aver that to the extent Paragraph 359 purports to describe the content of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 359 of the Complaint.

360.   Answering Defendants aver that to the extent Paragraph 360 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 360 purports to describe the content of analyst reports, the reports speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said reports for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 360 of the Complaint.

361.   Paragraph 361 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 361, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $2.54 on March 13, 2023, and $2.51 on March 14, 2023.

362.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 362 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 362 purports to describe the contents of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and

context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 362 of the Complaint.

363.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 363 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 363 purports to describe the contents of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  In addition, Paragraph 363 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 363, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $2.51 on March 14, 2023 and $2.16 on March 15, 2023.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 363 of the Complaint.

364.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 364 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 364 of the Complaint.

365.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 365 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 365 purports to describe the contents of analyst reports, the reports speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said reports for their full content and

context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 365 of the Complaint.

366.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 366 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 366 purports to describe the contents of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  In addition, Paragraph 366 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 366, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $2.16 on March 16, 2023.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 366 of the Complaint.

367.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 367 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 367 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 367 of the Complaint.

368.   Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 368 have been dismissed, and Answering Defendants need not respond to such allegations.  Answering Defendants aver that to the extent Paragraph 368 purports to describe the contents of press articles, the articles speak for themselves.  Answering Defendants deny any

104

characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 368 of the Complaint.

369. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 369 have been dismissed, and Answering Defendants need not respond to such allegations. Answering Defendants aver that to the extent Paragraph 369 purports to describe the contents of press articles, the articles speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. In addition, Paragraph 369 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 369, except Answering Defendants admit that the closing price of CS ADS traded on the New York Stock Exchange was $10.97 on April 6, 2021. Answering Defendants further aver that the purported Class Period no longer runs from April 6, 2021 through and including March 20, 2023. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 369 of the Complaint.

370. Answering Defendants aver that to the extent Paragraph 370 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 370 of the Complaint.

371. Answering Defendants deny the allegations contained in Paragraph 371 of the Complaint.

372.    Answering Defendants deny the allegations contained in Paragraph 372 of the Complaint.

373.    Answering Defendants aver that to the extent Paragraph 373 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 373 of the Complaint.

374.    Answering Defendants aver that to the extent Paragraph 374 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 374 of the Complaint.

375.    Answering Defendants aver that to the extent Paragraph 375 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 375 of the Complaint.

376.    Answering Defendants aver that to the extent Paragraph 376 purports to describe the content of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 376 of the Complaint.

377.    Answering Defendants aver that to the extent Paragraph 377 purports to describe the content of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 377 of the Complaint.

378.    Answering Defendants aver that to the extent Paragraph 378 purports to describe the content of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 378 of the Complaint.

379.    Answering Defendants aver that to the extent Paragraph 379 purports to describe the content of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 379 of the Complaint.

380.    Answering Defendants aver that to the extent Paragraph 380 purports to describe the contents of any UBS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 380 of the Complaint.

381.    Answering Defendants aver that to the extent Paragraph 381 purports to describe the content of a Bank Stability Expert Group report, the report speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said report for

its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 381 of the Complaint.

382.    Answering Defendants aver that to the extent Paragraph 382 purports to describe the content of press articles, the articles speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 382 of the Complaint.

383.    To the extent the allegations contained in Paragraph 383 constitute or relate to claims predicated on alleged misstatements that the Court's Order dismissed from this Action, Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 383 of the Complaint purports to describe the contents of any CS public filing or statement, or the statements of PwC related thereto, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 383 of the Complaint.

384.    To the extent the allegations contained in Paragraph 384 constitute or relate to claims predicated on alleged misstatements that the Court's Order dismissed from this Action, Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants aver that to the extent Paragraph 384 of the Complaint purports to describe the contents of CS's 2022 Annual Report, the 2022 Annual Report speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said report for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 384 of the Complaint.

385.    Answering Defendants admit that the CS Executive Board was compensated approximately CHF $70.79 million in 2021 and 2022 and that all Material Risk Takers and Controllers were compensated over CHF $3 billion in 2021 and 2022, and otherwise deny the allegations in Paragraph 385.

386.    To the extent Paragraph 386 of the Complaint purports to describe the contents of CS's March 12, 2023 letter to the SEC, the letter speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letter for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 386 of the Complaint.

387.    To the extent Paragraph 387 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  To the extent Paragraph 387 of the Complaint purports to describe the contents of statement from the SEC, the statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 387 of the Complaint, except Defendant deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning when the SEC began its inquiry.

388.    To the extent Paragraph 388 of the Complaint purports to describe the contents of the SEC's July 15, 2022 Comment Letters, the letters speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letter for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 388 of the Complaint.

389.    To the extent Paragraph 389 of the Complaint purports to describe the contents of letters sent between CS and the SEC between July 15, 2022 and March 12, 2023, the letters speak for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer to the Court to the said letters for their full content and context.  To the extent that Paragraph 389 of the Complaint purports to describe the contents of CS's 2022 Annual Report, the 2022 Annual Report speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said report for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 389 of the Complaint.

390.    To the extent the allegations contained in Paragraph 390 constitute or relate to claims predicated on alleged misstatements that the Court's Order dismissed from this Action, or reflect allegations related to Confidential Witnesses, which the Court's Order found insufficient to plead a strong inference of scienter, Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants further aver that to the extent Paragraph 390 of the Complaint purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 390 of the Complaint.

391.    Pursuant to the Court's Order, Plaintiff's allegations related to CW1 are not "connect[ed] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and

110

responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 391 of the Complaint.

392.    Pursuant to the Court's Order, Plaintiff's allegations related to CW2 are not "connect[ed] in any way to any actionable statement or any of the remaining Individual Defendants," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 392 of the Complaint.

393.    Pursuant to the Court's Order, Plaintiff's allegations related to CW3 "add nothing" other than "[f]ully disclosed information" which ""is not evidence of intent to defraud," and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the specific employment history and responsibilities of the confidential witnesses, and otherwise deny any remaining allegations contained in Paragraph 393 of the Complaint.

394.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 394 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, to the extent Paragraph 394 purports to describe the content of an article published by Bloomberg, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 394 of the Complaint.

111

395.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 395 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, to the extent Paragraph 395 purports to describe the content of press articles, the articles speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. To the extent Paragraph 395 purports to describe the content of a previously-sealed report of FINMA that was released in February 2021, the report speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 395 of the Complaint, except admit that Patrice Lescaudron was a banker at CS prior to 2018, and that in February of 2021, a previously-sealed report of FINMA's was released.

396.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 396 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, to the extent Paragraph 396 purports to describe the content of an article published by the Financial Times, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 396 of the Complaint.

397.    Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 397 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants further state that, to the extent Paragraph 397 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the

112

Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 397 of the Complaint.

398. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 398 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, to the extent Paragraph 398 purports to describe the content of an article published by the Financial Times, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 398 of the Complaint.

399. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 399 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, to the extent Paragraph 399 purports to describe the content of an letter sent to CS by the U.S. House of Representatives Committee on Oversight and Reform, the letter speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said letter for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 399 of the Complaint.

400. To the extent Paragraph 400 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 400 of the Complaint.

401. To the extent Paragraph 401 purports to describe the content of an article published by the Financial Times, the article speaks for itself. Answering Defendants deny any

113

characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 401 of the Complaint.

402. Pursuant to the Court's Order, Plaintiff's claims relating to the allegations in Paragraph 402 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, to the extent Paragraph 402 purports to describe the content of an article published by Bloomberg, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 402 of the Complaint.

403. To the extent Paragraph 403 purports to describe the content of an April 2, 2023 announcement by Switzerland's Attorney General, the announcement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 403 of the Complaint.

404. To the extent Paragraph 404 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 404 of the Complaint.

405. To the extent Paragraph 405 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full

content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 405 of the Complaint.

406.    To the extent Paragraph 406 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 406 of the Complaint.

407.    To the extent Paragraph 407 purports to describe the content of May 2023 announcement by the Swiss Parliament, the announcement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said announcement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 407 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity as to the allegation in the last sentence of Paragraph 407 of the Complaint.

408.    To the extent Paragraph 408 purports to describe the contents of a July 24, 2023 announcement by UBS, the announcement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said announcement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 408 of the Complaint.

409.    To the extent Paragraph 409 purports to describe the content of an article published by the Swiss German-language newspaper *NZZ am Sonntag*, the article speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said

article for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 409 of the Complaint.

410. To the extent Paragraph 410 purports to describe the contents of a July 24, 2023 announcement by UBS, the announcement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said announcement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 410 of the Complaint.

411. To the extent Paragraph 411 purports to describe the contents of any UBS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 411 of the Complaint.

412. To the extent Paragraph 412 purports to describe the contents of any UBS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 412 of the Complaint.

413. Answering Defendants deny the allegations contained in Paragraph 413 of the Complaint.

414. Answering Defendants deny the allegations contained in Paragraph 414 of the Complaint.

415. To the extent Paragraph 415 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any

characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 415 of the Complaint.

416. To the extent Paragraph 416 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 416 purports to describe the content of press articles, the articles speaks for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 416 of the Complaint.

417. Answering Defendants deny the allegations contained in Paragraph 417 of the Complaint.

418. Answering Defendants deny the allegations contained in Paragraph 418 of the Complaint.

419. To the extent Paragraph 419 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 419 of the Complaint, except admit that Mr. Oechslin was the Chief Risk Officer of CS from January 2014 to February 2019.

420. To the extent Paragraph 420 purports to describe the contents of agreements between CS or its subsidiaries and various government regulators, those agreements speak for

themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants further state that, to the extent Paragraph 420 purports to describe the content of reporting related to the Suisse Secrets Project, the reporting speaks for it. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said reporting for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 420 of the Complaint.

421. To the extent Paragraph 421 purports to describe the contents of a briefing hosted by the U.S. Helsinki Commission's Commission on Security & Cooperation In Europe, the briefing speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said briefing for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 421 of the Complaint.

422. To the extent Paragraph 422 purports to describe the contents of a public statement by the Swiss Bankers Association, the statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 422 of the Complaint.

423. To the extent Paragraph 423 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 423 of the Complaint, except admit that Mr. Chin and Ms. Warner stepped down from their respective roles at CS in April 2021.

424.    To the extent Paragraph 424 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 424 of the Complaint, except admit that Mr. Horta-Osório formally assumed the role of Chairman after his election at the AGM on April 30, 2021.

425.    To the extent Paragraph 425 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 425 purports to describe the content of an article by Reuters, the article speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 425 of the Complaint, except admit that Mr. Lehmann was appointed as Chairman of CS following the resignation of Mr. Horta-Osório.

426.    To the extent Paragraph 426 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Answering Defendants further state that, to the extent Paragraph 426 purports to describe the content of an article by Reuters, the article speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in

119

Paragraph 426 of the Complaint, except admit that Mr. Körner was appointed as CEO of CS following the resignation of Mr. Gottstein.

427.   To the extent Paragraph 427 purports to describe the contents of any CS public filing or statement, the filing or statement speaks for itself.  Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context.  Defendants further state that, to the extent Paragraph 427 purports to describe the content of an article by Reuters, the article speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 427 of the Complaint, except admit that Mr. Mathers' resignation as CFO of CS was announced on August 22, 2022.

428.   Answering Defendants deny the allegations contained in Paragraph 428 of the Complaint.

429.   Answering Defendants deny information sufficient to form a belief as to the truth or falsity of whether the Answering Individual Defendants "were intimately involved in Credit Suisse's business and operations" or "had access to extensive information regarding the same" given the vagueness of those phrases.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 429 of the Complaint.

430.   Paragraph 430 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the legal conclusions and all other allegations contained in Paragraph 430 of the Complaint, except admit that the Answering Individual Defendants were subject to certain laws and regulations concerning the accuracy of certain of CS's public statements, and that Mr. Gottstein and Mr. Mathers signed and/or certified the Company's 2021 Annual Report filed on Form 20-F with the SEC, while Mr.

Körner and Mr. Joshi signed and/or certified the Company's 2022 Annual Report filed on Form 20-F with the SEC.

431.    To the extent Paragraph 431 of the Complaint purports to describe the contents of CS's Form 20-F for FY 2020, the filing speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 431 of the Complaint.

432.    Paragraph 432 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 432 of the Complaint.

433.    To the extent Paragraph 433 of the Complaint purports to describe the contents of CS's 2020 Compensation Update filed on April 6, 2021, the filing speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 433 of the Complaint.

434.    To the extent Paragraph 434 of the Complaint purports to describe the contents of CS's 2020 Compensation Report filed with the 2020 Annual Report on March 18, 2021, the filing speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing for its full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 434 of the Complaint.

435.    To the extent Paragraph 435 of the Complaint purports to describe the contents of CS's 2021 Compensation Report filed with the 2021 Annual Report on March 10, 2022, the filing speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer

the Court to said filing for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 435 of the Complaint.

436. To the extent Paragraph 436 of the Complaint purports to describe the contents of CS's 2022 Compensation Report filed with the 2022 Annual Report on March 14, 2023, the filing speaks for itself. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filing for its full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 436 of the Complaint.

437. Answering Defendants deny the allegations contained in Paragraph 437 of the Complaint.

438. Paragraph 438 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 438 of the Complaint.

439. Paragraph 439 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 439 of the Complaint.

440. To the extent the allegations contained in Paragraph 440 constitute or relate to claims predicated on alleged misstatements that the Court's Order dismissed from this Action, Defendants need not respond to such allegations. Without prejudice to this position, Defendants aver that to the extent Paragraph 440 of the Complaint purports to describe the contents of any CS public filing or statement, or the statements of PwC related thereto, the filing or statement speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said filing or statement for its full content and context. Defendants otherwise deny the remaining allegations contained in Paragraph 440 of the Complaint, except Defendants deny knowledge or

122

information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of PwC.

441. To the extent the allegations contained in Paragraph 441 constitute or relate to claims predicated on alleged misstatements that the Court's Order dismissed from this Action, Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants further state that Paragraph 441 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the legal conclusions and all other allegations contained in Paragraph 441 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of PwC.

442. Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 442 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants state that to the extent Paragraph 442 purports to describe court filings related to proceedings involving KPMG, such filings speak for themselves. Answering Defendants deny any characterizations thereof and respectfully refer the Court to said filings for their full content and context. Answering Defendants otherwise deny the remaining allegations contained in Paragraph 442 of the Complaint, except Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of KPMG or PwC.

443. Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 443 have been dismissed, and Answering Defendants need not respond to such allegations. Without prejudice to this position, Answering Defendants further state that, to the extent Paragraph 443 purports to describe the content of press articles, the articles speaks

for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 443 of the Complaint.

444.    Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 444 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants otherwise deny the remaining allegations contained in Paragraph 444 of the Complaint.

445.    Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 445 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants further state that, to the extent Paragraph 445 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 445 of the Complaint.

446.    Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 446 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position, Answering Defendants further state that, to the extent Paragraph 446 purports to describe the content of press articles, the articles speaks for themselves.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 446 of the Complaint.

447.    Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 447 have been dismissed, and Answering Defendants need not respond

to such allegations.  Without prejudice to this position, Answering Defendants state that to the extent Paragraph 447 purports to describe an announcement from the SEC, such announcement speaks for itself.  Answering Defendants deny any characterizations thereof and respectfully refer the Court to said statements and filings for their full content and context.  Answering Defendants otherwise deny the remaining allegations contained in Paragraph 447 of the Complaint.

448.    Pursuant to the Court's Order, Plaintiff's claims against PwC relating to the allegations in Paragraph 448 have been dismissed, and Answering Defendants need not respond to such allegations.  Without prejudice to this position,  Answering Defendants deny the allegations in Paragraph 448 of the Complaint, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the state of mind of PwC.

449.    Paragraph 449 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 449 of the Complaint.

450.    Paragraph 450 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 450 of the Complaint.

451.    Paragraph 451 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 451 of the Complaint.

452.    Paragraph 452 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 452 of the Complaint.

453.    Paragraph 453 purports to assert conclusions of law as to which no responsive pleading is required.    To the extent a response is otherwise required, Defendants deny the allegations in Paragraph 453 of the Complaint.

454.    Paragraph 454 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 454 of the Complaint.

455.    Paragraph 455 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 455 of the Complaint.

456.    Paragraph 456 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 456 of the Complaint.

457.    Paragraph 457 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 457 of the Complaint, except Answering Defendants admit that CS ADRs were traded on the New York Stock Exchange and that CS filed periodic public reports with the SEC.

458.    Paragraph 458 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 458 of the Complaint.

459.    Paragraph 459 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 459 of the Complaint.

460.    Paragraph 460 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 460 of the Complaint.

461.    Paragraph 461 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 461 of the Complaint.

462.    Paragraph 462 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 462 of the Complaint.

463.    Paragraph 463 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 463 of the Complaint.

464.    Paragraph 464 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 464 of the Complaint.

465.    Paragraph 465 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 465, except Answering Defendants admit that CS ADRs were traded on the New York Stock Exchange.

466.    Paragraph 466 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 466 of the Complaint.

467.    Paragraph 467 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 467 of the Complaint.

468.    Paragraph 468 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 468 of the Complaint.

469.    Paragraph 469 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 469 of the Complaint.

470.    Answering Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

471.    Paragraph 471 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Answering Defendants deny the allegations contained in Paragraph 471, except Answering Defendants admit that Plaintiff purports to assert claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

472.    Paragraph 472 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 472 of the Complaint.

473.    Paragraph 473 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 473 of the Complaint.

474.    Paragraph 474 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 474 of the Complaint.

475.    Paragraph 475 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 475 of the Complaint.

476.    Paragraph 476 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 476 of the Complaint.

477.    Paragraph 477 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 477 of the Complaint.

478.    Paragraph 478 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 478 of the Complaint.

479.    Paragraph 479 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 479 of the Complaint.

480.    Answering Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

481.    Paragraph 481 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 481 of the Complaint.

482.    Paragraph 482 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 482 of the Complaint.

483.    Paragraph 483 purports to assert conclusions of law as to which no responsive pleading is required.  Pursuant to the Court's Order, Plaintiff's claims relating to the Dismissed Individuals have been dismissed, and those Answering Defendants need not respond to such allegations.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 483 of the Complaint.

484.    Paragraph 484 purports to assert conclusions of law as to which no responsive pleading is required.  To the extent a response is otherwise required, Answering Defendants deny the allegations in Paragraph 484 of the Complaint.

130

In response to the Complaint's unnumbered Prayer for Relief, no response is required because the section merely purports to describe the relief Plaintiff seeks in this action. To the extent a response is required, Answering Defendants deny that any of the requested relief is warranted and deny any other allegations contained in the Prayer for Relief.

In response to the Complaint's unnumbered demand for trial by jury, Answering Defendants admit that Plaintiff purports to seek a trial by jury.

## GENERAL DENIAL

Answering Defendants deny any wrongdoing and, except as expressly admitted in response to Paragraphs 1 through 484 (and the unnumbered first paragraph, and unnumbered Prayer for Relief and Jury Demand) above, deny all allegations in the Complaint. Answering Defendants specifically deny that Plaintiff is entitled to any of the relief prayed for against Answering Defendants in the Complaint. Answering Defendants expressly reserve the right to amend and/or supplement this Answer and Answering Defendants' defenses.

## DEFENSES

Without admitting any wrongful conduct on their part, and without conceding that they have the burden of proof on any of the following defenses, Answering Defendants assert the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged in this action.

## SECOND DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because the information Plaintiff claims to have been misrepresented or omitted from Answering

131

Defendants' statements was in fact publicly disclosed or otherwise in the public domain and, as such, the alleged "truth" that Plaintiff claims was misrepresented or concealed was available to Plaintiff and members of the putative class.

## THIRD DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because the statements upon which Plaintiff's claims are based do not contain any material misrepresentation or omission.

## FOURTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Answering Defendants did not act with the requisite scienter.

## FIFTH DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff did not rely, or did not reasonably rely, on any alleged misstatements or omissions by Answering Defendants and any putative class members are not entitled to any presumption of reliance, including the "fraud-on-the-market" presumption.

## SIXTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Answering Defendants did not directly, actually, or proximately cause or contribute to any damage, loss, or injury allegedly sustained by Plaintiff.

## SEVENTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because the injury alleged by Plaintiff, to the extent any exists, was caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Answering Defendants,

132

by the conduct of third parties for whom Answering Defendants were not responsible, through forces in the marketplace over which Answering Defendants had no control, or through acts or omissions by the Plaintiff, and/or members of the putative class.

## EIGHTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Plaintiff and/or the putative class members had actual or constructive knowledge regarding the information Plaintiff now alleges was misrepresented or omitted and thus assumed the risk that, in investing in CS securities, Plaintiff might suffer financial losses.

## NINTH DEFENSE

This action cannot be maintained as a class action as a matter of law and fact.

## TENTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Plaintiff cannot prove injury, including because Plaintiff and the putative class members did not suffered an injury-in-fact.

## ELEVENTH DEFENSE

Plaintiff's and the putative class's claims for relief are barred, in whole or in part, because Plaintiff's and the putative class's alleged damages, if any, are speculative, uncertain, and cannot be ascertained.

## TWELFTH DEFENSE

Recovery on Plaintiff's and the putative class's claims for relief is barred, in whole or in part, by Plaintiff's and the putative class members' failure to mitigate their alleged damages, if any.

### THIRTEENTH DEFENSE

Plaintiff and the putative class are not entitled to recovery of interest, costs, expenses, or attorneys' fees in connection with this action.

### FOURTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiff and the putative class.

### FIFTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, and/or unclean hands.

### SIXTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

### SEVENTEENTH DEFENSE

Plaintiff's and the putative class's claims are barred, in whole or in part, because the alleged misstatements and omissions were non-actionable expressions of opinion, puffery, or soft information.

### EIGHTEENTH DEFENSE

Plaintiff's and the putative class's claims against the Answering Individual Defendants are barred, in whole or in part, because those Answering Defendants did not have "control" over CS as that term is used in Section 20(a) of the Exchange Act during relevant portions of the putative class period.

## NINETEENTH DEFENSE

Plaintiff's and the putative class's claims against the Answering Individual Defendants are barred, in whole or in part, because the Answering Individual Defendants were not "culpable participants" in any alleged violations of the law, as that term is used in Section 20(a) of the Exchange Act.

## TWENTIETH DEFENSE

The Answering Individual Defendants are not liable for acts or omissions that allegedly occurred at CS at times when the Answering Individual Defendants were not officers of CS.

## ADDITIONAL DEFENSES

By designating the aforementioned defenses, Answering Defendants do not in any way waive or limit any defenses, which are or may be raised by their denials and averments.  These defenses are pled in the alternative, and are raised to preserve the rights of Answering Defendants to assert such defenses, and are without prejudice to Answering Defendants' ability to raise other and further defenses.  Answering Defendants expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

135

Dated:  October 4, 2024

**CAHILL GORDON & REINDEL LLP**

By: /s/ Jason M. Hall
Herbert S. Washer
Jason M. Hall
Tammy L. Roy
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
troy@cahill.com
nmatuschak@cahill.com

*Attorneys for Defendant Credit Suisse
Group AG*

**MILBANK LLP**

/s/ George S. Canellos
George S. Canellos
55 Hudson Yards
New York, New York 10001-2163
Telephone:  212-530-5000
gcanellos@milbank.com

*Attorney for Ulrich Körner*

**GOODWIN PROCTER LLP**

By: /s/ Richard M. Strassberg
Richard M. Strassberg
Jessica Vogele
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800
rstrassberg@goodwinlaw.com
jvogele@goodwinlaw.com

*Attorneys for Defendant Axel P. Lehmann*

**HECKER FINK LLP**

/s/ Sean Hecker
Sean Hecker
Kate L. Doniger
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
shecker@heckerfink.com
kdoniger@heckerfink.com

*Attorneys for Defendant Dixit Josh*

136

<u>Attestation Pursuant to Electronic Case Filing Rule 8.5</u>

I, Jason M. Hall, attest that concurrence in the filing of this document has been obtained from all other signatories.

/s/ Jason M. Hall

Jason M. Hall
