**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant Mehmet Resit As*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALI DIABAT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE GROUP AG, et al.,<br><br>Defendants. | 23 Civ. 5874 (CM)<br>23 Civ. 6023 (CM)<br>23 Civ. 6039 (CM)<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MEHMET RESIT AS' MOTION: (A) TO VACATE ORDER APPOINTING ALI DIABAT LEAD PLAINTIFF; AND (B) FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUSNEL** |

Mr. As[1] respectfully submits this reply memorandum of law in further support of his Motion: (A) to Vacate Order Appointing Professor Diabat as Lead Plaintiff; and (B) for Appointment as Lead Plaintiff and Approval of his Selection of Rosen Law as Lead Counsel.

**ARGUMENT**

The Court's Decision and Order on Defendants' motions to dismiss is clear. The Court found loss causation under the corrective disclosure and materialization of the risk theories only

---

[1] Unless stated otherwise, defined terms herein shall have the same meaning as set forth in Mr. As' opening brief, *Turner,* Dkt. No. 113.

for the March 14, 2023 Annual Report disclosure that revealed material weaknesses in Credit Suisse's ICFR. *Ali Diabat v. Credit Suisse, AG*, 2024 WL 4252502, at *151-*152 (S.D.N.Y. Sept. 19, 2024). Contrary to Professor Diabat's assertion, the Court rejected loss causation on the disclosures subsequent to the March 14, 2023 Annual Report disclosure. *Id.,* at *151- *154. The Court found that Professor Diabat's "allegation that the March 15 press reports about the Saudi National Bank's decision to cease investing in Credit Suisse … as 'corrective' borders on the absurd." *Id.*, at *151. The Court explained that the March 20, 2023 merger announcement "corrects nothing." *Id.* Likewise, the Court rejected loss causation on the March 15 and 20 announcements on the materialization risk theory as the alleged risks were known. *Id.,* at *153.

Professor Diabat argues that because the Court found the March 14, 2023 Annual Report contained misstatements that painted too rosy of a picture of Credit Suisse's financial condition, the Court must have found loss causation for those misstatements. Diabat Opp. at 2-3. This inference is incorrect. In the loss causation section of the Decision and Order, the Court did not limit its loss causation analysis only to certain misstatements. The Court considered all of Defendants' loss causation challenges, analyzed each corrective disclosure, and found loss causation only for the March 14, 2023 Annual Report disclosure. *Id.*, at *146-*154.

Even if there were additional partial or fully corrective disclosures between March 14, 2023 and March 20, 2023,[2] Professor Diabat purchased *all* of his Credit Suisse ADSs *after* the March 14, 2023 corrective disclosure.  In an ironic twist, Professor Diabat is now inadequate and atypical based on the same case authorities he advanced, and the Court accepted, in denying Mr. As' bid

---

[2] Contrary to Professor Diabat's speculation, Mr. As is not selling out the class (Diabat Opp. at 4), but rather acting in its best interest to maintain this action with a proper lead plaintiff. Mr. As is not abandoning the possibility that fact and expert discovery may reveal evidence that supports loss causation for the stock price declines following the March 14, 2023 corrective disclosure. Mr. As and his counsel will present the most inclusive case the evidence will allow.

for Lead Plaintiff. According to Professor Diabat, "[n]umerous courts have found lead plaintiff movants subject to unique defenses regarding their trading patterns where those movants only purchase securities *after* partial disclosures." (emphasis in original).  *Calhoun* Dkt. No. 27, at 23-24.[3] (citing *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (the fact that lead plaintiff movant did not purchase *any* securities until after partial disclosures "raise serious questions regarding [their] reliance on the alleged misrepresentations and omissions"); *Kanefsky v. Honeywell Int'l Inc.*, 2020 WL 2520669, at *3 (D.N.J. May 18, 2020) ("Plaintiff…purchased shares on September 11, 2018, *after* the first corrective disclosure. Thus, the Court foresees problems arising at the class certification stage.") (emphasis in original) (internal citations omitted); *Lundy v. Ideanomics, Inc.*, 2020 WL 7389027, at *3 (S.D.N.Y. Dec. 16, 2020) ("While post-disclosure purchases are not a per se bar to an appointment as lead plaintiff, Sons may be subject to a unique defense because he purchased *all* his class period shares after the June 25, 2020 partial corrective disclosures but before the June 26, 2020 final corrective disclosure.") (emphasis in original); *Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) (fact that three members of a lead plaintiff movant group did not purchase *any* of their shares before the first partial corrective disclosure "suggest[s] that these three members invested in Longtop securities notwithstanding notice of defendants' misstatements and omissions," such that "[t]hese unusual trading patterns may well undermine the ability of these three members to assert the fraud-on-the-market presumption of reliance, thereby rendering them inadequate class representatives").

---

[3] If the Class Period extends through March 20, 2023, Professor Diabat's losses would be $217,000—one of the smallest losses before the Court—compared to Mr. As' losses of over $5.9 million. Having an investor with one of the smallest losses before the Court serve as Lead Plaintiff runs afoul of the PSLRA requirement that the investor with the largest financial interest should be Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Alternatively, Professor Diabat argues that "even if the Order embraced a Class Period ending March 14, 2023, an additional Class representative who made purchases of ADS prior to March 14, 2023, has retained Lead Counsel, with the support of Lead Plaintiff, to preempt any potential adequacy concerns stemming from the Order." [4] Diabat Opp. at 1-2. This argument is wrong on several levels.  If the Class Period ends on March 14, 2023 (which it does), then Professor Diabat lacks standing. He cannot serve as Lead Plaintiff, class representative or a named plaintiff. *See In re Veon Ltd. Sec. Litig.*, 2021 WL 930478, at *5- *6 (S.D.N.Y. Mar. 11, 2021) (holding that a lead plaintiff no longer had standing to be lead plaintiff or a named plaintiff because the court dismissed misstatements/omissions when the lead plaintiff purchased shares); *McCall v. Chesapeake Energy Corp.*, 509 F. App'x 62, 64 (2d Cir. 2013) ("even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (quotes and citation omitted); *Amador v. Andrews*, 655 F.3d 89, 99 (2d Cir. 2011) ("Of course, a class action cannot be sustained without a named plaintiff who has standing.").

Professor Diabat cites *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 83 (2d Cir. 2004), but *Hevesi* does not hold that a lead plaintiff that lacks standing for any claim, like Professor Diabat, is permitted to add named plaintiffs to create standing. *Hevesi* merely holds that a lead plaintiff is not required to have standing to bring *every* claim, and may add additional named plaintiffs that have standing to bring claims those claims the lead plaintiff does not have. Professor Diabat has cited no authorities, because there are none, for the proposition that a lead plaintiff that lacks any standing can continue with the prosecution of the securities class action by adding named plaintiffs.

---

[4] It is telling that Professor Diabat does not identify this potential class representative, his/her/its trades in Credit Suisse ADSs, his/her/its financial interest, or any relevant background information.

In short, Professor Diabat lacks standing and cannot serve as Lead Plaintiff, class representative, or a named plaintiff. Even if the Class Period extends through March 20, 2023, Professor Diabat is subject to unique reliance defenses as he purchased all his Credit Suisse ADSs after the March 14, 2023 corrective disclosure.

### CONCLUSION

For the foregoing reasons, the Court should vacate the Order appointing Professor Diabat Lead Plaintiff and appoint Mr. As Lead Plaintiff and approve his selection of Rosen Law as Lead Counsel.

Dated: October 8, 2024                     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant Mehmet Resit As*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim