UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

In re: CREDIT SUISSE SECURITIES FRAUD
CLASS ACTIONS

This matter relates to:

     *Diabat*
     *Core Capital*
     *Gromicko*

———————————————————————— x

23-cv-5874 (CM)
23-cv-9287 (CM)
25-cv-934 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/12/2025

## MEMORANDUM OPINION AND ORDER

McMahon, J.:

On February 7, 2025, the Court ordered the parties to show cause (1) why this Action – *Gromicko v. UBS Group AG*, No. 1:25-cv-934-CM (S.D.N.Y.) – should not be consolidated, or at least coordinated for pre-trial purposes, with the pending lawsuit *Diabat v. Credit Suisse Group AG*, 23-cv-5874 (S.D.N.Y.) (the "Diabat Class Action") and (2) why, if consolidation or pre-trial coordination is permitted, Plaintiff's state securities law claim under Colorado Securities Act (the "State Claim") should not be dismissed as precluded under the Securities Litigation Uniform Standards Act ("SLUSA"). (Dkt. No. 14). The Court has reviewed the parties' responses to the order to show cause, Dkt. Nos. 15–17, and addresses both issues in turn. For the reasons stated below, the Court orders (i) this Action to be consolidated with the related *Diabat* Class Action for pre-trial purposes and (ii) Plaintiff's State Claim to be dismissed. The Court will determine whether consolidation of these two actions for trial is warranted after the close of discovery and the resolution of any motions for summary judgment.

## I.    Consolidation for Pre-Trial Purposes

Under Federal Rules of Civil Procedure 42(a), a court may *sua sponte* consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Although a court "has broad discretion to determine whether consolidation is appropriate," this discretion "is not unfettered." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990). The Second Circuit has made clear that a court's interest in judicial economy cannot override the risk of confusion or prejudice. *See Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) ("The benefits of efficiency can never be purchased at the cost of fairness."). Even though consolidation is often appropriate in the context of securities class actions when the complaints are "based on the same 'public statements and reports," *Ferrari v. Impath, Inc.*, No. 03 CIV. 5667 (DAB), 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (citation omitted), consolidation is not appropriate when there is a risk of prejudice to one of the parties, *Tidewater Terminal Inc. v. Glybreeze Shipping Corp. of Monrovia*, No. 82 CIV. 6536 (CES), 1983 WL 1577, at *2 (S.D.N.Y. Feb. 14, 1983). Absent prejudice, consolidation is appropriate when it promotes judicial economy, avoids duplicative discovery and multiple trials, and the danger of inconsistent verdicts. *New v. JPMorgan Chase Bank, N.A.*, No. 23 CIV. 9371 (DEH), 2024 WL 4228058, at *4 (S.D.N.Y. Sept. 18, 2024).

Here, consolidation is appropriate because (1) the complaints in this Action and in the *Diabat* Class Action "involve a common question of law or fact" concerning identical Section 10(b) claims under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and (2) consolidation will not otherwise prejudice Plaintiff's rights. *See Disc. Bank & Tr. Co. v. Salomon Inc.*, 141 F.R.D. 42, 44 (S.D.N.Y. 1992).

2

*First*, based on a review of the two complaints, the Court finds that the two actions involve common questions of law and fact warranting consolidation. Both actions bring claims against Credit Suisse under Section 10(b) of the Exchange Act of 1934. (Dkt. No. 1, at 34 (alleging that "Credit Suisse violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b) and Rule 10b-5 thereunder [17 C.F.R. § 240.10B-5]]"); Diabat Class Action, No. 1:23-cv-5874, Dkt. No. 1, at 17 (alleging that, among other defendants, Credit Suisse "violated § 10(b) of the 1934 Act and Rule 10b-5")). Both complaints allege a similar pattern of materially false and misleading statements regarding Credit Suisse's asset outflows and its internal controls. (*See generally* Dkt. No. 1, at 7– 27 (alleging a series of materially false or misleading statements between October 27, 2022 and March 15, 2023 regarding Credit Suisse's asset outflows and internal controls); Diabat Class Action, Dkt. No. 1, at 17 (alleging similar misstatements between March 10, 2022 and December 2, 2022). Moreover, both complaints cite identical statements made on December 2, 2022 by then-Chairman of Credit Suisse Axel Lehmann, who allegedly stated that significant asset outflows had "stopped." (Dkt. No. 1, at 16–17; Diabat Class Action, Dkt. No. 1, at 8–9). Plaintiff, for his part, concedes that there are common questions of law and fact between the two actions. In the Related Case Statement that Plaintiff submitted to the Court's Assignment Committee, he states:

> Both the newly filed case and the earlier filed case assert a claim alleging that Credit Suisse violated Section 10(b) of the Exchange Act [and] . . . *All of the alleged misstatements by Credit Suisse and its directos [sic] that are the basis of Plaintiff's claim in the newly filed claim are also alleged as the basis of plaintiff and the class's claim in the earlier filed case.*

(Dkt. No. 7, at 2 (emphasis added)). Therefore, the gravamen of both complaints, and the principal issues of law and fact in each with respect to their shared Section 10(b) claim, are identical. And, although the plaintiffs in the Diabat Class Action allege additional claims under the Exchange Act against additional Credit Suisse defendants, "[d]ifferences in causes of action [or]

3

defendants . . . do not render consolidation inappropriate[.]" *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012); *see also Stevens v. Hanke*, No. 20 CIV. 4765 (JPC), 2022 WL 489054, at *3 (S.D.N.Y. Feb. 17, 2022) ("The fact that all defendants are not the same in both actions is of no moment." (citation omitted)). In sum, based on the significant factual overlap contained in the two complaints, consolidation is "particularly appropriate." *In re Block, Inc. Sec. Litig.*, No. 22-CV-8636 (RA), 2024 WL 639470, at *3 (S.D.N.Y. Feb. 15, 2024).

*Second*, consolidation for pretrial purposes is appropriate because it will not prejudice Plaintiff's rights. Consolidation for pretrial purposes avoids needless duplication of time, effort, and expense on the part of the parties and the court. It "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933). After all, consolidation under Rule 42(a) is not a joinder of claims and will neither affect Plaintiff's right to choose its own counsel, nor will it impair its ability to pursue its individual procedural and substantive rights, including its right to move for summary judgment after discovery concludes.

Plaintiff nonetheless contends that consolidation would be prejudicial, asserting it may delay his ability to litigate his claims due to the uncertainty surrounding if and when the proposed class in the Diabat Class Action would be certified. (Dkt. No. 15 at 2). But on July 7, 2025, the Court certified the class in the Diabat Class Action, thereby eliminating Plaintiff's concern about delays arising from uncertainty over class certification. (Diabat Class Action, Dkt. No. 138, at 15–22). Plaintiff identifies no other source of potential prejudice that would result from consolidation.

Because considerations of judicial economy favor consolidation, and there is little risk of prejudice, the Court orders this Action, *Gromicko v. UBS Group AG*, No. 1:25-cv-934-CM (S.D.N.Y.), to be consolidated with the Diabat Class Action, *Diabat v. Credit Suisse Group AG*,

1:23-cv-5874 (S.D.N.Y.), for pretrial purposes. The actions are consolidated under the caption *In re: Credit Suisse Securities Fraud Class Actions*, No. 1:23-cv-5874. Any decision on a trial consolidation shall await the conclusion of pretrial proceedings.

## II.    SLUSA's Preemption Provisions

SLUSA's preemption provision provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging . . . a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security[.]

15 U.S.C. § 78bb(f)(1)(A). Under this provision, a claim is preempted if (i) the action is a "covered class action," (ii) the claim is based on state law, (iii) the action involves a "covered security," and (iv) the claim alleges a misrepresentation or omission of material fact "in connection with the purchase or sale" of the security. *Rayner v. E*TRADE Fin. Corp.*, 899 F.3d 117, 120 (2d Cir. 2018) (citing 15 U.S.C. § 78bb(f)(1)). In this case, the second, third, and fourth elements of this test are not at issue.

In opposing the dismissal of its State Claim, Plaintiff contends only that this Action is not a "covered class action" under the first element. (*See* Dkt. No.15, at 3–10). However, it is. This Action is a "covered class action" under SLUSA, so Plaintiff's State Claim is preempted and subject to dismissal. SLUSA defines a "covered class action" as either:

(i) any *single lawsuit* in which—

> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

> (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of

law or fact common to those persons or members of the prospective class
predominate over any questions affecting only individual persons or members, or

(ii) any group of lawsuits filed in or pending in the same court and involving common
questions of law or fact, in which—

(I) damages are sought on behalf of more than 50 persons; and

(II) *the lawsuits are joined, consolidated, or otherwise proceed as a single action for
any purpose.*

15 U.S.C. § 78bb(f)(5)(b) (emphases added). If an action falls within either of these definitions,

SLUSA preempts any asserted state law claims based on allegations of fraud in connection with

the purchase or sale of covered securities. Under the first category, the threshold question is

whether the two complaints filed in both this Action and the *Diabat* Class Action can constitute a

"single lawsuit." Under the second category, the threshold question is whether the two actions

"proceed as a single action for any purpose."

To resolve these statutory interpretation questions, we begin with the statutory text.

*Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (holding that statutory interpretation

"begins with the plain language of the statute, and where the statutory language provides a clear

answer, it ends there as well."). Only if we conclude that the statutory language is ambiguous "do

we resort to canons of construction and, if the meaning remains ambiguous, to legislative history.'"

*Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 423 (2d Cir. 2005) (internal citations

omitted).

As applied in this case, the plain language of SLUSA's preemption provisions is

unambiguous and, thus, our task ends there. Based on the plain language of SLUSA's preemption

provisions, the two complaints in these actions do not relate to a "single lawsuit," but they are

6

nonetheless a "group of lawsuits" – involving common questions of law or fact – that "proceed as a single action" for pre-trial purposes. For this reason, SLUSA preempts Plaintiff's State Claim.

### a. This Is Not a Single Lawsuit

The phrase "single lawsuit" in SLUSA's definition of a covered class action is unambiguous. Here, the plaintiff in this Action and the plaintiff in the *Diabat* Class Action each sued Credit Suisse separately and filed their respective complaints separately. By suing separately, Plaintiff "avoid[s] falling into the 'single lawsuit' category of a SLUSA 'covered class action.'" *In re WorldCom, Inc. Sec. Litig.*, 308 F. Supp. 2d 236, 245 (S.D.N.Y. 2004); *see also In re Enron Corp. Sec.*, 535 F.3d 325, 338 n.11 (5th Cir. 2008) ("Because this appeal involves multiple lawsuits, Section 78bb(f)(5)(B)(i) does not apply."). As Judge Cote noted in *WorldCom*, 308 F. Supp. 2d at 245, if the term "single lawsuit" were intended to include multiple suits brought by different plaintiffs, there would have been no need for Congress to separately define a "group of lawsuits" as a second category of covered class actions under 15 U.S.C. § 78bb(f)(5)(B)(ii). This Court agrees.

Because the present Action and the Diabat Class Action were filed separately by different plaintiffs, and do not constitute a "single lawsuit," this Action does not meet SLUSA's definition of a "covered class action" under the first section of the statute. 15 U.S.C. § 78bb(f)(5)(B)(i).

### b. This Is a Covered Group of Lawsuits

However, SLUSA further defines a "covered class action" to include "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which . . . damages are sought on behalf of more than 50 persons; and . . . the lawsuits are joined, consolidated, or *otherwise proceed as a single action for any purpose*." 15 U.S.C. § 78bb(f)(5)(B)(ii) (emphasis added). We have already determined that this Action and the *Diabat*

Class Action involve "common questions of law and fact," *see supra* Section I, and Plaintiff does not otherwise contest that the actions collectively seek damages on behalf of more than 50 persons, *see* Dkt. No. 15, at 3–6. Furthermore, I have ordered the actions consolidated for pre-trial purposes. So whether we have a "covered class action" under the second "group of lawsuits" category would seem to be a question that answers itself. Based on my decision to consolidate the two actions for pre-trial purposes, this Action and the Diabat Class Action will "proceed as a single action for any purpose."

Plaintiff disagrees. He argues that this action still does not constitute a "covered class action" under the "group of lawsuits" rubric, 15 U.S.C. § 78bb(f)(5)(b)(ii), because, when he responded to the Court's Order to Show Cause, the actions had yet to be consolidated. Well, as of the date of the entry of this order, they have been formally consolidated. Moreover, it was Plaintiff himself who asked that this case be sent to the same court as the Diabat Class Action. Having insisted that the two cases are related and should be heard by the same judge, he can hardly be heard to complain about the fact that they have been consolidated – with all that consolidation implies.

Plaintiff's insistence that his claims cannot be dismissed pursuant to SLUSA because no formal order of consolidation has yet been entered – because the request for consolidation and the motion to dismiss are being considered simultaneously – would lead to a ridiculous result. This court could get around its argument by simply (1) granting the motion for consolidation today, and then (2) granting the motion to dismiss tomorrow. Were I to do that, Plaintiff's argument evaporates. It would be ridiculous to require the court to issue two separate orders, rather than to deal with all the issues raised by the motion today.

8

Moreover, interpreting SLUSA's core provision – which broadly defines a covered class action to include "any group of lawsuits . . . [that] are joined, consolidated, or otherwise proceed as a single action *for any purpose*," 15 U.S.C. § 78bb(f)(5)(B)(ii)(II) – as not extending to lawsuits that were simultaneously being ordered "joined [or] consolidated" would read out of the statute the language providing that state law claims in lawsuits that "otherwise proceed as a single action for any purpose" are subject to SLUSA dismissal. There is no question that these cases are going to proceed as a single action for pre-trial purposes, at the very least. SLUSA's language is clear: if two actions alleging fraud and misrepresentation in connection with the purchase or sale of a covered security proceed together "for any purpose," state law claims relating to the misrepresentation are not cognizable and must be dismissed. Pre-trial proceedings are a "purpose" within the meaning of the statute. Consolidation for purposes of pretrial proceedings comfortably falls within this provision's reach. And there is no statutory language that dictates the timing of consolidation vis-a-vis the timing of dismissal. Logic dictates that they can occur simultaneously. Indeed, consolidation, here, compels dismissal.

Thus, Plaintiff's suggestion that SLUSA's dismissal provision does not reach two securities fraud actions that are about to be consolidated (in the very same order directing dismissal of the state law claims) violates the "cardinal principle of statutory construction" that courts should "give effect, if possible, to every clause and word of a statute," and to avoid treating any statutory term as mere "surplusage." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (citations and internal quotations omitted).

The overwhelming weight of the case law proves the point. In *Gordon Partners v. Blumenthal,* No. 02 CIC. 7377, 2007 WL 1438753, at \*16 (S.D.N.Y. May 16, 2007), *aff'd,* 293 Fed. App'x. 815 (2d Cir. 2008), defendants who were sued for allegedly violating Section 10(b)

of the Exchange Act also argued that state claims were preempted by SLUSA and should be dismissed. Judge Kaplan agreed with the magistrate's finding in that case that the group of lawsuits had proceeded "as a single action for any purpose" based upon the fact that they had been consolidated for pre-trial purposes. The court held that "[c]onsolidation for discovery satisfies the 'any purpose' language" and that the action was a "covered class action" under SLUSA. *Gordon Partners*, 2007 WL 431864, at *18.

In *Amorosa v. Ernst & Young LLP (Amorosa II)*, 682 F.Supp.2d 351, 373–77 (S.D.N.Y. 2010), this court held that "an action need not have been formally joined or consolidated with other actions in order to be a 'covered class action' and subject to SLUSA's preemption provision." *Accord In re Refco Inc. Sec. Litig.*, 859 F. Supp. 2d 644, 648 (S.D.N.Y. 2012); *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 479 (S.D.N.Y. 2012), *aff'd*, 525 F. App'x 16 (2d Cir. 2013). On appeal, the Second Circuit agreed with this conclusion. *See Amorosa v. AOL Time Warner Inc.*, 409 F. App'x 412 (2d Cir. 2011) ("For substantially the reasons set forth by the district court in its opinion, we agree that [plaintiff's] suit falls within the definition of a 'covered class action' and thus SLUSA precludes his state law claims."). Consistent with my previous holding, and because I am "reluctan[t] to treat statutory terms as [mere] surplusage," *Babbitt v. Sweet Home Chapter of Communities for a Great Oregon*, 515 U.S. 687, 698 (1995), I reject Plaintiff's interpretation of this SLUSA provision.

Plaintiff counters that these cases are inapposite because he did not purposefully direct any form of coordination with the Diabat Class Action. (*See* Dkt. No. 15, at 4–6). Plaintiff repeatedly emphasizes that this action is brought on an individual basis: he points to the fact that he only identified this action as "related" to the Diabat Class Action to comply with Local Civil Rule

1.6(b), asserts claims only against Credit Suisse, and has never agreed to a stay or consolidation for pre-trial purposes. (*See* Dkt. No. 15, at 4–6).

But whether Plaintiff has sought to coordinate with another class action is immaterial. Courts have overwhelmingly held that SLUSA preemption applies regardless of whether a plaintiff intended to benefit from coordination. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 987 F. Supp. 2d 377, 388 (S.D.N.Y. 2013) ("It is true that [plaintiff] did not purposefully direct his lawsuit to this court, nor is his complaint a verbatim copy of the other complaints, nor is he represented by the same counsel as other plaintiffs. SLUSA, however, does not instruct the Court to consider any of these factors."); *In re Meridian Funds Grp. Sec. & Emp. Ret. Income Sec. Act (Erisa) Litig.*, No. 09-CV-7099 TPG, 2015 WL 1258380, at *10 (S.D.N.Y. Mar. 13, 2015), *aff'd sub nom. R.W. Grand Lodge of Free & Accepted Masons of Pennsylvania v. Meridian Cap. Partners, Inc.*, 634 F. App'x 4 (2d Cir. 2015). Under SLUSA, even limited consolidation for pre-trial purposes renders this a "covered class action."[1]

Based on the plain language of SLUSA's preemption provisions, and this Court's consolidation order, I conclude that this Action is a "covered class action" because it is part of a "group of lawsuits" that "proceed[s] as a single action" for pre-trial purposes. Moreover, both actions are pending in this same court, involve common questions of law or fact, *see supra* Section I, and collectively seek damages on behalf of more than 50 people, *see* Diabat Class Action, Dkt. No. 1, at 13–14. Congress clearly intended SLUSA to preempt actions such as this. Plaintiff's State Claim is dismissed as preempted by SLUSA.

---

[1] Furthermore, as I pointed out earlier, Plaintiff filed the Related Case Statement directing the present Action to this court – the court in which the Diabat Class Action was pending. (Dkt. No. 7).

## CONCLUSION

For the foregoing reasons, the Court orders as follows: (1) this action shall be consolidated with the related class action – *Diabat v. Credit Suisse Group AG*, No. 23-cv-5874 (S.D.N.Y.) – for all pre-trial purposes; and (2) Plaintiff's State Claim under Colorado law is hereby dismissed.

The Clerk of Court is respectfully directed to consolidate this case with *Diabat v. Credit Suisse Grp. AG*, 23-cv-5874 (S.D.N.Y.) for all pretrial matters. Going forward, the caption will be "*In re Credit Suisse Securities Class Actions*," with an under-legend stating "This matter relates to *Diabat* or *Core Capital* or *Gromicko* or *All Cases*." Parties shall continue to file pleadings under the appropriate docket number. Any pleading that pertains to both *Diabat* and *Gromicko* must be docketed in both cases.

It is so ordered.

Dated: September 12, 2025

_____

U.S.D.J.

BY ECF TO ALL COUNSEL