# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALI DIABAT, Individually and On Behalf of All Others Similarly Situated,

                                  Plaintiff,

- *against* -

CREDIT SUISSE GROUP AG, AXEL P. LEHMANN, ULRICH KÖRNER, DIXIT JOSHI, THOMAS GOTTSTEIN, DAVID R. MATHERS, ANTÓNIO HORTA-OSÓRIO, and PRICEWATERHOUSECOOPERS AG,

                                  Defendants.

Case No. 1:23-cv-5874-CM

[rel. 1:23-cv-04458-CM]

---

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFFS' SECOND SET OF MERITS
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Credit Suisse Group AG ("CS"), Axel P. Lehmann, Ulrich Körner, and Dixit Joshi (collectively, "Defendants"), by and through their attorneys, hereby submit responses and objections (the "Responses") to Plaintiff's Second Set of Merits Requests for Production of Documents to Defendants dated January 10, 2025 (the "Document Requests").

These Responses reflect the current state of Defendants' knowledge or information regarding the Document Requests. Defendants reserve the right to supplement or otherwise amend these Responses based on additional information obtained through investigation, discovery in the above-captioned action (the "Action"), or for any other reason.

**OFFER TO CONFER IN GOOD FAITH**

The undersigned counsel for Defendants offer to confer in good faith with counsel for Plaintiff concerning the Document Requests and the Responses, and Defendants reserve all rights.

**GENERAL RESPONSES AND OBJECTIONS**

Defendants make the following General Objections, which are incorporated into their Specific Objections and Responses below.  None of the General or Specific Objections (collectively, the "Objections") or Responses is an admission as to the relevance, materiality, authenticity, or admissibility of any information provided herein.

1.      On September 19, 2024, the Court issued a Decision and Order (the "Dismissal Order") dismissing former Defendants António Horta-Osório, Thomas Gottstein, and David Mathers from this Action (the "Former CS Defendants").  For the avoidance of doubt, these Objections and Responses are not intended to be, and are not, made on behalf of the Former CS Defendants and do not contain any representations on behalf of the Former CS Defendants.

2.      Defendants object to the Document Requests to the extent they seek to impose upon Defendants obligations that are beyond or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, the Court's Individual Practices and Procedures, and any other applicable rules, laws, statutes, or orders of the United States or any foreign jurisdiction (collectively, the "Rules"). Subject to their Objections, Defendants will, for purposes of these Responses, construe the Document Requests consistently with the Rules.

3.      Any agreement by Defendants to produce documents in response to a specific Document Request means only that responsive documents will be produced if they exist, can be located based on a reasonable search, and are not otherwise protected from disclosure. Defendants' agreement to produce documents responsive to a Document Request is not an admission that any documents responsive to that Request actually exist.

4.      Each of the Document Requests purports to quote from, paraphrase, and/or summarize what appears to be an informal English translation of the PInC Report, which was published in German.  For the avoidance of doubt, by responding to the Document Requests, Defendants (1) do not concede that any of the Document Requests accurately quote, paraphrase, or summarize the German-language version of the PInC Report and (2) expressly reserve their right to contest, at any stage of this Action, the accuracy or completeness of the PInC Report or any portion thereof.

5.      Given that almost all of the Document Requests seek information provided to or otherwise relied on by the PInC, Defendants object to all such Document Requests to the extent that producing documents in response to one or more of the Requests could expose Defendants to civil or even criminal penalties in Switzerland under Swiss laws, regulations, and/or guidance prohibiting the disclosure of information related to the PInC investigation.  Defendants therefore cannot agree to produce any documents in response to any such Document Requests unless and until they can confirm that any such production would not be subject to such penalties.

6.      Defendants object to the Document Requests to the extent that they seek information that is: (i) not in Defendants' possession, custody, or control; (ii) public, already in Plaintiff's possession, or available from other sources to which Plaintiff has access; or (iii) otherwise available through more convenient, more efficient, less burdensome, or less expensive means.

7.      Defendants object to the Document Requests to the extent they seek the production of documents or information protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint-defense or common-interest doctrines, the bank examination privilege, or any other applicable privilege, immunity, or discovery protection, or that are

3

otherwise protected from disclosure under applicable law, rules, or court orders. Nothing contained in these Responses should be construed as a waiver of any privilege, protection, immunity, or defense. Specific Objections on the ground of privilege are provided for emphasis and clarity only, and the absence of a specific Objection is neither intended, nor should be interpreted, as an indication that Defendants do not object to a Document Request on the basis of an applicable privilege, protection, or immunity. If any document or information protected by a privilege or immunity is inadvertently produced, Defendants do not waive or intend to waive any privilege or immunity from discovery pertaining to such document or information or to any other document or information, nor shall production of such material constitute a waiver of Defendants' rights to (i) seek the return of such material or (ii) object to the use of such material at any stage of the Action or in any other proceeding.

8.      Defendants object to the Document Requests to the extent that they would require the production of documents or information as to which one or more Defendants owes a duty of confidentiality or non-disclosure to a third party, including a regulatory body or government agency in any country. Defendants further object to the Document Requests to the extent the Document Requests seek the production of documents or information that, if produced, would result in violation of any contractual obligation to third parties, including clients or former clients of CS, UBS Group AG ("UBS"), or any affiliates thereof.

9.      In addition to their objections with respect to the PInC in particular set forth above, Defendants object to the Document Requests to the extent that they seek information related to investigations by any other regulatory bodies or government agencies in any country, unless and until the relevant regulatory bodies and government agencies have an opportunity to assert, and

the Court has an adequate opportunity to resolve, any objections the regulatory bodies and government agencies may have to the Document Requests.

10.    Defendants object to the Document Requests to the extent that they call for the production of privileged information or documents disclosed to the Bureau of Consumer Financial Protection, any Federal banking agency, State bank supervisor, or foreign banking authority, as those terms are used in 12 U.S.C. § 1828(x), as such disclosure "shall not be construed as waiving, destroying, or otherwise affecting any privilege such person may claim with respect to such information under Federal or State law as to any person or entity other than such Bureau, agency, supervisor, or authority."  12 U.S.C. § 1828(x)(1).

11.    Defendants object to the Document Requests to the extent that they call for the production of information or documents that contain Confidential Supervisory Information, as defined by 12 C.F.R. § 261.2(b)(1) and as discussed in 12 C.F.R. § 261.20, or any information covered by similar laws, regulations, orders, or policies of the United States, any state thereof, or any applicable foreign jurisdiction.

12.    Defendants object to the Document Requests to the extent they call for the disclosure of information that would violate any constitutional, statutory, or common law rights of privacy, confidentiality, and/or bank secrecy, including those provided under U.S. state or federal law or the law of any other jurisdiction outside the United States, including, but not limited to, (i) laws applicable to documents and data stored in Switzerland, such as Articles 271 and 273 of the Swiss Penal Code, Article 47 of the Swiss Federal Act on Banks and Savings Banks, and Article 16 of the Swiss Federal Act on Data Protection (collectively, "Swiss Privacy Statutes"); (ii) the UK Data Protection Act 2018; and (iii) Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 (the "GDPR") and the national laws implementing the GDPR.

13.     Defendants object to the Document Requests to the extent they seek documents located only in Switzerland and/or other countries that impose restrictions or limitations on information that may be transmitted to the United States.  Defendants expressly reserve their right to (i) propose production parameters that will allow the production of such documents, if any, consistent with all applicable international laws and regulations and/or (ii) take the position that certain documents or categories of documents must be procured pursuant to the Hague Convention on the Taking of Evidence in Civil or Commercial Matters or other international treaties or agreements.

14.     Defendants object to the Document Requests to the extent that they purport to request that Defendants take steps with regard to the production of electronically-stored information ("ESI") that differs from the processes set forth in the parties' ESI protocol (ECF No. 125; the "ESI Protocol").  Defendants will interpret these Document Requests consistently with the ESI Protocol.

15.     Defendants object to the Document Requests' definition of the terms "Credit Suisse" and "UBS" as overbroad to the extent that those terms purport to include entities and individuals who are not defendants in the Action and seeks information not in Defendants' possession, custody, or control.

16.     Defendants object to the Document Requests' definition of "You" or "Your" as overbroad, unduly burdensome, vague, ambiguous, not reasonably likely to lead to the discovery of admissible evidence, and seeking to require Defendants to produce documents not in their possession, custody, or control.  For the purposes of the Responses, "You" and "Your" shall be construed to refer solely to one or more of the Defendants.

6

17.     Defendants object to the "Applicable Time Period" as set out on page 4 of the Document Requests on the ground that the time period set forth therein (i) purports to require Defendants to search for and produce documents and information that are not relevant to the claims or defenses of any party in this Action and thus not proportional to the needs of the case and (ii) seeks documents from time periods as to which there is no specific allegation of wrongdoing against Defendants, or as to which any such allegations have been dismissed.  Unless otherwise specified herein, Defendants object to producing documents other than those created, modified, sent, or received between July 1, 2022 through April 30, 2023.

18.     Any agreement by Defendants to search for or produce documents does not constitute an admission that any of the Document Requests seek information or documents that are relevant to the claims, defenses, or subject matter of the Action, that responsive documents exist, that the discovery requested is proportional to the needs of the case, or that any documents or information produced by Defendants in response to one or more of the Document Requests is in any way admissible as evidence in the Action.  Nor is any such agreement in any way intended to suggest that Defendants will produce any documents or information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or protections.

19.     Defendants respectfully reserve their right to modify, revise, amend, and/or supplement these Responses and Objections.

## SPECIFIC RESPONSES AND OBJECTIONS

Document Request No. 1:

All "internal administrative and bank records" reviewed by the PinC or produced to the PInC by Credit Suisse. PInC Report at 2.

Response to Document Request No. 1

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 1 on the ground that the phrase "[a]ll 'internal administrative and bank records'" is vague and ambiguous. Given that this language was taken from a report that was not written by any Defendant, Defendants are not in a position to know what documents the PInC would or would not consider to be "internal administrative and bank records" as opposed to falling within some other category.

Defendants further object to Document Request No. 1 on the ground the PInC Report addresses numerous matters unconnected to this case. By not limiting the documents it seeks to documents that might have some relevance to this case, Document Request No. 1 is overbroad and not proportional to the needs of the case.

Defendants further object to the portion of Document Request No. 1 seeking documents "reviewed by the PinC" on the ground that Defendants are not in a position to know the scope of documents the PInC did or did not review in connection with the PInC Report.

Defendants further object to the portion of Document Request No. 1 seeking documents "produced to the PInC by Credit Suisse" to the extent that the Request seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance

8

may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 1 as written, but are willing to meet and confer to discuss, *inter alia*, (1) whether and to what extent Plaintiff is willing to narrow and/or clarify the scope of Document Request No. 1 and (2) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Document Request No. 2:

Documents and Communications concerning the FINMA 'assessment letters' sent to Credit Suisse concerning capital adequacy and liquidity requirements, the preparation of emergency, recovery, and liquidation plans as well as Credit Suisse's risk management and compliance procedure, including, but not limited to, copies of said "assessment letters." PInC Report at 6.

Response to Document Request No. 2

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 2 on the ground that it is overbroad insofar as it purports to seek FINMA "assessment letters" and documents related thereto without regard to whether those letters addressed issues relevant to Plaintiff's claims.

Defendants further object to Document Request No. 2 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance

9

may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Defendants further object to Document Request No. 2 to the extent it is duplicative, in whole or in part, of one or more of Plaintiff's December 4, 2024 First Set of Merits Requests for Production of Documents to Defendants (the "Dec. 4 Requests").  Numerous of the Dec. 4 Requests—including certain Requests in connection with which Defendants have already agreed to produce certain documents or to meet-and-confer further with Plaintiffs—seek, *inter alia*, documents concerning CS's liquidity position, capital ratio, and/or overall financial stability.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 2 as written, but are willing to meet and confer to discuss, *inter alia*, (1) whether and to what extent Plaintiff is willing to narrow and/or clarify the scope of Document Request No. 2; (2) the extent to which the documents sought by Document Request No. 2 overlap with one or more of the Dec. 4 Requests; and (3) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Document Request No. 3:

Documents and Communications concerning the formal rulings issued by FINMA to Credit Suisse concerning capital adequacy requirements, including, but not limited to, copies of the formal rulings issued by FINMA to Credit Suisse. PInC Report at 6.

Response to Document Request No. 3

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 3 on the ground that it seeks information not relevant

to Plaintiff's claims.  The Amended Complaint, as narrowed by the Court's Dismissal Order, does not contain any allegations concerning statements related to CS's "capital adequacy requirements."

Defendants further object to Document Request No. 3 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections.  In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Defendants further object to Document Request No. 3 to the extent it is duplicative, in whole or in part, of one or more of the Dec. 4 Requests.  Numerous of the Dec. 4 Requests— including certain Requests in connection with which Defendants have already agreed to produce certain documents or to meet-and-confer further with Plaintiffs—seek, *inter alia*, documents concerning CS's liquidity position, capital ratio, and/or overall financial stability.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 3 as written, but are willing to meet and confer to discuss, *inter alia*, (1) the reasons, if any, Plaintiff believes that the documents requested by Document Request No. 3 are relevant to this case; (2) the extent to which the documents sought by Document Request No. 3 would already be captured by one or more of the Dec. 4 Requests; and (3) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

11

Document Request No. 4:

Documents and Communications concerning the "regulatory filter" granted by FINMA to Credit Suisse, including, but not limited to, Documents and Communications concerning: (i) the impact of the "regulatory filter" on Credit Suisse's capital ratio, SEC filings, and financial statements and (ii) how and why Credit Suisse publicly reported the amount of the "regulatory filter" in the manner it did. PInC Report at 6.

Response to Document Request No. 4

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 4 on the ground that it seeks information not relevant to Plaintiff's claims. The Amended Complaint, as narrowed by the Court's Dismissal Order, does not contain any allegations concerning the "regulatory filter," nor does it contain any allegations that any Defendant misstated the amount of CS's regulatory capital or equity ratio.

Defendants further object to Document Request No. 4 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 4 as written, but are willing to meet and confer to discuss, *inter alia*, (1) the reasons, if any, Plaintiff believes that the documents requested by Document Request No. 4 are relevant to this case and (2) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions

on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Document Request No. 5:

Documents and Communications concerning any enforcement proceedings initiated by FINMA against Credit Suisse or members of the Board. PInC Report at 7-8.

Response to Document Request No. 5

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 5 on the ground that it is overbroad, seeks information not relevant to Plaintiff's claims, is not tailored to the needs of this Action, and is duplicative of one or more of the Dec. 4 Requests. Specifically, Document Request No. 5 is not limited to FINMA enforcement proceedings, if any, that could be relevant to this case. To the extent Document Request No. 5 does seek information about FINMA enforcement proceedings, if any, that could be relevant to this case, such documents are already sought by, *inter alia*, Request No. 20 in the Dec. 4 Requests, which seeks, in part, "Documents and Communications . . . concerning investigations, inquiries, or actions relating to the subject matters of this Action . . . by a government, regulatory agency, or government agency, including . . . FINMA." Defendants therefore incorporate herein their responses and objections to Request No. 20 in the Dec. 4 Requests.

Defendants further object to Document Request No. 5 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance

may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the above General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 5 unless responsive to one or more other Document Requests in connection with which Defendants have agreed or later agree to produce documents.

Document Request No. 6:

Documents and Communications concerning any request for ELA or any ELA to be provided or provided by the SNB to Credit Suisse, including, but not limited to the following:
a. Credit Suisse's decisions to not draw on ELA funds on three occasions between October and December 2022, "partly due to the potential stigmatizing effect of having to report receiving ELA" (PInC Report at 8);
b. Credit Suisse's ELA application sent to the SNB on or about March 15, 2023 (PInC Report at 19);
c. Credit Suisse's ELA application sent to the SNB on or about March 17, 2023 (PInC Report at 19); and
d. Credit Suisse's ELA application sent to the SNB after the decision was made to merge CS with UBS (PInC Report at 21).

Response to Document Request No. 6

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 6 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objection, Defendants are willing to meet and confer to discuss, *inter alia*, (1) whether and to what extent CS is in a position to produce any documents in response to Document Request No. 6 in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges; and (2) to the extent the parties are able to reach agreement on the scope of any production that does not conflict with applicable restrictions and/or privileges, potentially appropriate document custodians and search terms.

Document Request No. 7:

Documents and Communications, including any notes or minutes, concerning the following meetings, planned but canceled meetings, and "non-meetings":

    a. The "weekly high-level meetings [from September 2022] held with CS senior management to examine strategic and operational developments" (PInC Report at 12);

    b. The Federal Council meeting scheduled for November 4, 2022, that was cancelled on November 2, 2022 (PInC Report at 14);

    c. The "so-called non-meetings" between the end of October 2022 and December 2022 with the Chairman of the Board, including, but not limited to, the "non-meetings" in late October 2022 and on December 4 and 29, 2022 (PInC Report at 14-16);

    d. The "working-level meetings" between FINMA, the SNB, and Credit Suisse to discuss the implications of the Saudi National Bank's statement that there would be no further investments in Credit Suisse (PInC Report at 18);

    e. The telephone meeting between the head of the FDF and Credit Suisse senior management on the evening of March 15, 2023, wherein the expectations of the FDF were conveyed to Credit Suisse (PInC Report at 18);

    f. The "initial telephone call between CS and UBS, which proved inconclusive" (PInC Report at 19);

    g. The "video call" on March 17, 2023, with representatives of the FDF, the SIF, the FFA, FINMA, and the SNB's Governing Board, and the Chairman of the Board and the CEO of Credit Suisse, wherein there was a discussion about the liquidation of Credit Suisse or takeover of Credit Suisse by UBS (PInC Report at 19);

    h. The "clarification meeting" on March 17, 2023, with the SIF and the heads of UBS and Credit Suisse (PInC Report at 19); and

    i. The meeting held on March 19, 2023, between the Chairman of the Board and various government officials, wherein there were discussions about, inter alia, the "point of non-viability" (PInC Report at 20).

Response to Document Request No. 7

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 7 on the ground that it is overbroad and not tailored to the needs of this Action, insofar as it is not limited to facts relevant to Plaintiff's claims.  For example, the suggestion that CS management held weekly meetings with FINMA beginning in or about September 2022 does not mean those meetings concerned any facts relevant to the Action. Similarly, the suggestion that personnel from CS and UBS engaged in telephone calls or meetings on or after March 16, 2023 does not mean those telephone calls addressed any facts relevant to the Action—particularly given that the last alleged misstatement referenced in the Amended Complaint allegedly occurred on March 15, 2023.

Defendants further object to Document Request No. 7 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections.  In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 7 as written, but are willing to meet and confer to discuss, *inter alia*, (1) whether and to what extent Plaintiff is willing to narrow the scope of Document Request No. 7 and (2) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and

16

on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Document Request No. 8:

Documents and Communications concerning the SNB's "daily liquidity monitoring with CS from June 2022." PInC Report at 13.

Response to Document Request No. 8

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 8 to the extent it is duplicative, in whole or in part, of one or more of the Dec. 4 Requests.  Numerous of the Dec. 4 Requests—including certain Requests in connection with which Defendants have already agreed to produce certain documents or to meet-and-confer further with Plaintiffs—seek, *inter alia*, documents concerning CS's liquidity position, and it is unclear how information concerning the Swiss National Bank's monitoring of that position would provide Plaintiff any non-cumulative relevant information.

Defendants further object to Document Request No. 8 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections.  In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants will not produce documents responsive to Document Request No. 8 as written.  However, Defendants are willing to meet and confer to discuss, *inter alia*, (1) the extent to which the documents sought by Document Request No. 8 overlap with one or more of the Dec. 4 Requests and (2) whether and to

what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Document Request No. 9:

Documents and Communications concerning any "public liquidity backstop" (PInC Report at 13), including, but not limited to, Documents and Communications concerning (i) "CS's concern regarding a negative public reaction" to an emergency public liquidity backstop on or about November 2022 (PInC Report at 14), and (ii) Credit Suisse's fear that the early introduction of a public liquidity backstop in autumn/winter 2022 could have a negative impact on the markets (PInC Report at 18).

Response to Document Request No. 9

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 9 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objection, Defendants are willing to meet and confer to discuss, *inter alia*, (1) whether and to what extent CS is in a position to produce any documents in response to Document Request No. 9 in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges; and (2) to the extent the parties are able to

18

reach agreement on the scope of any production that does not conflict with applicable restrictions and/or privileges, potentially appropriate document custodians and search terms.

Document Request No. 10:

Documents and Communications concerning the "liquidity-shortage financing facility, which would have provided CS with access to up to CHF 10 billion in liquidity," including, but not limited to, Documents and Communications concerning the reasons why Credit Suisse voluntarily withdrew its application at the end of October 2022. PInC Report at 13.

Response to Document Request No. 10

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 10 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objection, Defendants are willing to meet and confer to discuss, *inter alia*, (1) whether and to what extent CS is in a position to produce any documents in response to Document Request No. 10 in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges; and (2) to the extent the parties are able to reach agreement on the scope of any production that does not conflict with applicable restrictions and/or privileges, potentially appropriate document custodians and search terms.

Document Request No. 11:

Documents and Communications concerning the "valuation-in-resolution exercise" for Credit Suisse carried out in November 2022. PInC Report at 13.

Response to Document Request No. 11

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 11 on the ground that it seeks information that is either cumulative or irrelevant. To the extent Plaintiff believes that information concerning the "valuation-in-resolution exercise" bears on the topic of CS's liquidity situation, numerous other Document Requests and Dec. 4 Requests already seek such information. To the extent Plaintiff believes information concerning the "valuation-in-resolution exercise" bears on any other topic, it is not clear how any such topic would be relevant to this Action.

Defendants further object to Document Request No. 11 because it seeks, in its entirety, information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation. Moreover, Defendants observe that the PInC report indicates that the "exercise" at issue in Document Request No. 11 involved the participation of, in addition to FINMA and the SNB, the U.K. Prudential Regulatory Authority, the Federal Deposit Insurance Corporation, the U.S. Federal Reserve, and the New York State Department of Financial Services.

Subject to the foregoing General Objections and Specific Objections, do not intend to produce any documents in response to Document Request No. 11.

Document Request No. 12:

Documents and Communications concerning discussions on or about November 1, 2022, with both the head of the FDF and Chairman of the SNB's Governing Board and the Chairman of the Board about Credit Suisse taking the necessary steps in preparation for a sale of Credit Suisse. PInC Report at 14.

Response to Document Request No. 12

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 12 on the ground that it seeks information that is either cumulative or irrelevant. To the extent Plaintiff believes that information concerning purported instructions to prepare for a potential sale of the bank bears on the topic of CS's liquidity situation, numerous other Document Requests and Dec. 4 Requests already seek such information. To the extent Plaintiff believes information concerning purported instructions to prepare for a potential sale of the bank bears on any other topic, it is not clear how any such topic would be relevant to this Action.

Defendants further object to Document Request No. 12 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 12 as written, but are willing to meet and confer to discuss, *inter alia*, (1) the extent (if any) to which Plaintiff believes Document Request No. 12 seeks relevant information not already addressed by other Document

Requests and Dec. 4 Requests and (2) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

<u>Document Request No. 13</u>:

Documents and Communications concerning the Steering Committee members' opinions, at the end of November 2022, that they considered a Credit Suisse "turnaround to be unlikely." PInC Report at 14.

<u>Response to Document Request No. 13</u>

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 13 on the ground that it seeks information not likely to be in the possession, custody, or control of any Defendant. Specifically, the PInC Report indicates that the "Steering Committee" was made up of representatives of FINMA, the Swiss National Bank, and the Swiss Department of Finance, not any representative of CS.

Defendants further object to Document Request No. 13 on the ground that, even if one or more Defendants possessed documents responsive to Document Request No. 13, the Request is either cumulative or irrelevant. Numerous other Document Requests and Dec. 4 Requests already seek information concerning the financial stability of CS during the putative Class Period, and it is unclear how the documents sought by Document Request No. 13 would bear on any other topic relevant to this Action.

Defendants further object to Document Request No. 13 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable

privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 13 as written, but are willing to meet and confer to discuss, *inter alia*, (1) the extent (if any) to which Plaintiff believes Document Request No. 13 seeks relevant information not already addressed by other Document Requests and Dec. 4 Requests and (2) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Document Request No. 14:

Documents and Communications concerning the public expression of support by both the Chairman of the SNB's Governing Board and the head of the FDF in December 2022 for "the new strategy adopted by CS," including, but not limited to, Documents and Communications concerning discussions about the "stabilizing effect that public statements by the authorities would have on the bank's situation." PInC Report at 15.

Response to Document Request No. 14

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 14 on the ground that it seeks irrelevant information. The Amended Complaint alleges that Defendants—not the Swiss authorities or any representatives thereof—made purportedly false or misleading statements. Information concerning statements made by the Swiss authorities or any representatives thereof to the public, therefore, is not relevant to the claims in this Action.

23

Defendants further object to Document Request No. 14 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 14.

Document Request No. 15:

Documents and Communications concerning FINMA's instruction to "Credit Suisse to develop a short- and medium-term sale scenario by early January so that it would be prepared for an emergency sale of the bank." PInC Report at 16.

Response to Document Request No. 15

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 15 on the ground that it seeks information that is either cumulative or irrelevant. To the extent Plaintiff believes that information concerning the FINMA's purported instruction bears on the topic of CS's liquidity situation, numerous other Document Requests and Dec. 4 Requests already seek such information. To the extent Plaintiff believes information concerning FINMA's purported instruction bears on any other topic, it is not clear how any such topic would be relevant to this Action.

Defendants further object to Document Request No. 15 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited

to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 15 as written, but are willing to meet and confer to discuss, *inter alia*, (1) the extent (if any) to which Plaintiff believes Document Request No. 15 seeks relevant information not already addressed by other Document Requests and Dec. 4 Requests and (2) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Document Request No. 16:

The "shortlist of four potential buyers" provided by Credit Suisse to FINMA in early January 2023. PInC Report at 16.

Response to Document Request No. 16

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 16 on the ground that seeks irrelevant information. The identities of potential buyers of CS has no relevance to any of Plaintiff's claims.

Defendants further object to Document Request No. 16 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance

25

may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce documents responsive to Document Request No. 16.

Document Request No. 17:

All Documents contained in the "required data room" prepared by Credit Suisse around mid-January 2023. PInC Report at 16.

Response to Document Request No. 17

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 17 on the ground that it seeks information that is either cumulative or irrelevant. To the extent documents in any such data room addressed topics relevant to this Action, such as CS's financial condition or the amount of asset inflows or outflows at any relevant time, numerous other Document Requests and Dec. 4 Requests already seek such information.

Defendants further object to Document Request No. 17 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 17, unless responsive to

26

one or more other Document Requests in connection with which Defendants have agreed or later agree to produce documents.

Document Request No. 18:

Documents and Communications concerning any discussions, offers, negotiations, or meetings about the Merger between March 16, 2023, and March 20, 2023. PInC Report at 19.

Response to Document Request No. 18

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 18 on the ground that it is wholly duplicative of Dec. 4 Request 16, which seeks, *inter alia*, "Documents and Communications . . . concerning . . . the Merger."

Defendants further object to Document Request No. 18 on the ground that it is overbroad. Except to the extent related to one of the topics at issue in this Action (which are addressed by numerous other Document Requests and Dec. 4 Requests), the details of the merger between CS and UBS, or any negotiations concerning that merger, are not relevant to the Action.

Defendants further object to Document Request No. 18 to the extent it seeks information protected from discovery due to the attorney-client privilege, attorney work-product doctrine, the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA") or other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 18, unless responsive to

27

one or more other Document Requests in connection with which Defendants have agreed or later agree to produce documents.

Document Request No. 19:

The final, executed Merger agreement between UBS and Credit Suisse.

Response to Document Request No. 19

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 19 on the ground that it seeks irrelevant information. The specific terms of the merger between CS and UBS would not bear on whether any of the alleged misstatements at issue in this Action were true or false, or whether any Defendant acted with scienter, particularly given that the merger was not agreed upon until after the last alleged misstatement was made.

Subject to the foregoing General Objections and Specific Objection, Defendants do not intend to produce any documents in response to Document Request No. 19.

Document Request No. 20:

A copy of the "revised and approvable draft of [Credit Suisse's] restructuring plan" submitted by Credit Suisse to FINMA on or about March 17, 2023. PInC Report at 19.

Response to Document Request No. 20

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 20 on the ground that it seeks irrelevant information. The specific terms of any restructuring plan drafted by CS would not bear on whether any of the alleged misstatements at issue in this Action were true or false, or whether any Defendant acted with scienter.

Defendants further object to Document Request No. 20 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure

28

of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 20.

Document Request No. 21:

Documents and Communications concerning Credit Suisse's proposal of "BlackRock as a new potential takeover partner," including, but not limited to, the rejection by BlackRock's management of the proposal. PInC Report at 20.

Response to Document Request No. 21

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 21 on the ground that it seeks irrelevant information. Any discussions with BlackRock concerning a potential takeover of CS has no relevance to any of Plaintiff's claims, particularly given that that, according to the PInC Report, BlackRock was not raised as a potential takeover partner until days after the last alleged misstatement was made.

Defendants further object to Document Request No. 21 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections. In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

29

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 21.

Document Request No. 22:

A copy of the "extremely critical letter" sent on or about March 19, 2023, by Credit Suisse to the SIF, "stating that the conditions were unacceptable." PInC Report at 20.

Response to Document Request No. 22

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 22 on the ground that it seeks irrelevant information. According to the PInC Report, the letter at issue focused on specific terms of a potential merger between CS and UBS, which are not relevant to this Action, particularly given, according to the PInC Report, the letter was sent days after the last alleged misstatement..

Defendants further object to Document Request No. 22 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections.  In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 22.

Document Request No. 23:

Documents and Communications concerning the "joint press conference held by the banks' senior management, the head of the FDF, the President of the Swiss Confederation and the heads of FINMA and the SNB" about the Merger. PInC Report at 21.

Response to Document Request No. 23

In addition to the foregoing General Objections, which are incorporated here by reference, Defendants object to Document Request No. 23 on the ground that it seeks information that is that it seeks information that is either cumulative or irrelevant.  To the extent Plaintiff believes that information concerning the press conference bears on the topic of CS's liquidity situation, financial stability, or any other relevant topic, numerous other Document Requests and Dec. 4 Requests already seek such information.  To the extent Plaintiff believes information concerning the press conference bears on any other topic, it is not clear how any such topic would be relevant to this Action.

Defendants further object to Document Request No. 23 to the extent it seeks information protected from discovery under the bank examination privilege, other limitations on the disclosure of communications with or concerning CS's financial or other regulators (including but not limited to under the Swiss Financial Market Supervision Act, or "FINMASA"), or any other applicable privileges or protections.  In particular, as set forth above, Swiss laws, regulations, and/or guidance may impose civil or criminal penalties in connection with the disclosure of any documents that could reveal information concerning the PInC investigation.

Subject to the foregoing General Objections and Specific Objections, Defendants do not intend to produce any documents in response to Document Request No. 23 as written, but are willing to meet and confer to discuss, *inter alia*, (1) the extent (if any) to which Plaintiff believes Document Request No. 23 seeks relevant information not already addressed by other Document

31

Requests and Dec. 4 Requests and (2) whether and to what extent CS is in a position to produce any such documents in any event in light of restrictions on international discovery and on the disclosure of information related to the PInC investigation, among other applicable restrictions and/or privileges.

Dated:  February 10, 2025

**CAHILL GORDON & REINDEL LLP**

By: /s/ Jason M. Hall
Herbert S. Washer
Jason M. Hall
Tammy L. Roy
Nicholas N. Matuschak
Ivan Torres
Kevin Kelly
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
troy@cahill.com
nmatuschak@cahill.com

*Attorneys for Defendant Credit Suisse Group AG*

**GOODWIN PROCTER LLP**

By: /s/ Richard M. Strassberg
Richard M. Strassberg
Daniel P. Roeser
Jessica Vogele
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800
rstrassberg@goodwinlaw.com
droeser@goodwinlaw.com
jvogele@goodwinlaw.com

*Attorneys for Defendant Axel P. Lehmann*

**MILBANK LLP**

/s/ George S. Canellos
George S. Canellos
55 Hudson Yards
New York, New York 10001-2163
Telephone:  212-530-5000
gcanellos@milbank.com

*Attorney for Defendant Ulrich Körner*

**HECKER FINK LLP**

/s/ Sean Hecker
Sean Hecker
Kate L. Doniger
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
shecker@heckerfink.com
kdoniger@heckerfink.com

*Attorneys for Defendant Dixit Joshi*