**KSF**
**KAHN SWICK & FOTI, LLC**

250 Park Avenue, 7th Floor
New York, NY 10177

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

NEW ORLEANS
**NEW YORK**
DELAWARE
LOS ANGELES
CHICAGO
NEW JERSEY
LUXEMBOURG*

November 10, 2025

Kim E. Miller
Partner – Admitted in NY & CA
Direct: 212.696.3732
kim.miller@ksfcounsel.com

*via ECF*

Hon. Colleen McMahon
United States District Court Judge
Sothern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

   Re: *In re: Credit Suisse Securities Fraud Class Actions*, Nos. 1:23-cv-5874 and 1:23-cv-9287 (S.D.N.Y.) (This matter relates to: both *Diabat* and *Core Capital*)

Dear Judge McMahon:

  On July 7, 2025, the Court granted Lead Plaintiff Ali Diabat's motion for class certification and certified a class consisting of purchasers of Credit Suisse ADSs, Credit Suisse Options, and seven Credit Suisse notes (not including AT1 Bondholders). *See* ECF No. 138 at 15. In that same order, the Court consolidated the *Core Capital* case with this case for all pre-trial matters. *Id*. at 22. In *Core Capital*, lead plaintiff Core Capital Partners, Ltd. ("Core Capital") has moved for certification of a class that includes AT1 Bondholders only. *See Core Capital* ECF No. 48. Core Capital's motion for class certification was fully briefed on October 24, 2025. *See Core Capital* ECF No. 54.

  Before Lead Plaintiff Diabat moves the Court for approval of class notice pursuant to Fed. R. Civ. P. 23(c)(2)(B), we seek Your Honor's guidance regarding the preferred timing of that motion given that if the *Core Capital* class is also certified, Core Capital will likewise need to issue notice to Credit Suisse AT1 Bondholders (some of whom could potentially be *Diabat* class members as well). As a result, Plaintiff Diabat thought that the Court may prefer for him to wait to file his motion to approve class notice until after the Court resolves Core Capital's motion for class certification. That way, if Core Capital's motion is granted, both Plaintiff Diabat and Plaintiff Core Capital could jointly move the Court to approve one notice to both classes to avoid any confusion of class members possibly receiving two similar notices at different times and to potentially save costs for both classes. *Cf. In re LendingClub Sec. Litig.*, No. 16-cv-02627, 2017 U.S. Dist. LEXIS 189200, at *13 (N.D. Cal. Nov. 14, 2017) (approving joint notice to state court plaintiffs and federal court plaintiffs). In anticipation of this motion to approve joint notice, Plaintiff solicited competitive bids for the cost of providing class notice to both the *Diabat* and *Core Capital* classes and, in consultation with Counsel for Core Capital, selected a proposed administrator to provide such notice. If Core Capital's motion is denied, however, Plaintiff Diabat will simply file his motion to approve notice to the *Diabat* class at that time. Nevertheless, if the


Court prefers that Plaintiff Diabat file his motion to approve notice now, he stands ready to do so promptly.

    We have conferred with counsel for Core Capital, and they are not opposed to this approach.

                              Respectfully submitted,

                              */s/ Kim E. Miller*
                              Kim E. Miller

Cc:    All Counsel of Record (*via ECF*)