# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| | | |
|---|---|---|
| 1990 K STREET, N.W.<br>WASHINGTON, DC 20006<br>(202) 862-8900 | 221 W. 10th STREET<br>WILMINGTON, DE 19801<br>(302) 884-0000 | 20 FENCHURCH STREET<br>LONDON EC3M 3BY<br>+44 (0) 20 7920 9800 |

May 7, 2026

Re:    *In re Credit Suisse Securities Fraud Class Action*, Case No.
1:23-cv-05874-CM-SLC (S.D.N.Y.)

Dear Judge McMahon:

We represent Defendant Credit Suisse Group AG ("CS") in the above-captioned action (the "Action") and write jointly with counsel for Defendants Axel Lehmann, Ulrich Körner, and Dixit Joshi (collectively, "Defendants") concerning Plaintiff's motion seeking leave to file a second amended complaint.  *See* ECF No. 185.

Although framed as a motion for leave to amend under Federal Rule of Civil Procedure 15 (*see id.* at 6), we respectfully submit that is not the proper procedural vehicle for the relief sought. Rather,  Plaintiff's application is a motion for reconsideration in disguise because Plaintiff is seeking to file a complaint (ECF No. 184-1 (filed under seal) and ECF No. 185-1 (redacted); the "PSAC") that would reinstate claims and parties that Your Honor dismissed with prejudice in a detailed written opinion on September 19, 2024, nearly 20 months ago.

In that decision, the Court held that "all claims of securities fraud based on [over 50 alleged misstatements made prior to October 27, 2022], whether against Credit Suisse or against the Individual Defendants, and whether pleaded under Section 10 or Section 20 of the Exchange Act, are dismissed **with prejudice and without leave to replead**," *Diabat* v. *Credit Suisse Group AG*, 2024 WL 4252502, at *93 (S.D.N.Y. Sept. 19, 2024) (McMahon, J.) (emphasis added).  The Court also "dismissed with prejudice from this action" individual defendants Thomas Gottstein, António Horta-Osório, and David Mathers.  *Id.* at *136 n.19.  In doing so, your Honor concluded that "the pleading deficiencies identified by the Court with respect to [the pre-October 2022 statements] cannot be cured by amendment" and, therefore, amendment addressed to the dismissed claims and defendants was "not allowed."  *Id.* at *92.

Notwithstanding the Court's explicit ruling, Plaintiff now proposes a new pleading that seeks to, *inter alia*, restore to this case four of the pre-October 2022 statements Your Honor previously dismissed with prejudice: (1) comments an unidentified CS spokesperson allegedly made to *Reuters* on or about May 31, 2022 (*compare* PSAC ¶¶ 81-84 *with Diabat*, 2024 WL 4252502, at *78); (2) statements made during CS's July 27, 2022 earnings conference (*compare* PSAC ¶¶ 89-91 *with Diabat*, 2024 WL 4252502, at *86-88); (3) CS's July 27, 2022 media release and investor presentation (*compare* PSAC ¶¶ 92-94 *with Diabat*, 2024 WL 4252502, at *83-84); and (4) CS's July 27, 2022 earnings release (*compare* PSAC ¶¶ 92-94 *with Diabat*, 2024 WL 4252502, at *84-86).  Plaintiff also seeks to reinstate Messrs. Gottstein and Mathers as named defendants in connection with these statements.

CAHILL GORDON & REINDEL LLP

-2-

Claims that have been dismissed with prejudice cannot, by definition, be amended. Defendants respectfully submit that Your Honor should deny Plaintiff's motion in its entirety on that basis alone, particularly because the two public reports that are the principal sources on which the PSAC relies in attempting to justify an amendment were published in December 2023 and December 2024.  *See* PSAC at 2.

If Your Honor nonetheless wishes to consider Plaintiff's motion, Defendants submit that it is more properly viewed as a motion for reconsideration under Federal Rule of Civil Procedure 54(b), not a motion for leave to amend under Rule 15.  *See, e.g.*, *In re Bisys Sec. Lit.*, 496 F. Supp. 2d 384 (S.D.N.Y. 2007), *aff'd sub nom. Public Emp. Ret. Ass'n of New Mexico* v. *PricewaterhouseCoopers LLP*, 305 F. App'x 742 (2d Cir. 2009).

In *Bisys*, the plaintiffs' securities-law claims against one of the defendants had been dismissed with prejudice following a motion to dismiss.  *Id.* at 385-86.  Then, approximately one year later, the plaintiffs sought to add the dismissed defendant back to the case as a party and to add new allegations concerning that party's scienter.  *Id.* at 386.  As here, the plaintiffs "purport[ed] to be making [their] request under Fed. R. Civ. P. 15(a)," but because "the claims against [the proposed defendant] were previously dismissed with prejudice," Judge Rakoff "construe[d] plaintiffs' request as a motion under Fed. R. Civ. P. 54(b), seeking revision of the dismissal with prejudice prior to final judgment being entered."  *Id.*  After construing the motion as one under Rule 54(b), Judge Rakoff denied it, holding that—even assuming that documents produced in discovery qualified as "new evidence" under the Rule 54(b) standard—it would be unduly prejudicial and defeat one of the central purposes of the PSLRA to allow the plaintiffs to add the dismissed defendants back into the case.  *Id.* at 386-87.

Other courts in this District have since taken the same approach.  *See, e.g.*, *New York ex rel. Khurana* v. *Spherion Corp.*, 2019 WL 1274710, at *2 (S.D.N.Y. Mar. 20, 2019) ("Courts have treated a party's motion for leave to amend a claim that has been dismissed with prejudice as a motion for reconsideration under Rule 54(b)."); *Microbanc, LLC* v. *InspireMD Inc.*, 2018 WL 522335, at *3 (S.D.N.Y. Jan. 22, 2018) ("Because the Court dismissed Plaintiff's unjust enrichment, quantum meruit, and fraud claims with prejudice, the Court construes Plaintiff's motion for leave to amend with respect to those claims as a motion for reconsideration of the [earlier opinion] on those counts.").

For the reasons set forth above, Defendants believe the pending motion is—if anything— a motion for reconsideration.  Because Section V.E.5 of Your Honor's Individual Practices and Procedures states that, on motions for reconsideration, opposing parties should not respond unless Your Honor directs them to do so, Defendants do not intend to respond to the motion unless Your Honor directs.  If Your Honor does believe that Defendants' response is required or would be helpful—either because, notwithstanding the above, Your Honor wishes to treat the motion as one under Rule 15 or for any other reason—Defendants are prepared to respond promptly on whatever schedule the Court sets.  For the avoidance of doubt, if Your Honor permits the PSAC to be filed

CAHILL GORDON & REINDEL LLP

-3-

under Rule 54(b), Rule 15(a), or otherwise, Defendants intend to move to dismiss it under Rule 12 after it is filed, and reserve all rights.

Defendants appreciate Your Honor's consideration of this letter, and stand ready to provide any further information or take any further steps Your Honor believes would be helpful or appropriate under the circumstances.

Respectfully submitted,

**GOODWIN PROCTER LLP**

By: /s/ Richard M. Strassberg
Richard M. Strassberg
Daniel Roeser
Jessica Vogele
The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 813-8800
rstrassberg@goodwinlaw.com
droeser@goodwinlaw.com
jvogele@goodwinlaw.com

*Counsel for Defendant Axel P. Lehmann*

**HECKER FINK LLP**

By: /s/ Sean Hecker
Sean Hecker
Kate L. Doniger
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Email: shecker@heckerfink.com
Email: kdoniger@heckerfink.com

*Counsel for Defendant Dixit Joshi*

**CAHILL GORDON & REINDEL LLP**

By: /s/ Herbert S. Washer
Herbert S. Washer
Jason M. Hall
Edward N. Moss
Tammy L. Roy
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
emoss@cahill.com
troy@cahill.com
nmatuschak@cahill.com

*Counsel for Defendant Credit Suisse Group AG*

**MILBANK LLP**

By: /s/ George S. Canellos
George S. Canellos
Elizabeth Hamilton
55 Hudson Yards
New York, New York 10001-2163
(212) 530-5000
gcanellos@milbank.com
ehamilton@milbank.com

Brenton T. Culpepper
1101 New York Ave, NW
Washington, D.C. 20005
Telephone: (202) 835-7500

CAHILL GORDON & REINDEL LLP

-4-

bculpepper@milbank.com

*Counsel for Defendant Ulrich Körner*

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

cc:    All Counsel of Record