# K S F

KAHN SWICK & FOTI, LLC

250 Park Avenue, 7th Floor
New York, NY 10177

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

NEW ORLEANS
**NEW YORK**
DELAWARE
LOS ANGELES
CHICAGO
NEW JERSEY
LUXEMBOURG*

May 8, 2026

*via ECF*

Kim E. Miller
Partner – Admitted in NY & CA
Direct: 212.696.3732
kim.miller@ksfcounsel.com

Hon. Colleen McMahon
United States District Court Judge
Sothern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2550
New York, New York 10007

Re:   *In re: Credit Suisse Securities Fraud Class Actions*, No. 1:23-cv-5874-CM-SLC
      (S.D.N.Y.) (This matter relates to: *Diabat*)

Dear Judge McMahon:

We represent Lead Plaintiff Ali Diabat ("Plaintiff") and the certified class in the above-captioned action (the "Action"), and write to briefly respond to the letter brief filed yesterday by Defendants Credit Suisse Group AG, Axel Lehmann, Ulrich Körner, and Dixit Joshi (collectively, "Defendants"), *see* ECF 188 (the "Letter"), filed in opposition to Plaintiff's recently filed motion seeking leave to file a proposed second amended complaint (the "PSAC"). *See* ECF No. 185 (the "Motion to Amend").

Defendants' letter motion to strike Plaintiff's Motion to Amend "in its entirety" argues "that it is not the proper procedural vehicle for the relief sought," Letter at 1, 2, yet such letters are themselves procedurally prohibited under Local Rule 7.1(e) and Your Honor's Individual Rule V.H. Defendants are foisting another round of briefing on the Court because not only do they want to take a second bite by filing an opposition brief to Plaintiff's Motion to Amend, but also, if the Court grants Plaintiff's motion (which involves a futility analysis of whether the allegations would survive a motion to dismiss), they plan on gnawing on that apple's core by *still* "filing a motion to dismiss." Letter at 2-3. Plaintiff briefly responds to demonstrate why Defendants' position is wrong.

First, Defendants mischaracterize the new allegations in the PSAC as merely "reinstat[ing] claims and parties that Your Honor dismissed with prejudice." Letter at 1. In fact, the alleged misstatements on July 27, 2022, and March 16, 2023, are wholly new, as are the supplementary reasons for falsity added to many of the previously sustained misrepresentations and myriad additional facts peppered throughout the PSAC. Defendants do not – and cannot – explain how the "motion for reconsideration" vehicle would be appropriate when Your Honor never considered those allegations in the first place.

MEMO ENDORSED

have now causes of action to add, the motion will likely be denied in any event. But the plaintiff defendants must file a BRIEF, not a letter.

**K S F**

KAHN SWICK & FOTI, LLC

Second, for the single dismissed pre-October 2022 misrepresentation that Plaintiff realleges in the PSAC, Your Honor's analysis is starkly different from the other pre-October 2022 allegations. The Court found various pre-October 2022 allegations were "futile" to amend, because they involved statements that were (1) demonstrably true, (2) protected by the PSLRA safe harbor, (3) puffery, (4) already known to the market, (5) based on fraud by hindsight pleading, or (6) "pure omissions," ECF 109 at 163. For the portion of the May 31, 2022 statement that Plaintiff realleges, the Court held instead that "Plaintiff pleads no fact tending to show that Credit Suisse was, in fact, considering the possibility of raising additional capital as early as May 2022, which is what would be required for the challenged statement to have been false when it was made." *Id.* at 138-39. Because "an amendment is not 'futile' if it could withstand a motion to dismiss under Rule 12(b)(6)," and the pleading needed only additional facts to survive motion to dismiss, Plaintiff did not understand Your Honor to mean that this particular statement was futile to amend. *See Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp.*, No. 12 Civ. 5141, 2013 WL 2190071, at *1 (S.D.N.Y. May 21, 2013) (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). With Plaintiff now pleading the very facts that were required to make the May 31, 2022 statement actionable, Plaintiff submits that amendment is not futile for that reason.

Third, even if the Court finds that some aspects of the PSAC are better analyzed under Rule 54(b) rather than Rule 15(a), the Court can, like in each one of Defendants' cited cases, simply construe the motion under Rule 54(b) for those sections. Based on the detailed facts of the PSAC, which facts only became available after the filing of the operative complaint and directly contradict Defendants' public representations, Plaintiff respectfully submits the result would be no different. Without wading too deeply into Defendants' case law, which we suspect will be addressed in subsequent briefing, Plaintiff notes that the rationale Defendants rely on in *In re Bisys Sec. Litig.* has recently been strongly criticized. *See, e.g., In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-CV-8585 (LJL), 2024 WL 791545, at *6 (S.D.N.Y. Feb. 26, 2024) ("There is no reason, in logic or in law, why if after discovery began Plaintiffs discovered a "smoking gun" through that discovery, they should be categorically barred from seeking an amendment based on that smoking gun."); *In re Upstart Holdings, Inc. Sec. Litig.*, No. 2:22-CV-02935, 2025 WL 2772475, at *5 (S.D. Ohio Sept. 29, 2025) ("this Court finds that *In re Bisys* 'does not establish a rule, much less a controlling one, that all efforts to amend seeking to reassert previously dismissed claims against previously dismissed defendants are subject to analysis under Rule 54(b) standards.'") (citation omitted).

In summary, Defendants' reasoning for "deny[ing] Plaintiff's motion in its entirely," Letter at 2, has no merit or precedent, and should have been raised in their opposition brief, which, under Local Rule 6.1(b), is due on May 15, 2026.

Respectfully submitted,

*/s/ Kim E. Miller*
Kim E. Miller

Cc:   All Counsel of Record (*via ECF*)

-2-