UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————x

In re: CREDIT SUISSE SECURITIES
FRAUD CLASS ACTIONS

23-cv-5874 (CM)

This matter relates to:

*Diabat*
————————————————————————————X

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND WITHOUT PREJUDICE

McMahon, J.:

Plaintiff has moved for leave to file a proposed Second Amended Complaint. Defendants oppose. Having reviewed the submissions, the Court concludes that the existing motion papers do not present the issues in a form that permits meaningful adjudication. The motion is therefore DENIED WITHOUT PREJUDICE to renewal in the manner set forth below.

This case is in an unusual posture. In the Court's September 19, 2024 decision on the motions to dismiss, the Court dismissed with prejudice all claims predicated on alleged misstatements made prior to October 2022. Because defendants Thomas Gottstein and David Mathers were not alleged to have made any misstatements after that date, that ruling effectively resulted in their dismissal from the case, which proceeded only against Credit Suisse and certain other individual defendants, and only on a narrower set of claims relating to specific post-October 2022 statements that the Court found, on a statement-by-statement basis, to have been viably pleaded as against those remaining defendants.

In December 2024 – after the Court's September 19, 2024 decision on the motions to dismiss – the Swiss Parliament released the report of its Parliamentary Investigation Committee concerning the circumstances leading to Credit Suisse's emergency merger with UBS. Plaintiff

- 1 -

says that the report, together with a certain FINMA Report, FINMA-Credit Suisse communications, and internal Credit Suisse documents that were obtained in discovery, contains information that was not available when the operative complaint was filed and supplies facts the Court previously found missing from the pleading (which resulted in the dismissal of claims as to certain statements).

Plaintiff obtained a certified English translation of the PInC Report near the end of March 2025 – that is, approximately fourteen months ago – served discovery requests concerning the report, litigated FINMA supervisory-privilege issues before Magistrate Judge Sarah L. Cave, and then received FINMA-related documents in tranches in December 2025, March 2026, and April 2026.  On May 1, 2026, Plaintiff sought leave to amend his pleading.

The proposed Second Amended Complaint would do several different things.

*First,* it would add allegations that certain statements made before October 2022 – some of which this Court previously dismissed from the case with prejudice and some of which were not previously identified as false and misleading in the amended complaint – are in fact actionable.

*Second,* because Gottstein and Mathers are alleged to have made some of the pre-October 2022 statements that Plaintiff wishes either to add to or return to the case, allowing amendment as to those statements could have the effect of adding them back into the case, even though the first amended complaint was dismissed as against them because I concluded that none of the statements attributed to them was actionable.  In other words, Plaintiff wishes to add Gottstein and Mathers back as defendants in the case.

*Third*, the proposed pleading would add or supplement allegations about allegedly false and misleading statements that were made after October 2022 by some or all of the defendants who have remained in the case – that is, defendants as to whom the amended complaint was not

- 2 -

dismissed in its entirety. Some of the allegedly false post-October 2022 statements were not previously identified as false and misleading; others were, but Plaintiff wishes to add additional factual detail showing that those statements do in fact violate federal securities laws.

Plaintiff characterizes the motion as timely and proper because the proposed amendments rely on newly obtained materials that allegedly cure previously identified pleading deficiencies and streamline the case.

Defendants oppose the motion for leave to amend on a number of grounds. They also purport to reserve the right to move to dismiss any amended pleading the Court allows pursuant to Federal Rule of Civil Procedure 12(b)(6).

The first ground asserted by Defendants is that no claims can now be asserted against Gottstein and Mathers because the Court dismissed the original claims against them with prejudice. This, they argue, effectively operated as a judgment in their favor, with consequent *res judicata* effects that cannot now be undone.

Were this the case, the proper vehicle for considering whether to bring Gottstein and Mathers back into the case would be a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). But no Rule 60(b) motion lies here because, while the Court issued a decision and order dismissing all the pleaded claims against those two defendants with prejudice, no final judgment was ever entered in their favor pursuant to Rule 54(b). Rule 54(b) expressly provides that, absent such certification, an order adjudicating fewer than all claims or the rights and liabilities of fewer than all parties "does not end the action as to any of the claims or parties" and "*may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*" Fed. R. Civ. P. 54(b) (emphasis added); *see also Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128–29 (2d Cir. 2000). This accords with the usual rule that, prior

to the entry of a final judgment, Rule 54(b) permits a district court to revisit non-final rulings, notwithstanding the law-of-the-case doctrine. *See Acha v. Beame*, 570 F.2d 57, 63 (2d Cir. 1978) ("Under the express terms of Rule 54(b) itself, such an interlocutory judgment is 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" (citation omitted)). Therefore, no rule of former adjudication prevents me from revising my earlier conclusion that no viable claims have been pleaded as against Gottstein and Mathers.

But the Court's prior dismissal of certain claims with prejudice remains the law of the case unless and until revised. And Plaintiff cannot avoid dealing with the court's prior ruling by filing a generalized motion for leave to amend. If Plaintiff wishes to revive claims previously dismissed as against Gottstein or Mathers, or add new claims naming them as defendants. Plaintiff must move under Rule 54(b) for revision of the prior interlocutory order, as well as for leave to amend pursuant to Rule 15. And in order to support such a motion, Plaintiff must explain, on a statement-by-statement and defendant-by-defendant basis, why revision is warranted, why amendment would not be futile, why the proposed additional or resurrected claims would be timely if asserted now, and why amendment would not unduly prejudice any defendant – including defendants who have been out of the case since September 2024 and have not participated in discovery or class-certification proceedings. The moving papers filed by Plaintiff do none of the above.

The PSLRA concern is relevant to the extent Plaintiff seeks to use discovery obtained after the Court's September 19, 2024 motion-to-dismiss ruling to revive claims or defendants that were dismissed with prejudice. The statute requires that a securities-fraud complaint "specify each statement alleged to have been misleading" and "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," and it stays discovery while a

motion to dismiss is pending.  15 U.S.C. § 78u-4(b)(1)–(3).  In *In re Bisys Securities Litigation*, 496 F. Supp. 2d 384, 387 (S.D.N.Y. 2007), *aff'd sub nom. Pub. Emps. Ret. Ass'n of New Mexico v. PricewaterhouseCoopers LLP*, 305 F. App'x 742 (2d Cir. 2009), Judge Rakoff confronted a similar request to add back a defendant after claims against that defendant had been dismissed with prejudice and discovery had proceeded against others.  He construed the request as one under Rule 54(b), but denied relief, explaining that reinstatement would "defeat one of the central aims of the Private Securities Litigation Reform Act of 1995," which imposed "more stringent pleading requirements and mandatory discovery stays for securities fraud class actions filed in federal court."  As *Bisys* recognized, the PSLRA "effectively shifted the burden to plaintiffs to acquire particularized knowledge of a party's scienter prior to obtaining discovery," and Congress intended securities complaints to "stand or fall based on the actual knowledge of the plaintiffs rather than information produced by defendants after the action has been filed."  *Medhekar v. United States Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996); *see also In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004) (explaining that Congress enacted the PSLRA discovery stay to prevent plaintiffs from using discovery "in the hopes of finding a sustainable claims not alleged in the complaint," and that courts assess securities-fraud allegations based on "what plaintiffs know at the time the complaint is filed, rather than what they wish to learn through discovery" (citation omitted)).

Of course, the PSLRA contains no provision forbidding amendment, and the reasoning of *Bisys* does not mean that amendment is categorically forbidden whenever new evidence emerges. But it does mean that Plaintiff must explain why the proposed amendment is not an impermissible effort to use post-pleading discovery to cure deficiencies that, under the PSLRA, had to be pleaded (and that might well have been pleaded) before discovery was obtained.

The procedural rule is not different as to the defendants who remain in the case. No final judgment has been entered as to any party or claim, and no one made any request for Rule 54(b) certification. Therefore, I am free to revisit and reconsider whether rulings previously made about particular statements allegedly made by Defendants Credit Suisse, Lehmann, Körner, and Joshi should be rescinded or revised, and claims against them either resurrected or added – in light of new evidence. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power."). If Plaintiff wishes to add (or add back) claims against these defendants, he still must move, statement by statement. If Plaintiff seeks to revive a statement or theory the Court previously dismissed with prejudice, he must explain why the Court should revise that prior ruling and why amendment would not be futile. If Plaintiff seeks to identify entirely new statements as materially false, he must address timeliness, relation back, and the PSLRA as well as the contents of the statements themselves.

A word about a matter I addressed in a short memo endorsement a few weeks ago. If Plaintiff merely seeks to add evidence to the complaint that lends additional support (which I do not consider "bolstering") to the allegation that a statement that survived the original motion to dismiss is in fact false, he must explain why amendment is necessary at all. "The purpose of amending a pleading is to assert matters that were overlooked or were unknown at the time of the original complaint or answer." *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 703 (2d Cir. 1985) (citation modified). But where the newly identified matters do not themselves give rise to new viable claims, and instead simply provide additional evidentiary detail concerning claims already in the case, amendment is unnecessary. *See S.E.C. v. Yorkville Advisors, LLC*, 2013 WL 5350658, at *1 (S.D.N.Y. Sept. 20, 2013) (denying leave to amend as unnecessary where the proposed amended complaint "does not allege any new claims or misrepresentations," but instead

- 6 -

sought "to supplement the SEC's previous claims with additional allegations of materiality and scienter" (citation omitted)).  Plaintiff will be able to use admissible evidence developed in discovery at summary judgment and trial, regardless of whether that evidence is pleaded in the complaint.  *See Scot. Air Int'l, Inc. v. Brit. Caledonian Grp., PLC*, 152 F.R.D. 18, 30–31 (S.D.N.Y. 1993) (denying leave where the "additional allegations merely reiterate and embroider the claims . . . already presented in [the] original complaint, adding little, if anything, of substance to [the] case," and where the new allegations amounted to "mere elaboration and increased verbiage concerning the same core allegations initially put forward" (citations omitted)).  The Court will not require amendment merely to permit Plaintiff to plead additional evidence supporting claims that were not dismissed out of the case – particularly where doing so would needlessly require Defendants to answer a pleading enlarged by material that does not alter the claims to be tried. Defendants, for their part, should understand that this newly acquired but unpleaded evidence will be admitted at trial if it is relevant to any live issue in the case (and it certainly appears at first blush to be relevant to falsity and to materiality).

Accordingly, any renewed motion for leave to amend by Plaintiff must include a chart organized statement by statement.  For each proposed alleged misstatement or omission, Plaintiff must identify:

1. the date, speaker, source, and exact *verbatim* quotation of the challenged statement;

2. the defendant or defendants against whom the statement is asserted;

3. whether the statement was alleged to be false or misleading in the operative complaint;

4. if the statement was alleged in the operative complaint, where it appeared in that pleading and how the Court ruled on it in the motion-to-dismiss decision;

5. if the Court dismissed claims based on the statement, the ground or grounds for dismissal and the new facts that allegedly cure the defect;

6. if the statement was not alleged in the operative complaint, why the statement is properly added now;

7. whether the proposed amendment asserts a claim against a defendant still in the case or seeks to revive claims against Gottstein or Mathers;

8. why the proposed allegation satisfies the PSLRA and Rule 9(b), including falsity, scienter, loss causation, and any safe-harbor issue;

9. if the proposed allegation relies on material obtained in discovery, why the proposed amendment is not barred by the PSLRA's requirement that securities-fraud claims be pleaded with particularity before discovery, and why Plaintiff is not simply using post-pleading discovery to cure a claim that could not be pleaded in the first instance;

10. whether the proposed claim is timely under the applicable statute of limitations and statute of repose, including 28 U.S.C. § 1658(b), and whether Plaintiff relies on relation back under Rule 15(c); and

11. why amendment would not cause undue delay or undue prejudice.

For statements that Plaintiff contends are wholly new, Plaintiff must address timeliness, relation back, and whether the claim is barred by the limitations period or statute of repose applicable to private securities-fraud claims under 28 U.S.C. § 1658(b). Section 1658(b) provides that such a claim "may be brought not later than the *earlier* of-- (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." Every alleged misstatement that Plaintiff appears to propose adding to the pleading was made more than two years before

Plaintiff filed the pending motion for leave to amend.  The five-year statute of repose is an absolute outer limit; it does not save a claim that is untimely under the two-year discovery-based limitations period.  Plaintiff must therefore explain, for each newly asserted statement, when the facts constituting the alleged violation were discovered or should have been discovered, and why the claim is timely even though Plaintiff previously alleged that false and misleading statements were made during the same general period.  Plaintiff must also explain why the alleged falsity was not discoverable earlier, given that Plaintiff previously alleged securities fraud during the same general period.

Defendants' opposition must respond in the same statement-by-statement format to all of the points listed above.  Defendants must raise all arguments as to futility – including any arguments that they planned to hold in reserve for a motion under Rule 12(b)(6), Rule 9(b), or the PSLRA.  The Court will not permit Defendants to reserve arguments that relate to the adequacy of the proposed amended pleading (and so to futility) for a later motion.  If an amendment to a pleading would be dismissed on a motion brought under one of the above-mentioned rules, then amendment was futile and should not have been allowed in the first place.  It is not my intention to permit amendment only to be confronted with arguments about why the amendment was in fact futile.  Put simply, Defendants get one bite at this apple, and they must take that bite in their opposition to Plaintiff's motion.  I will not entertain a motion to dismiss any amended pleading I allow to be filed, so arguments not raised in opposition to the renewed motion will be deemed forfeited.

The renewed motion must be filed by June 12, 2026.  Defendants' opposition must be filed by July 2, 2026.  Plaintiff's reply must be filed by July 17, 2026.  The parties must comply with

the Court's individual rules, except that the required statement-by-statement charts may be attached as exhibits and will not count against the page limit unless the Court orders otherwise.

The Clerk of Court is respectfully directed to terminate the pending motion for leave to amend, located at Docket Number 183, without prejudice to renewal.

SO ORDERED.


Dated: May 22, 2026
        New York, New York



_____
                U.S.D.J.


BY ECF TO ALL COUNSEL