CAHILL GORDON & REINDEL LLP
32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006
(202) 862-8900

221 W. 10th STREET
WILMINGTON, DE 19801
(302) 884-0000

20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800

October 20, 2026

Re: *In re Credit Suisse Securities Fraud Class Action*, Case No. 1:23-cv-05874-CM-SLC (S.D.N.Y.)

Dear Judge Cave:

We write on behalf of Defendant Credit Suisse Group AG ("CS") regarding the Court's October 19, 2026 Order (the "October 19 Order"; ECF No. 248). CS has today filed its response to Plaintiff's letter regarding the FINMA Documents, as the Court directed. *See* ECF No. 249.

With respect to the portion of Your Honor's Order concerning the submission of the FINMA Documents *in camera*, as set forth in CS's October 15, 2026 letter (*see* ECF Nos. 243, 245-1), FINMA has expressly prohibited UBS Group AG ("UBS"), as CS's successor, from making the FINMA Documents available to this Court, including for *in camera* review, as set forth in the order attached to CS's October 15 letter ("FINMA's *In Camera* Order"; *see* ECF Nos. 243-1, 245-2). UBS sought FINMA's consent to make precisely this submission, and FINMA denied that request. FINMA's *In Camera* Order ¶¶ 8, 31-32 & at 10.

In light of these conflicting obligations, and the risk of serious consequences in both Switzerland and the United States, CS intends to file later today objections to this Court's October 19, 2026 Order pursuant to Federal Rule of Civil Procedure 72(a). CS respectfully requests that the Court stay the requirement to submit the FINMA Documents for *in camera* review pending resolution of those objections.

A brief stay is warranted. The objection raises serious questions meriting Judge McMahon's review, including the significance of FINMA's *In Camera* Order, which specifically addresses and prohibits the *in camera* submission at issue (ECF No. 245-2 at 10). Indeed, the significance of the FINMA Order is underscored by the letter sent to the Court last night by the Swiss Ambassador to the United States, (ECF No. 249-2; the "Swiss Embassy Ltr."), which emphasizes the Swiss Confederation's important sovereign interest in upholding FINMA's privilege. Absent a stay, UBS would be forced either to take an irrevocable step in violation of that Order, exposing it, its governing bodies, and individual personnel to penalties and professional bans (*id.* ¶ 34), or to risk sanctions here, before the objection can be heard.

"[W]hen a litigant seeks a stay of a magistrate judge's non-dispositive order pending the resolution of Rule 72(a) objections," courts consider "four factors . . (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether it will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

parties; and (4) where the public interest lies." *Sussman Sales Co. Inc.* v. *VWR International, LLC*, 2026 WL 2720499, at *2 (S.D.N.Y. Sept. 15, 2026) (quoting *Nken* v. *Holder*, 556 U.S. 418, 434 (2009)) (internal quotation marks and other emendations omitted). Here, these factors weigh strongly in favor of granting CS a temporary stay.

***CS Will Likely Succeed on the Merits***

CS will likely succeed on the merits because it respectfully submits that the Court's October 19, 2026 Order is "clearly erroneous [and] is contrary to law" (Fed. R. Civ. P. 72(a)) insofar as the Court found that "CS . . . has provided no basis on which to conclude that CS cannot even provide the FINMA Documents to the Court for *in camera* review to determine the validity of CS's arguments for non-disclosure to Plaintiff." ECF No. 248 at 2.

CS believes, and intends to argue before Judge McMahon, that this is clear error because FINMA's *In Camera* Order is itself a sufficient explanation as to why CS cannot provide the FINMA Documents for *in camera* review without violating Swiss law. ECF No. 248. Indeed, as noted in CS's October 15, 2026 letter and as discussed further below, FINMA's *In Camera* Order expressly instructs that the documents must ***not*** be made available for *in camera* review, subject to administrative and criminal penalties if UBS does so.

CS respectfully submits that, because FINMA's *In Camera* Order carries the force of Swiss law, requiring CS to act contrary to it implicates the relevant comity factors, *i.e.*, the same factors applicable to Plaintiff's underlying motion. *See generally* ECF No. 150 at 5 (setting out the relevant factors); *see also* Swiss Embassy Ltr. (ECF No. 249-2) at 2 (an order compelling disclosure "could be seen as displacing the determination of the competent Swiss authority"). CS believes, and intends to argue before Judge McMahon, that a failure to consider these factors, or comity concerns more generally, is contrary to law, because the consideration of international comity is required before a U.S. court may order a party to violate another country's law. CS submits that the Court should have, in consideration of the principles of international comity, either (1) scheduled the teleconference CS requested to discuss potential ways to reduce or address comity concerns or (2) withdrawn its order to make the FINMA Documents available for *in camera* review and proceeded to decide Plaintiff's underlying motion based on the parties' submissions, including their arguments concerning the relevance of each document and the extent to which each document is referenced in the public reports, without reference to the FINMA Documents themselves.

In light of the above considerations, CS believes that Judge McMahon is likely to hold that the portion of the Court's October 19, 2026 Order requiring the submission of the FINMA Documents *in camera* notwithstanding FINMA's conflicting *In Camera* Order should be set aside or, alternatively, that the matter should be remanded to Your Honor for further consideration, discussion, and/or briefing.

***CS Will Suffer Irreparable Damage Absent a Stay***

As referenced above, if CS complies with the Court's October 19 Order, UBS, its governing bodies, and individuals acting on its behalf are subject to a range of Swiss law sanctions. FINMA has specifically warned of:

- "[S]upervisory measures" under the Swiss Financial Market Supervision Act ("FINMASA") against UBS or "persons acting on its behalf."[1] FINMA's *In Camera* Order (ECF No. 245-2) ¶ 34. As set forth in FINMASA, these measures can include (i) prohibiting "the person responsible [for violating a FINMA order] from acting in a management capacity at any . . . entity subject to its supervision . . . for a period of up to five years" (FINMASA Art. 33; ECF No. 151-1 at 14); (ii) prohibiting employees of a supervised entity from temporarily or permanently "trading in financial instruments" or "acting as a client adviser" (FINMASA Art. 33a; ECF No. 151-1 at 14); and/or the revocation of the license of a supervised person or entity, which means that "the supervised person or entity loses its right to carry out its activity" (FINMASA Art. 37, ECF No. 151-1 at 15).

- Criminal sanctions under FINMASA Art. 48, which imposes a criminal fine "of up to 100,000 francs" for failing to "comply with a legally enforceable ruling issue by FINMA containing notice of the penalties under this Article." ECF No. 151-1 at 26; *see also* FINMA's *In Camera* Order (ECF No. 245-2) & at 10 (UBS "and its governing bodies are subject to the penalty provided for in Art. 48").

- Criminal sanctions under Article 271 of the Swiss Criminal Code, "under which it is a criminal offence for a person to perform acts on Swiss territory on behalf of a foreign state—without appropriate authorization—that are reserved for a Swiss authority or a Swiss public official." FINMA's *In Camera* Order (ECF No. 245-2) ¶ 26. The Swiss Government has now confirmed that such violations are "punishable by imprisonment of up to three years or a monetary penalty." Swiss Embassy Ltr. (ECF No. 249-2) at 2.[2]

Courts have long recognized that such exposure, including of individual employees, carries significant weight. *See, e.g.*, *Société Internationale Pour Participations Industrielles et Commerciales, S.A.* v. *Rogers*, 357 U.S. 197, 211 (1958) ("fear of criminal prosecution constitutes a weighty excuse for nonproduction"); *Linde* v. *Arab Bank, PLC*, 2009 WL 8691096, at *3

---

[1] CS filed a full English translation of FINMASA in connection with its opposition to Plaintiff's September 2025 motion to compel. *See* ECF No. 151-1. FINMA refers to FINMASA in its *In Camera* Order as "FINMAG."

[2] *See also* ECF No. 151 ¶¶ 48-51 (CS's Swiss-law expert declaration filed with its opposition to Plaintiff's September 2025 motion discusses these and other potential administrative and criminal sanctions).

(E.D.N.Y. June 1, 2009) (bank "face[d] a difficult choice" where disclosure would "expose not only the Bank, but its employees, to criminal sanctions"); *CE International Resources Holdings, LLC* v. *S.A. Minerals Ltd. Partnership*, 2013 WL 2661037, at *16 (S.D.N.Y. June 12, 2013) (denying plaintiff's motion to compel disclosure from a non-party because, *inter alia*, "compelling disclosure would put non-party [entity] or its employees at risk of criminal sanctions, and because Singapore plainly has made bank secrecy a priority and a key to its success in the global financial market").

Thus, this factor weighs very strongly in favor of a stay. Indeed, even if CS was not likely to succeed on the merits of its Rule 72(a) objections—it is, for the reasons discussed above—a stay would be warranted given the seriousness of the consequences in the absence of a stay. *See, e.g.*, *In re Vargas*, 2026 WL 1949026, at *6 (Bankr. S.D.N.Y. July 6, 2026) (granting a limited stay pending appeal even where there was not a likelihood of success on the merits in light of, *inter alia*, significant risk of irreparable harm); *Sutherland* v. *Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) ("[T]he test contemplates that a movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal" if, as here, "irreparable harm" and the "balance of hardships tips decidedly in favor of the moving party") (internal quotation marks omitted); *Mohammed* v. *Reno*, 309 F.3d 95, 101 (2d Cir. 2002) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.") (internal quotation marks and brackets omitted).

***Plaintiff Will Not Be Harmed by a Stay***

Because CS anticipates objecting only to the portion of the Court's October 19 Order concerning CS's *in camera* submission of documents, Plaintiff will not be harmed in any way since he would not have access to the FINMA Documents through that process under any scenario. Moreover, the current dispute concerns only 29 documents. CS has already produced tens of thousands of documents to Plaintiff and anticipates producing many thousands more. There are no pending depositions or other matters for which Plaintiff urgently needs the FINMA Documents themselves.

***The Public Interest Supports a Stay***

Finally, the public interest strongly supports a stay because the Court's October 19 Order would require CS to violate a binding order of a foreign regulator. In other words, the comity interests discussed above also support this prong of the stay standard.

Indeed, last night the Swiss Confederation, through its Ambassador to the United States, wrote to Your Honor to confirm that, while it "takes no position on [the] merits," Switzerland has "an important sovereign interest" in upholding FINMA's privilege, and that "[a]ny disclosure of documents or information over which FINMA has asserted supervisor[y] privilege would both violate Swiss law and undermine Swiss policy." Swiss Embassy Ltr. (ECF No. 249-2) at 1-2.

Courts "should . . . demonstrate due respect . . . for any sovereign interest expressed by a foreign state." *Société Nationale Industrielle Aérospatiale* v. *United States District Court for the Southern District of Iowa*, 482 U.S. 522, 546 (1987).

* * *

For the foregoing reasons, CS respectfully requests that the Court stay the portion of its October 19 Order requiring CS to make the FINMA Documents available to the Court *in camera* by October 20, 2026, pending resolution of CS's forthcoming Rule 72(a) objections to be filed with the District Court later today.

CS appreciates the Court's attention to this issue and regrets that conflicting legal obligations have brought the matter to this point.

Respectfully submitted,

**CAHILL GORDON & REINDEL LLP**

By: /s/ Jason M. Hall
Herbert S. Washer
Jason M. Hall
Edward N. Moss
Tammy L. Roy
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
emoss@cahill.com
troy@cahill.com
nmatuschak@cahill.com

*Counsel for Defendant Credit Suisse Group AG*

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street, Room 18A
New York, New York 10007

**VIA ECF**

cc: All Counsel of Record