USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

In re: CREDIT SUISSE SECURITIES
FRAUD CLASS ACTIONS

This matter relates to 23 Civ. 5874 (CM)(SLC)

*Diabat*

---------------------------------------------x

MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; FOR RECONSIDERATION OF THE MOTION TO DISMISS ORDER TO REINSTATE THE CLAIM THAT THE MAY 31, 2022 CAPITAL RAISE STATEMENT WAS FALSE; AND FOR RECONSIDERATION OF THE MOTION TO DISMISS ORDER TO THE EXTENT THAT IT DISMISSED WITH PREJUDICE CLAIMS AGAINST MATHERS AND GOTTSTEIN WITH RESPECT TO FOUR STATEMENTS

McMahon, J.:

With apologies to the parties for the fact that it has taken so long for me to turn to this motion, which was made back in June: having reviewed the papers, I conclude that the Plaintiff has done absolutely everything I asked of him when I denied the original motion for leave to amend without prejudice to renewal. And I am not persuaded by any of the arguments against the proposed amendment propounded by Defendants. I see no reason to delay resolution of this matter further by drafting a prolix opinion, or one that would have to be filed at least in part under seal. So:

For substantially the reasons set forth in Plaintiff's Memorandum in Support of the Motion of Ali Diabat for Leave to File a Second Amended Complaint (Dkt. #199), the motion for leave to amend is GRANTED. I specifically find that the motion for leave to amend was timely made; that the proposed amendments would not be futile; that neither the statute of limitations nor the statute of repose bars the Plaintiff from pleading that these statements were false and misleading when made; that the Proposed Second Amended Complaint adequately pleads all elements of a viable securities fraud claim as to the Proposed Additional Statements, including falsity, materiality, scienter and loss causation; that any suggestion that the use of information uncovered in discovery to seek leave to amend violates the Private Securities Litigation Reform Act (PSLRA) is without merit; and that the Defendant Credit Suisse would not be unduly or unfairly prejudiced by allowing the Proposed Second Amended Complaint to be filed.

Because evidence that was not available to the Plaintiff prior to the Court's decision on the motion to dismiss warrants the Court's reconsideration of its previous dismissal of the allegation that Credit Suisse's May 31, 2022 Capital Raise Denial was false, Plaintiff's motion for reconsideration of that aspect of the Court's decision on the motion to dismiss (Dkt. #109) is GRANTED. The Court hereby deems the allegation that the May 31, 2022 Capital Raise Denial was false to be actionable. Accordingly, I reverse so much of the decision at Dkt. #109 as deemed that statement not to be actionable.

Finally, Plaintiff's motion for reconsideration of the dismissal of all claims against Gottstein and Mathers is GRANTED – again, on the basis of newly discovered evidence – and the three claims identified in the moving Memorandum of Law as relating to Proposed Statements 4, 5, 6, and 7, which I am allowing to proceed against Credit Suisse, may also proceed against Gottstein and Mathers. Frankly, it makes no sense to rule otherwise; had these statements been pleaded originally I would not have dismissed them against the individual defendants. I specifically find that the proposed pleading is adequate in all respects and that neither Gottstein nor Mathers would be unduly prejudiced by allowing the claim relating to the alleged falsity of these four Proposed Statements to be pleaded against them as well as against the corporate defendant. This decision does not revive claims against Gottstein and Mathers with respect to any other statements, which claims were previously dismissed with prejudice and remain dismissed with prejudice.

Answers to the Second Amended Complaint must be filed by December 1, 2026.

I would like to get some idea of when to expect an amended motion for class certification (assuming one is coming, unless, of course, the Defendants consent to the Plaintiff's proposed amended definition of the class). I would also like to know how quickly the parties anticipate proceeding to depositions. It is my understanding that the issues relating to the production of documents from FINMA, in relation to the PInC Report and otherwise, have been resolved, and that the production is complete, or substantially complete. This means we should be ready to finalize class certification and proceed to depositions on a fairly expeditious basis. I intend for this case to be ready for trial by the end of 2027, and for it to be tried in early 2028.

This constitutes the written decision and order of the Court.

Dated: November 12, 2026

U.S.D.J.

BY ECF TO ALL COUNSEL
BY EMAIL TO MAGISTRATE JUDGE CAVE