KSF
KAHN SWICK & FOTI, LLC

1100 Poydras Street, Suite 960
New Orleans, LA 70163

TEL +1 504.455.1400
FAX +1 504.455.1498
KSFcounsel.com

**NEW ORLEANS**
NEW YORK
DELAWARE
LOS ANGELES
CHICAGO
LUXEMBOURG*

November 20, 2026

**VIA ECF**

Craig J. Geraci, Jr.
Partner – Admitted in LA, MS, AL, TX
Direct: (504) 648-0178
craig.geraci@ksfcounsel.com

The Honorable Colleen McMahon
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re Credit Suisse Securities Fraud Class Actions*, Case No. 1:23-cv-05874-CM-SLC (S.D.N.Y.) (This matter relates to: *Diabat*)

Dear Judge McMahon:

We write jointly on behalf of Lead Plaintiff Ali Diabat ("Plaintiff") and Defendant Credit Suisse Group AG ("CS"). This letter provides the parties' responses to the questions in Your Honor's November 12, 2026 Order (ECF No. 259, the "Order").[1]

Class Certification. In the Order, Your Honor indicated you "would like to get some idea of when to expect an amended motion for class certification." Order at 2. If acceptable to the Court, Plaintiff will file his amended motion for class certification no later than **December 31, 2026**, Defendants will file their response thereto no later than **January 14, 2027**, and Plaintiff will file his reply, if any, no later than **January 28, 2027**. Plaintiff has invited Defendants to consent to Plaintiff's amended class definition or to narrow the issues it intends to contest. Defendants currently anticipate opposing the motion, including to ensure that appellate rights are preserved, but will streamline their arguments to the maximum extent possible to avoid any duplication of arguments the Court has already considered and addressed.

The FINMA Documents. Plaintiff's motion to compel the production of certain FINMA communications, filed September 22, 2025, was fully submitted before Judge Cave following supplemental briefing on October 21, 2026, and is currently pending. At Judge Cave's direction, further FINMA-related motion practice, if any, will await her ruling on the current motion, which ruling may clarify for the parties Judge Cave's view of the privilege issues and thus resolve or narrow any remaining disputes. *See* Sept. 24, 2026 Tr. at 13:11-14:6 (ECF No. 238).

[1] Counsel for Plaintiff Core Capital has asked Plaintiff to bring to the Court's attention that a motion to amend substantively identical to the one granted in the November 12, 2026 Order is fully briefed and pending in that action. *See Core Capital Partners, Ltd. v. Credit Suisse Grp. AG*, No. 23-cv-9287-CM, ECF Nos. 65-71. Because *Core Capital* is consolidated with this action for discovery, how the Court rules on that motion will also directly affect the deposition timeline. If the motion is granted, it will affect when class certification is briefed in *Core Capital* as well.

K S F
KAHN SWICK & FOTI, LLC

Plaintiff believes CS's Swiss-based documents, and particularly the FINMA documents, are likely to be among the most important in the case,[2] and because Plaintiff believes many relevant CS personnel reside in Europe, Plaintiff wishes to avoid deposing those witnesses without these documents—or the need to seek to depose them twice. The parties expect the pending FINMA motion, and any follow-on motion practice or further processes, will be resolved in parallel with the ongoing document production described below such that depositions can proceed when that document production is complete.

Depositions. Plaintiff will be prepared to begin depositions of CS's witnesses no later than one month after CS substantially completes its Swiss-based production. The pivotal issue that bears on that timing is when CS will substantially complete its document production. CS is producing documents in two stages: first from U.S. servers, then from Swiss servers. To date, CS has produced approximately 125,000 documents from the U.S. and about 1,200 from Switzerland. With respect to the Swiss-based portion of CS's document review, the parties' current agreement is that this review will be conducted via TAR review over a total review universe of over 1,400,000 documents. The parties' current agreement also permits CS to conduct a review in Switzerland to redact certain information implicated by Swiss bank secrecy, data privacy, or similar laws, such as information concerning non-party clients or customers of CS. As such, this review is taking longer than CS's review of U.S.-based documents, and CS does not believe it would be possible, even by adding substantial resources to the review, to review and produce all of the documents currently contemplated by the parties' agreement by the end of this year or early next year.

Recognizing the Court's preference to complete discovery as soon as possible, CS has taken steps to determine what is reasonably possible and can agree to an **April 30, 2027** substantial completion deadline for the Swiss portion of its ESI review and productions. Plaintiff would then anticipate beginning depositions of CS witnesses within a month of substantial completion, i.e., by no later than approximately **May 28, 2027**. The parties intend to engage in further discussions concerning the scope of remaining discovery to allow CS to meet this date while still ensuring that Plaintiff has an opportunity to obtain the documents needed to prove his case. The parties have conferred extensively, and CS has informed Plaintiff that it believes this is the shortest schedule on which the remaining discovery can realistically be completed, even with extraordinary resources devoted by both sides, given the volume of material at issue, the number of parties and third parties involved, and the complexities added by foreign law requirements. Plaintiff does not oppose a longer schedule if the Court is inclined to adopt one. Plaintiff's main concern is that if CS's substantial completion slips, or if the Court will not allow a longer time frame for discovery than contemplated in the Order, the time available for Plaintiff to take depositions will be unreasonably compressed. If the Court maintains the schedule contemplated in the Order, Plaintiff believes CS's substantial completion deadline would need to be sooner than April 30, 2027, to leave sufficient time to adequately take depositions and be trial ready by the end of 2027.

[2] As CS has stated in other filings, CS disagrees with Plaintiff's view of the importance of the FINMA documents.

KSF
KAHN SWICK & FOTI, LLC

In the interim, the parties are moving forward with remaining discovery on multiple fronts, including letters rogatory, additional third-party subpoenas, and, where feasible, will proceed with depositions of U.S.-based witnesses, if any, whose testimony is not dependent on the FINMA or Swiss-based documents.

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

By: */s/ Craig J. Geraci, Jr.*
Kim E. Miller (KM-6996)
J. Ryan Lopatka (admitted *pro hac vice*)
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3732
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com
Email: j.lopatka@ksfcounsel.com

-and-

Craig J. Geraci, Jr. (admitted *pro hac vice*)
Matthew P. Woodard (admitted *pro hac vice*)
Jyoti Kehl (admitted *pro hac vice*)
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: craig.geraci@ksfcounsel.com
Email: matthew.woodard@ksfcounsel.com
Email: jyoti.kehl@ksfcounsel.com

*Counsel for Lead Plaintiff Ali Diabat and Lead Counsel for the Class*

**CAHILL GORDON & REINDEL LLP**

By: */s/ Jason M. Hall*
Herbert S. Washer
Jason M. Hall
Edward N. Moss
Tammy L. Roy
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
(212) 701-3000
hwasher@cahill.com
jhall@cahill.com
emoss@cahill.com
troy@cahill.com
nmatuschak@cahill.com

*Counsel for Defendant Credit Suisse Group AG*

cc: All counsel of record (via ECF)